Benjamin P Cannon
Attorney in Propia Persona
1083 Vine St #215
Healdsburg, CA 95448
Ben@geovario.com

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP CANNON, an individual, | Case No: |
| Plaintiff, | **COMPLAINT,** |
| vs. | **REQUEST FOR RELIEF,** |
| | **AND DEMAND FOR JURY TRIAL** |
| CITY OF PETALUMA, a municipal entity, | 42 U.S.C. §§ 1983, 1988 |
| COUNTY OF SONOMA, a municipal entity, | |
| CITY OF SONOMA, a municipal entity, | |
| PETALUMA POLICE DEPARTMENT, | |
| SONOMA POLICE DEPARTMENT, | |
| SONOMA COUNTY SHERRIF'S | |
| DEPARTMENT, SONOMA COUNTY | |
| DISTRICT ATTORNEY'S OFFICE. | |
| | |
| DAN FISH, | |
| BILL COGBILL, JIM NAUGLE, CHRIS | |
| SPALLINO | |
| | |
| JAMES CASEY, STEPHEN PASSALACQUA. | |
| | |
| SORINNE ARDELANU, BRAD JOHNSON, | |
| CHRISTINE BARNETT individuals. | |
| THE SONOMA SUN, a newspaper. | |
| | |
| DOES 1-10, individuals or municipalities. | |

1  Defendants.

2

3

4

5

6  **COMPLAINT**

7  COME NOW Plaintiff, BENJAMIN PHILIP CANNON, by and through their

8  undersigned counsel, requests a jury trial and complains of Defendants as follows:

9

10  **THE PARTIES**

11  1.  Plaintiff BENJAMIN PHILIP CANNON is a natural person and a citizen and at all times

12  relevant was a resident of the City of Petaluma, County of Sonoma, State of California, and a

13  citizen of the United States of America.

14  2.  Defendant CITY OF PETALUMA is, at all times relevant, a municipality duly organized

15  under the laws of the State of California.  At all relevant times, the DEFENDANT

16  PETALUMA POLICE DEPARTMENT was a branch or agency of the City.

17  3.  Defendant CITY OF SONOMA is, at all times relevant, a municipality duly organized under

18  the laws of the State of California.  At all relevant times, the Defendant SONOMA POLICE

19  DEPARTMENT was a branch or agency of the City.

20  4.  Defendant COUNTY OF SONOMA is, at all times relevant, a municipality duly organized

21  under the laws of the State of California.  At all relevant times, the Defendant SONOMA

22  COUNTY SHERRIFF'S DEPARTMENT and SONOMA COUNTY DISTRICT

23  ATTORNEY'S OFFICE branches or agents of the County.

24  5.  Defendant DAN FISH is the Chief of Police for the City of Petaluma, and as such, he is

25  responsible for formulating, executing, and administering the City of Petaluma's laws,

26  customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws,

27  customs, and practices against plaintiff, and is in fact presently enforcing the challenged

28  laws, customs, and practices against Plaintiff.  Defendant FISH is sued in both his individual

and official capacities.

6. Defendant BILL COGBILL is the Sherriff for the county of County of Sonoma, and as such, he is responsible for formulating, executing, and administering the County of Sonoma's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiff.  Defendant COGBILL is sued in both his individual and official capacities.

7. Defendant JAMES NAUGLE, is a Detective with the County of Sonoma's Sherriff's Department, and as such, he is responsible for executing and administering the County of Sonoma's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant NAUGLE is sued in both his individual and official capacities.

8. Defendant CHRIS SPALLINO, is a Lieutenant with the County of Sonoma's Sherriff's Department, and as such, he is responsible for executing and administering the County of Sonoma's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant SPALLINO is sued in both his individual and official capacities.

9. Defendant JAMES CASEY, is a Deputy District Attorney with the County of Sonoma, and as such, he is responsible for executing and administering the County of  laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant CASEY is sued in both his individual and official capacities.

10. Defendant STEPHEN PASSALACQUA, is the District Attorney with the County of Sonoma, and as such, he is responsible for executing and administering the County of  laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws,

customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant PASSALACQUA is sued in both his individual and official capacities.

11. Defendants SORINNE ARDELANU, BRAD JOHNSON, and CHRISTINE BARNETT were agents, servants and employees of each other, or of the other named Defendants, and were acting at all times with full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants and each of the Defendants had approved or ratified the actions of the other Defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

12. These Defendants, and DOES 1-10, were agents, servants and employees of each other, of the other named Defendants, and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants and each of the Defendants had approved or ratified the actions of the other Defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

14. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

### STATEMENT OF FACTS

15. Defendant SORINNE ARDELANU works or worked for the owner of Cannon's primary business competitor, and was previously attempting to contact Cannon regarding his business. (see Exhibit "A" Facebook Messages.)  Later, Defendant attempted to destroy evidence of these contacts by changing her profile name and then deleting and re-creating her Facebook account.

16. On or about February 8, 2010, Defendant Petaluma Police Department circulated a memo

accusing Cannon of being a Police Impersonator.  ARDELANU, in collaboration with Defendant BRAD JOHNSON, and Defendant UNIDENTIFIED OFFICER obtained and distributed that memo to all of Cannon's Facebook friends, despite being advised that it was untrue.  Defendants later admitted in email to Canon's counsel Art Chambers to illegally accessing law enforcement records to do this and to 'run background checks', as well as colluding with Defendant JIM NAUGLE of the Sonoma County Sheriff's Department.

17. On or about February 12, 2010, Cannon was traveling in his vehicle when he was stopped by Defendant(s) UNIDENTIFIED SHERRIF'S DEPUTIES 1 and 2.  Defendant was immediately arrested for "PC236" and told nothing further while PETALUMA POLICE DEPARTMENT and SONOMA COUNTY SHERRIF'S DEPARTMENT searched his automobiles and residence.  Nothing found in the searches was present in the Complaint.

18. Defendant was transported to Sonoma County Sheriff's Office, where he was interrogated.  Cannon advised the officers that he "Wanted a letter of apology, this arrest canceled, my record expunged, and to be released immediately.  Failing that, I wish to speak with my attorney."

19. Despite Cannon's profession of innocence, and his possession of evidence exonerating him, NAUGLE transported Cannon to the Jail where he Cannon was booked and charged with Violation of Penal Code section 236.  Cannon was requited to post $10,000 Bail.

20. Cannon's attorney Art Chambers immediately contacted Sonoma County Sheriff's deputies and requested to view all evidence in the case.  During the meeting, Deputies deliberately and knowingly withheld the phone records exonerating Cannon.

21. On or about April 14, 2010, as part of an Affirmative Defense, Cannon obtained a copy of the complaint that included a date of the alleged incident, and Chambers attempted to Subpoena his phone records, which would prove he was in Sacramento at the time.  AT&T informed Chambers that the records had already been delivered via sealed confidential court order to Sonoma County Sherriff.

22. Defendants' prosecuted Cannon, and Cannon subpoenaed' witnesses, provided the phone records exonerating himself, as well as signed credit card charge receipts proving he was in

Sacramento.

23. NAUGLE admitted over the phone to Chambers that he knowingly possessed and withheld the phone records, stating that they only proved Cannons' phone was in Sacramento. However, when asked what NAUGLE did with his duty to investigate further, NAUGLE admitted he did nothing.   When asked why he did not turn over the evidence exonerating Cannon as exculpatory as was his duty, he said nothing.

24. On or about March 16, 2010 Charges against Mr. Cannon were dismissed.

25. Cannon filed for and obtained a Factual Finding of Innocence. (see **Exhibit "D" Factual Innocence.**)

26. On or about February 4, 2010, which is the date of the complaint against Cannon, Cannon received a letter of termination of his corporate bank accounts from Comerica Bank.  These accounts have not been restored despite the factual finding.

27. Defendant JAMES PATRICK CASEY of the District Attorney's office, not only knowingly prosecuted Cannon despite the presence of evidence exonerating him, but further proceeded to oppose his factual finding even after the evidence and proof of it's concealment was entered into the record by Plaintiff and Plaintiff's witnesses.

28. At all times material hereto, Defendants were acting under the color of state law.

29. At all times material hereto, the officers were acting as police officers for the Petaluma Police Department, the Sonoma Police Department, and the Sonoma County Sherriff's office, the Sonoma County District Attorney's office, the City of Petaluma, the City of Sonoma, and the County of Sonoma.

30. At all times material hereto, Defendants were acting in concert with each other.

31. As a direct result of Defendants' conduct, Cannon incurred legal fees and costs and lost pre-existing contractual business opportunities with Gunbroker.com, his stock offering, and other investors.

32. Defendants were made aware of (or were already aware of) Cannon' business opportunities, but failed to resolve the underlying false arrest arrest in a timely manner, causing Cannon to lose his opportunities with Gunbroker.com, his stock offering, and other investors.

33. On or about February 13, 2010, without opportunity to comment, and in a clear attempt to destroy Cannon's reputation, personal life, and business, Defendant CHRIS SPALLINO published a press release (See **EXHIBIT "A" Press Release**) engineered to express and imply Cannon's guilt, including publishing his home address.  Over 50 press agencies picked up the story, and Defendant SONOMA SUN published it as factual (See **Exhibit "B" Sonoma Sun Release.**) and failed to publish a retraction even after Chambers notified them in email of the factual innocence.

34. Due to the false arrest, Cannon was forced to resign from his position as Treasurer of The Calguns Foundation, a 501(c)3 nonprofit corporation dedicated to civil rights and education.

35. Due to the publishing of his home address, and Defendant's actions and threats, Cannon's residence became unsafe and he was forced to move.  (See **Exhibit "C" Threats**.)

36. Due to the false arrest, the delay in determining whether to file any charges, and the delay in issuing a factual finding of innocence, Cannon lost his contract with gunbroker.com and other investors, nearly resulting in the near total collapse of his business.

**COUNTS I – IV**
**Unlawful Arrest, Unreasonable Search and Seizure, Malicious Prosecution, Conspiracy Against All Defendants.**
**Brought under 42 U.S.C. §1983**

37. Paragraphs 1 through 36 are incorporated as though fully stated herein.

38. During the encounter with Plaintiff, and without probable cause, Defendants seized Plaintiff, searched Plaintiff, handcuffed him, disarmed him, harassed him, transported him to the Sonoma County Jail, and held him until Cannon paid his bail.

39. During the encounter with Plaintiff, Defendants searched Plaintiff without reasonable suspicion of a crime having taken place and without probable cause to justify the search or seizure.

40. Defendants deliberately and knowingly conspired to withhold evidence proving Plaintiff's innocence, with the intent to harm Plaintiff and his business.

41. Defendants deliberately and knowingly conspired to prosecute Plaintiff, even knowing or being informed he was innocent.

42. Defendants conspired to distribute a press release engineered to destroy Plaintiff's reputation, business, and home life.

43. Defendants' actions during the encounter violated Plaintiff's rights protected by the United States Constitution, including the First, Fourth, Eighth, and Fourteenth Amendments.

44. Defendants' actions during the encounter violated Plaintiff's rights, including those protected by Article 1, Sections 1, 2, and 13 of the California Constitution.

45. As a direct and proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be proven at trial. Furthermore, because Defendants' conduct was undertaken in bad faith and with fraud, malice, and oppression, Plaintiff is entitled to punitive damages.

**COUNT V**
**Defamation Per Se Against All Defendants**

46. Paragraphs 1 through 36 are incorporated as though fully stated herein.

47. The Defendants have made and endorsed the making of statements that Benjamin Cannon committed the crimes alleged.  These statements are false and defamatory *per se*.

48. The Defendants' statements harmed Plaintiff's reputation in the public, excited derogatory opinions against him, and caused the public and others to hold Plaintiff in contempt.  They also impute the commission of a crime and call into question Cannon's fitness to perform his business, and profession.  Cannon was forced to move as a result of these statements.

49. Defendants statements were made to reporters, law enforcement agencies, newspapers and other public outlets and wire services (among other places and persons).  These statements were not privileged in any way.

50. Given cannon's Factual Innocence, and given a judge's determination that evidence exonerating him was deliberately withheld, Defendants issues these statements with actual

knowledge that such statements were false and in reckless disregard for their falsity.  In either case, Defendants issued these statements intending to harm Plaintiff.

51. Defendants' actions during the encounter violated Plaintiff's rights protected by the United States Constitution, including the First, Fourth, Eighth, and Fourteenth Amendments.

52. Defendants' actions during the encounter violated Plaintiff's rights, including those protected by Article 1, Sections 1, 2, and 13 of the California Constitution.

53. As a direct and proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be proven at trial. Furthermore, because Defendants' conduct was undertaken in bad faith and with fraud, malice, and oppression, Plaintiff is entitled to punitive damages.


## PRAYER

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. Declaratory relief consistent with the injunction, including a declaration that Defendants violated Plaintiff's Constitutional rights, including his First, Fourth, Eighth, and Fourteenth Amendment rights, by detaining him and seizing his person and his firearms without probable cause to believe that he had committed a crime;

2. General and special damages in an amount to be proven at trial;

3. Presumed damages based on, among other things, harm to Plaintiff's reputation, business, stock offering and price, emotional health, pain and suffering, and personal life;

4. Putative damages;

5. Award Plaintiff costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988; and

6. Any other further relief as the Court deems just and appropriate to protect the peaceable exercise or enjoyment of the right or rights secured.

Date: February 11, 2011                    Respectfully submitted,


                                           Benjamin P Cannon
                                           Attorney In Propia Persona
                                           1083 Vine St #215
                                           Healdsburg, CA 95448
                                           Email: Ben@geovario.com


                                           By: _____
                                           Benjamin P Cannon,
                                           Attorneys for Plaintiff

1

## EXHIBIT "A" Press Release

2

3   ***Petaluma man arrested for impersonating officer***
    *Saturday, February 13, 2010*

4
    *PETALUMA, CA -- A Petaluma man was arrested Thursday on suspicion of impersonating a*
5   *police officer after he allegedly pulled over a female driver near Sonoma, the Sonoma*
    *County Sheriff's Office said.*

6
    *The 22-year-old woman was driving on Napa Road around 11 p.m. Feb. 2 when she was*
7   *pulled over by an unmarked vehicle with a red light, Lt. Chris Spallino said.*

8   *A man not wearing a uniform then flashed what appeared to be a badge and asked her for*
    *identification, Spallino said.*

9
10  *The woman became uncomfortable and asked the man to have a marked vehicle respond.*
    *The man then became uncomfortable and drove away and the woman called police, Spallino*
11  *said.*

12  *Detectives from the sheriff's office's violent crimes unit identified 29-year-old **Benjamin***
    ***Philip Cannon** as a suspect. After the woman identified him as the man who pulled her*
13  *over, Cannon was placed under surveillance, Spallino said.*

14  *Cannon was arrested Thursday at his residence in the 1100 block of East Sunnyslope Road*
    *for impersonating a police officer and false imprisonment, Spallino said.*
15
    *Detectives seized Cannon's silver 2001 BMW and found a police scanner, strobe light,*
16  *handcuffs and a siren inside, Spallino said. Cannon was booked into the Sonoma County jail*
    *and has since posted $10,000 bail.*
17
    *Spallino said the woman's request for a marked car may have deterred the suspect and*
18  *prevented a more serious incident. He said motorists in a similar situation should consider*
    *acknowledging the police vehicle and pull over in a safe location.*
19
    *Anyone who may have has a similar encounter is asked to call detective James Naugle at*
20  *(707) 565-2185.*

21

22

23

24

25

26

27

28

1

**Exhibit "B" Sonoma Sun Release and emails.**

2

http://3hmm.com/thesun/?p=15914

News | February 18, 2010

3

**Fake cop busted for false imprisonment**

Staff Report

4

5

**A man who terrified a female driver by impersonating a police officer was arrested last week on charges including false imprisonment.** Benjamin Cannon, 29, of Petaluma, was identified by the 22-year-old victim as the man who subjected her to a late-night ordeal just east of Sonoma.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit "C" Threats**

Brad Johnson. February 12, 2010 at 1:58pm Report

I don't believe we've been formerly introduced but I thought now would be an appropriate time to say hello.

As you may know, I'm Sorinne's boyfriend. I normally don't get involved in her relationships with others in her life, she's her own person, but I'm a bit concerned about some of the things I've heard you purportedly say about her. Now, I'm not going to start throwing around threats and/or begin insulting you but I'm aware of the situation surrounding your recent run in with the law on 1/28.

I'm writing to either a) give you the opportunity to explain yourself and justify the threats you've levied against her or b) to serve notice that I will not stand by and let you drag her name through the mud for the actions you've taken.

If you'd like to discuss this either via phone or face to face, let me know and we'll make arrangements.

Regards,

Brad

**Ben Cannon** February 12, 2010 at 2:50pm

Brad – I have absolutely no ill will towards you or Sorinne, however I have served her with a Cease and Desist after she began emailing friends of mine with some very serious and unfounded accusations. Please consider that to apply to you as well.

I find the tone and content of your message threatening and feel it best for you to communicate through my attorney:

Allyson M Glasscock
Glasscock, Glasscock, and Mullins
260 White Cap Lane
Newport Coast, CA 92657
949.689.9228

I have absolutely no interest in meting you or Sorinne "face to face" – and will regard any attempt to do so as a threat to my safety. Indeed I have no wish for any contact of any sort from either of you, ever again.

Sincerely,
Benjamin P Cannon.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "D" Factual Innocence**

(this page intentionally  left blank)

Arthur Chambers, SBN: 53282
2095 Van Ness Avenue
San Francisco, CA 94109
(415) 775-2144

Attorney for Defendant Benjamin Cannon

ENDORSED
FILED

MAY 18 2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

THE PEOPLE OF THE STATE OF
CALIFORNIA

    Plaintiffs,

v.

BENJAMIN CANNON,

    Defendant.

_____/

Case No. SCR578412

ORDER ON PETITION FOR FINDING
OF FACTUAL INNOCENCE

DATE: April 19th, 2010

TIME: 1:30 pm

DEPT: 9

    This matter came upon Calendar pursuant to noticed motion and serve thereon pursuant to statute, and a transfer from Department 4 of the above entitled court. Arthur Chambers appeared on behalf of moving party, Benjamin Cannon, and James Casey appeared on behalf of the People.

    The court, after considering the evidence, and the oral argument presented, and find good cause, finds:

    1. The motion for a factual finding of innocence by defendant Benjamin Cannon is granted.

    2. The law enforcement agency (Sheriff of Sonoma County) and the department of justice are to request the destruction of any records of the arrest which they have given to any local, state, or federal agency, person or entity.

//

ORDER ON PETITION FOR FACTUAL FINDING OF INNOCENCE OF DEFENDANT

1  Dated:

2      **MAY 1 8 2010**

3

4                    _____
                     Renee Chouteau, Judge of
                     the Superior Court of the State of California
5                    Judge of the Superior Court

6  Approved as to form:

7

8

9  _____
   James Casey, Deputy District Attorney
   County of Sonoma

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON PETITION FOR FACTUAL FINDING OF INNOCENCE OF DEFENDANT

1

## PROOF OF SERVICE

2     I am a resident of the United States. My business address is 2095 Van Ness Ave., San
Francisco, CA 94109. I am employed in the County of San Francisco where this service occurs.
3     I am over the age of 18 years and not a party to the within action.

4     On the date set forth below, following ordinary business practice, I served the foregoing
document(s) described as:

5

6     [PROPOSED] ORDER ON PETITION FOR FINDING OF FACTUAL INNOCENCE

7

8     to the following partie(s):

9     James Patrick Casey, Esq.
District Attorney, County of Sonoma
10    600 Administration Dr., Room 212-J
Santa Rosa, CA 95403
11    Fax No. 707-565-2762

12

13    []     **(BY MAIL):** Enclosed in a sealed envelope.  I caused such envelope(s) with postage
thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

14

15    [X]    **(BY FACSIMILE) C.C.P. § 1013(e):** I transmitted a true and correct copy by facsimile
to the number indicated above.

16    []     **(BY PERSONAL SERVICE):**  I caused such envelopes to be delivered by hand this
date to the offices fo the addressee(s).

17

18    [ ]    **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an
overnight delivery carrier with delivery fees provided for, addressed to the person(s) on
whom it is to be served.

19

20    [X]    **(STATE):** I declare under penalty of perjury under the laws of the State of California that
the forgoing is true and correct.

21

22    [ ]    **(FEDERAL):** I declare that I am employed in the office for a member of the Bar of this
Court at whose direction the service was made.

23

24    Executed on April 20, 2010 at San Francisco, California.

25

26    _Maria Chung_

27    Maria Chung
Assistant to ARTHUR C. CHAMBERS

28

■

Proof of Service