BRUCE D. GOLDSTEIN #135970
County Counsel
ANNE L. KECK #136315
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Facsimile:  (707) 565-2624
E-mail: akeck@sonoma-county.org

RICHARD W. OSMAN, #167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
E-mail: rosman@bfesf.com

Attorneys for Sonoma Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP CANNON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No.　C 11-00651 PJH<br><br>**SONOMA DEFENDANTS' REQUEST FOR ENTRY OF ORDERS TO: (1) EXTEND TIME TO FILE A RESPONSE TO THE FIRST AMENDED COMPLAINT; (2) CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE; AND (3) TEMPORARILY STAY DISCOVERY; DECLARATION OF ANNE L. KECK; [PROPOSED] ORDER** |

　　　　The following Defendants respectfully submit this request for entry of orders as identified herein, and shall be referred to as the "Sonoma Defendants": the County of Sonoma (including the Sonoma County Sheriff's Office); the City of Sonoma (including the Sonoma Police Department); former Sonoma County Sheriff-Coroner William Cogbill; Sonoma County Sheriff's Deputies James Naugle, Christopher Spallino, Eric Haufler, Jesse Hanshew, Shawn Murphy, and Perry Sparkman; former Sonoma County District Attorney Stephan Passalacqua; and Sonoma County Deputy District Attorneys James Casey and Robert Waner.  This request for entry of orders consists of three separate requests to: (1) extend the time for Sonoma Defendants to file a response to the First Amended

1  Complaint though June 29, 2011; (2) continue the initial Case Management Conference (and related
2  dates), currently set for June 2, 2011, to July 6, 2011; and (3) temporarily stay discovery pending the
3  initial Case Management Conference.  These requests for relief, and good cause for entry of the
4  requested order, are set forth in detail, below.

**I.   Request for Order Extending Time for Sonoma Defendants to File Response to First Amended Complaint**

7  Pursuant to Civil Local Rule 6-3, Sonoma Defendants request this Court to enter an order
8  extending the time in which they may collectively file a response to the First Amended Complaint
9  (filed on April 15, 2011, hereinafter referred to as the "FAC") through and including June 29, 2011.
10  Good cause supports this request, for the following two reasons.

11  First, while some of the Sonoma Defendants received service of the Summons and FAC on
12  May 6 and May 9, 2011, to this date Plaintiff has not effected service on most of the individual
13  Sonoma Defendants.  Pursuant to federal rules, a response to the first Summons and FAC served on
14  May 6th is required to be filed on or before May 27, 2011; the service on May 9th requires a response
15  to be filed on or before May 30, 2011; and responses are not yet due from most of the individual
16  Sonoma Defendants based on lack of service.  To conserve the resources of the Court and the
17  parties, Sonoma County Counsel has engaged in the process of obtaining an agreement from all
18  individual Sonoma Defendants to waive service of the Summons and FAC, and to permit counsel to
19  appear for such defendants in a coordinated fashion.  Such a waiver from all affected Sonoma
20  Defendants was not received until May 19, 2011, which does not provide counsel sufficient time in
21  which to prepare a response to the FAC initially due on May 27, 2011.

22  Second, the FAC on its face fails to comply with Federal Rule of Civil Procedure 8, fails to
23  state a claim against any of the Sonoma Defendants, and implicates such defenses as prosecutorial
24  immunity, the absolute  immunity provided under the Eleventh Amendment to the United States
25  Constitution, qualified immunity, and the statute of limitations which bars Plaintiff's State Law
26  claims.  In addition, the FAC is ambiguous and uncertain, in that it does not disclose which causes of
27  action are alleged against which defendants.  For these reasons, Sonoma Defendants intend to file a
28

Motion to Dismiss the FAC, as well as Motion for More Definite Statement, and therefore request additional time in which to prepare such motions.

Sonoma County Counsel has attempted to contact Plaintiff through the e-mail address he provided on his pleadings, as he did not provide a telephone number in his Court filings.[1] Plaintiff has not responded to counsel's request to speak via telephone to discuss Sonoma Defendants' request for extension of time to respond to the FAC. Accordingly, Sonoma Defendants request from this Court an extension of time in which to file their response to the FAC through and including June 29, 2011. Sonoma Defendants are unaware of any prejudice that such an extension would cause to any other party in this action.

**II.    Request for Order to Continue the Initial Case Management Conference and Related Dates**

Pursuant to Civil Local Rule 16-2(d), Sonoma Defendants request relief from the "Order Setting Case Management Conference" this Court entered on May 3, 2011 (the "CMC Order"). (Dkt. No. 9.) The CMC Order set the Case Management Conference in this case to occur on June 2, 2011, at 2:00 p.m., and also ordered the parties to: (1) meet and confer as required by Federal Rule of Civil Procedure 26(f) – which required such meeting to occur on May 12, 2011; and (2) file a joint case management conference statement by May 26, 2011. The CMC Order also expressly stated that any request to reschedule the date of the Case Management Conference shall be made in writing, and by stipulation if possible, at least ten days before the date of the conference and must be based on good cause. (Dkt. No. 9, at 1.)

Plaintiff has not responded to counsel's request to discuss procedural issues in this case. Because a stipulation does not appear possible, Sonoma Defendants request an order from this Court continuing the initial Case Management Conference to July 6, 2011, at 2:00 p.m. This proposed conference date follows the June 29th requested date for Sonoma Defendants to file their response to the FAC; holding the conference after the filing of Sonoma Defendants' responsive pleadings will provide the Court and the parties with necessary information to determine scheduling and discovery

---

[1] See attached Declaration of Anne L. Keck ("Keck Declaration"), and Exhibit "A".

Sonoma Defendants' Request for
Entry of Orders, *et al.*                               3                    USDC Case No. C 11-00651 PJH

1  issues. Sonoma Defendants also request that all dates related to the initial Case Management
2  Conference be similarly continued as well to permit coordination.

3  **III.   Request for Order Temporarily Staying Discovery Pending Case Management Conference**
4

5  Sonoma Defendants request this Court to enter an order temporarily staying discovery in this
6  case through the Case Management Conference proposed to be held on July 6, 2011, pursuant to the
7  provisions of Civil Local Rule 7-11, and Federal Rule of Civil Procedure 26(c)(1).[2] Such a
8  discovery stay is intended to prevent issuance of discovery requests, as well as suspend the
9  requirements of Federal Rule of Civil Procedure 26 in all respects, pending further Court order.
10 Sonoma Defendants request entry of this order for the following three reasons.

11 First, as stated in Section I, above, Sonoma Defendants have been unsuccessful in their
12 attempts to contact Plaintiff to discuss procedural issues. Accordingly, the parties have not
13 discussed, let alone reached consensus on, a Discovery Plan. No Initial Disclosures have been made
14 by any party.

15 Second, Plaintiff has served two subpoenas on Sonoma Defendants demanding production of
16 documents for the purposes of this case. (See Keck Declaration, Exhibits "B" and "C".) While the
17 subpoenas were delivered to Sonoma Defendants after the time set to comply with the subpoenas
18 (rendering them void on their face), Plaintiff's action in serving these subpoenas is contrary to the
19 discovery requirements of Federal Rules of Civil Procedure 26 and 34. As Plaintiff is a non-attorney
20 appearing in pro per, Sonoma Defendants request relief from his improper discovery tactics, and to
21 provide Plaintiff direction to negotiate a Discovery Plan.

22 Third, as stated above, County Defendants do not believe the FAC complies with the
23 pleading requirements of Federal Rule of Civil Procedure 8, and raises claims barred by absolute and
24 qualified immunities. Absolute and qualified immunities are "an *immunity from suit* rather than a
25 mere defense to liability."(*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).) The purpose of these

26
27   [2]Federal Rule of Civil Procedure 26(c)(1) provides that, for good cause shown, a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or
28 undue burden or expense," through, *inter alia*, an order prohibiting or conditioning discovery. (Fed. Rule Civ. Proc. 26(c)(1).)

immunities "is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1953, citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (discussing qualified immunity).) Such immunities thus protect public officials "from all the risks, distractions and 'inhibitions of discretionary action and deterrence of able people from public service,' that go along with being a defendant in a civil lawsuit." (*Mueller v. Auker*, 576 F.3d 979, 987 (9th Cir. 2009), quoting *Mitchell,* 472 U.S. at 526 (discussing qualified immunity).)

As this Court has previously stated, "[g]iven that the purpose of a qualified immunity defense is not only to permit the accused government official to avoid liability, but also to free that official from the disruptions, inconvenience and expense of discovery, a goal that would be defeated if discovery were permitted" prior to resolution of immunity defenses. (*Comm. for Immigrant Rights of Sonoma Co. v. County of Sonoma, et al.*, 644 F.Supp.2d 1177, 1211 (N.D. Cal. 2009).)

Sonoma Defendants accordingly request the Court to temporarily stay discovery in this matter, including compliance with Federal Rule of Civil Procedure 26, through the initial Case Management Conference (at which time discovery issues can be addressed). Sonoma Defendants will request that such temporary stay of discovery continue until the Court has resolved the immunity defenses to be raised in their motions to dismiss and motion for more definite statement.

**IV.   Conclusions**

Based on the foregoing, Sonoma Defendants respectfully request entry of an order providing as follows: (1) extending the time for Sonoma Defendants to file a response to the First Amended Complaint though June 29, 2011; (2) continuing the initial Case Management Conference (and related dates), currently set for June 2, 2011, to July 6, 2011; and (3) temporarily staying discovery, including issuance of discovery requests and compliance with Federal Rule of Civil Procedure 26, pending the initial Case Management Conference; and for such other and further relief as this Court deems just and proper.

Dated: May 20, 2011            BRUCE D. GOLDSTEIN, County Counsel

By:   /s/ ANNE L. KECK
Deputy County Counsel
Attorneys for Sonoma Defendants

# DECLARATION OF ANNE L. KECK

I, Anne L. Keck, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and am admitted to appear before this Court. I am employed as a Deputy County Counsel for the County of Sonoma, and am lead counsel in this case representing the Sonoma Defendants. I submit this declaration in support of the foregoing request for entry of orders. The facts set forth below are based on my own personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. I am informed and believe that the City of Sonoma (including the Sonoma Police Department) received service of the Summons and the First Amended Complaint ("FAC") in this action on May 6, 2011. I am also informed and believe that the County of Sonoma (including the Sonoma County Sheriff's Office) received service of the Summons and FAC on May 9, 2011. While Plaintiff delivered Summons and copies of the FAC to these public agencies addressed to many of the individuals named in the FAC, I am informed and believe that proper service has not been effected on such individuals.

3. However, to conserve the resources of the Court and the parties, I have engaged in the process of obtaining an agreement from all individual Sonoma Defendants to waive service of the Summons and FAC, and to permit me and co-counsel to appear for all Sonoma Defendants in a coordinated fashion. I did not obtain such a waiver from all affected Sonoma Defendants until May 19, 2011. Based on the defects of the FAC which appear on its face, and in light of my busy schedule and upcoming vacation (May 27 through June 13, 2011) I do not have sufficient time in which to prepare a response to the FAC initially due on May 27, 2011.

4. Plaintiff does not list a telephone number on any paper filed in this action, but does list two different e-mail addresses. On May 18, 2011, I sent an e-mail to Plaintiff, addressed to both of the e-mail addresses listed on his pleadings, requesting that he call me to discuss an extension of time to respond to the FAC and other procedural issues. A true and correct copy of the e-mail is attached hereto as Exhibit "A". I have received no response to this e-mail.

5. In addition, my Legal Assistant, Eileen Shired, searched the internet to find a telephone number for Plaintiff, and discovered a listed number of (773) 439-7167. However, when I called that number, I heard the high-pitched whine indicating that it was a fax line.

6. I am informed and believe that two subpoenas were delivered by or on behalf of the Plaintiff on May 13 and May 16, 2011, addressed to Defendants in this case, including the Sheriff's Office and District Attorney's Office. These subpoenas demand production of documents relating to this case on April 25, 2011, to be sent to an e-mail address. True and correct copies of these subpoenas are attached hereto as Exhibits "B" and "C".

7. Sonoma Defendants intend to file a motion to dismiss and motion for more definite statement in response to the FAC. The FAC implicates defenses such as prosecutorial immunity, the absolute immunity provided under the Eleventh Amendment to the United States Constitution, qualified immunity, and the statute of limitations which bars Plaintiff's State Law claims. Accordingly, a stay of discovery at this time is proper to permit the Court to consider such defenses pursuant to Sonoma Defendants' motion to dismiss.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of May, 2011, in Santa Rosa, California.

                                /s/ Anne L. Keck
                                  Anne L. Keck

# [PROPOSED] ORDER

Based on the foregoing request for entry of orders submitted by Sonoma Defendants, and with good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The time for Sonoma Defendants to file a response to the First Amended Complaint is extended though and including June 29, 2011.

2. The initial Case Management Conference, currently set for June 2, 2011, is continued to July 6, 2011, at 2:00 p.m. All related dates are accordingly continued; the parties shall file case management conference statements one week prior to the conference pursuant to the requirements of Civil Local Rules.

3. Discovery is temporarily stayed pending the holding of the initial Case Management Conference. Such stay precludes the issuance of any discovery requests and suspends compliance with Federal Rule of Civil Procedure 26.

IT IS SO ORDERED.

Date: _____

_____
HONORABLE PHYLLIS J. HAMILTON
United States District Judge

PROOF OF SERVICE BY MAIL

I am employed in the County of Sonoma, California; I am over the age of 18 years and not a party to the within action; my business address is 575 Administration Dr., Rm. 105A, Santa Rosa, California. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

On May 20, 2011, following ordinary business practice, I served the "**SONOMA DEFENDANTS' REQUEST FOR ENTRY OF ORDERS TO: (1) EXTEND TIME TO FILE A RESPONSE TO THE FIRST AMENDED COMPLAINT; (2) CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE; AND (3) TEMPORARILY STAY DISCOVERY; DECLARATION OF ANNE L. KECK; [PROPOSED] ORDER"** on the parties in said cause, by placing on that date at my place of business, a true copy thereof, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed as follows:

Benjamin P. Cannon
1083 Vine Street #215
Healdsburg, CA 95448

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 20, 2011, at Santa Rosa, California.

Eileen Shired