# EXHIBIT C

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

RECEIVED

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

MAY 1 6 2011

County Counsel
COUNTY OF SONOMA

| | |
|---|---|
| Benjamin Philip Cannon | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. CV11 0651 EMC |
| County of Sonoma, et. al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jill Rativitch - Sonoma County District Attorney's Office
600 Administration Dr # 212J, Santa Rosa, CA 95403

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment "A"

| Place: Via email in PDF format to: to discovery@42usc1983.net | Date and Time: <br><br> 04/25/2011 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: APR 2 0 2011

**RICHARD W. WIEKING**

*CLERK OF COURT*

SHEILA RASH

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A" DOCUMENTS REQUESTED.

Since 1980 to present:

1) For all employees: Any/all disciplinary actions, whether internal or external, for any withholding of evidence of any kind, any acts of moral turpitude.

2) The complete case file including all evidence from Sonoma PD/Sonoma SO for SON 10-0000189 as submitted, which resulted in Case SCR 578412.

3) all incident reports, notes, emails, text/chat messages, faxes, memos, internal or external, and other written, electronic, photographic or video records surrounding the above named matter, communications with other agencies of any kind including counsel but specifically Sonoma Police Department, Sonoma County Sherriff, Petaluma Police Department, CALDOJ, and NCIC.

4) The Cellular phone records, Court order, and all related documents, for Mr. Cannons' Cell phone that were obtained as part of SON 10-0000189.

5) The complete, un-redacted, case file from Petaluma Police Department regarding the incident Jan 27, 2011.

6) A list of all officers, ADAs, DAs, clerks and agents involved in case SON 10-0000189 in any way, including without limitation, investigation, search, inventory, detention, or any phase of prosecution, their employment history, personal and disciplinary files, and criminal histories, including without limitation the following individuals:

    a. JAMES CASEY, BOB WANER, STEPHEN PASSALACQUA.
    b. Petaluma Police officers DAN FISH, JOHN SILVA, BERT WALKER, JASON JUCUTAN.
    c. Sonoma County Sherrifs BILL COGBILL, JIM NAUGLE, CHRIS SPALLINO, ERIC HAUFLER, JESSE HANSHEW, SHAWN MURPHY, PERRY SPARKMAN,

7) Witness identities, notes, files, backgrounds, statements and reports. (note that shield laws no longer apply to dismissed cases with findings of factual innocence.) regarding SON 10-0000189.

8) All communications with witnesses, or any other persons regarding Benjamin Philip Cannon.

9) Any and all audit information including access, review or transfer of any Criminal History file or information of "Benjamin Philip Cannon, DOB 10/09/1980" since 1980 to present. Include all CLETS, CALDOJ, and NCIC audit trail information, including requesting entity, officer ID, Terminal ID, agency, and records transmitted.

10) 5) Any videos or statements, specifically those identified on the evidence record of case SON 10-0000189, including without limitation email conversations with "Sorinne Ardelanu".