Benjamin P Cannon
1083 Vine St #215
Healdsburg, CA 95448
discovery@42usc1983.net
(650) 276-5466 fax

**FILED**

MAY 2 5 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PHILIP CANNON, an individual,

    Plaintiff,

vs.

CITY OF PETALUMA, et al.

    Defendants.

Case No: CV11 0651 PJH

**OPPOSITION TO SONOMA DEFENDANTS' REQUEST FOR ORDERS, DECLERATION OF BENJAMIN CANNON, and MOTION and [PROPOSED] ORDER TO COMPEL DISCOVERY.**

1. Plaintiff Benjamin P Cannon respectfully opposes Defendants' request for orders to extend time, continue the Case Management Conference, and most significantly, to stay Discovery.

**Plaintiff is entitled to Discovery on the facts presented.**

2. "When government officials abuse their offices, 'action[s] for damages may offer the only realistic avenue for vindication of constitutional guarantees.'" - Supreme Court Justice Stevens (*Anderson v. Creighton, 483 US 635 - Supreme Court 1987.*)

3. Discovery is a fundamental cornerstone of our legal system, an essential component to Due Process, deeply ingrained to the concept of Justice.

4. The County of Sonoma has deeply established culture, history, and policy of concealing evidence favorable to the defense, in willful disregard of *Brady* v. *Maryland*, 373 U. S. 83. under the mistaken belief that immunity protects them from violating the US Constitution.

5. Even the absolute immunity ordinarily afforded prosecutors is no longer available if a pattern

of misconduct can be shown *(Connick v. Thompson ( No. 09-571 ) 578 F. 3d 293.)*

6. Plaintiff has already pleaded facts sufficient to establish a pattern under *Thompson* in his FAC. (On or about August 1, 2006, Sonoma County District Attorney BROOKE POWELL HALSEY JR. [#142330] was found guilty by a Judge in the California State Bar Court of "violate(ing) California law by withholding, prior to trial, impeaching evidence and evidence favorable to the defense, committing acts of moral turpitude, ... sought to mislead a judge." (see: http://members.calbar.ca.gov/fal/Member/Detail/142330 )

7. The Discovery process is an essential tool to obtain further evidence of the Defendants' willful disregard for civil rights, including the policy of obtaining potentially exculpatory evidence of cell phone records under sealed court order, only to bury them in violation of *Brady* should they exonerate the defendant.

8. Discovery will also reveal an endemic policy of knowingly conducting false Felony arrests as a pretense to conduct an unlawful DNA search.

9. The county's attempt here to chill discovery is nothing short of an affront to justice, showing a glaring need for intervention by this Court.

10. Qualified immunity is not afforded when Defendants violate a right that is (1) clearly established and (2) reasonably known. *(Saucier v. Katz, 533 US 194 - Supreme Court 2001)*

11. Plaintiff has pleaded uncontested facts that must be taken in the light most favorable to him, sufficient to establish this two-pronged test and those under *Thompson* in his FAC, thus Defendant's proposed motions are frivolous and should be barred.

12. If Plaintiff's subpoenas were improper, Plaintiff will gratefully proceed under the Discovery rules instead and requests the court's pardon for his impropriety. Plaintiff (clearly correctly) anticipated a lack of compliance on the part of the County, especially considering they <u>continue</u> to withhold the cell phone, police report, and other *Brady* evidence from his dismissed criminal trial, and subsequent factual innocence hearing, well over a year later.

### Defendant's Motion seeks to deprive Plaintiff of Due Process

13. Defendants seem to be attempting to try this case without bothering to follow the Federal

Opposition to Defendant's Request for Orders. Plaintiff's Request for Order - Page 2 of 5

Rules in filing an Answer, seeking to violate procedural safeguards and deprive plaintiff of his rights under Due Process.

14. Defendants fail to state good cause as to why the Federal Rules deadlines for filing do not apply to them.   The Complaint and FAC were served as one unit.  Therefore, the Summons, Complaint, and FAC should be treated no differently than a Summons & Complaint.

15. Defendant's stunt of Waiving service after Service has already been affected is puzzling. Again the Federal Rules appear clear, Defendants have 20 days.  Equal Protection demands that neither the County nor it's employees be given preferential treatment.

16. Finally, Plaintiff has endured and continues to endure on a daily basis tremendous damages both monetarily and mentally, and Defendants' have the audacity to counter with their vacation schedule.   It is vital that this case be resolved as soon as possible to prevent further damage.

17. Civil Local Rule 6-1(b) reads:

> "A Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint)."

18. It is apparent that the Local Rule upon which Defendants base their motion specifically excludes initial responses to a complaint, leaving the statutory deadlines in Rule 4 intact.

**Defense has been given adequate notice and process under the Federal Rules**

19. Defendants were advised at trial as follows:  <charges dismissed> Court Clerk: *"Wow... I guess we'll be seeing you in civil division next"* (implying the violations of Plaintiff's rights were so egregious that a civil suit was clearly warranted.) Arthur Chambers, attorney for Cannon: "Actually, we will be seeing you <turns to *JAMES PATRICK CASEY, ADA*> in US District Court, First District."

20. See the "Declaration of Arthur Chambers" attached & incorporated.

21. When served with the Complaint, and FAC, the Subpoena clerk said: *"What is this?... OH WAIT, I know what this is."* Which implies such a wide for-knowledge amongst Defendants,

that it had permeated to lower level employees.

22. See the "Declaration of Ted Ritchie" attached & incorporated.

23. Plaintiff requests that in the event Defendant's motion for extra time is granted, that the CMC date be calendared at any time not during the month of July, 2011 due to personal reasons he will discuss with the Judge in chambers.

24. Plaintiff has responded to Keck's emails as soon as she appeared as an Attorney of record in this case, and has attempted to meet and confer with all parties and will file the CMC, as ordered by this court on May 3, 2011.

25. If County Counsel had bothered to spend 5 minutes reviewing the case, they would have immediately noticed Plaintiff's phone number in the very Cell Records that constitute the *Brady* evidence Defendants continue to withhold.

### Defense bases their attempt to chill discovery on their own failure to comply with discovery.

26. As of this writing, all named defendants except CHRISTINA BARNETT, the alleged have been served under Rule 4 of the Federal Rules. (See filed proofs of service.)

27. Defendants are concealing the identity of the defendant, thus Discovery is necessary to obtain identifying information sufficient to effect service.

28. Defendants caused the offend logic and sensibility in asking this court to chill discovery on the basis of their own failure to comply with discovery law.

29. Defendants have concealed and continue to conceal in an affront to this court, the following information and more. (a) The identity of "CHRISTINA BARNETT". (b) The Police Report of the alleged incident, if it occurred. (c) The Cell Phone Records they attempted to hide, and the Confidential Court Order they used to obtain them, and (d) the alleged video lineup. Plaintiff requests an Order that Defendants immediately comply with some very limited discovery such that Service can be made, if the person they are hiding even exists.

30. Defendants now have the gall to ask for a chilling of discovery based upon a lack of service that they caused.

## SUMMARY

31. Defendants are entitled to neither Absolute Immunity, nor Qualified Immunity.

32. Defendants in chilling discovery seek ironically to conceal evidence, of their history of concealing evidence.

33. Defendants pin their effort to chill discovery on the lack of service to 1 defendant, whilst they conceal the identity of this defendant.

34. Defendants had adequate notice of this lawsuit for over a year.

35. Defendants failed to state good cause to justify an extension of time to file an initial response, which appears to be barred under the Federal Rules in any event.

36. All "Sonoma" defendants were properly served on or before May 10, 2011. Plaintiff is willing to stipulate to a coordinated action for those served prior, allowing until May 30 to respond.

37. All claims in the FAC are clearly made against all Defendants.

38. The Federal Rules are more than sufficient to cover time to Answer a Complaint.

39. If Defendants' still wish to pursue Qualified and Absolute immunity defenses, which are sufficiently eviscerated by the First Amended Complaint, the appropriate venue is in Plaintiff's Motion for Summary Judgment, after filing an Answer, and after initial discovery can shed sunlight on their actions.

40. Plaintiff appreciates County Counsel's Vacation schedule, and notes that due to actions by her employer/Defendants yet un-remedied, and the ongoing damage that he continues to suffer on a daily basis, that he is unable to afford such a vacation.

This declaration is made from my own personal knowledge, and if called as a witness, I would be competent to testify to those facts contained herein. I declare under penalty of perjury the forgoing is true and correct.

Date: May 25, 2011                    By: _____
                                           Benjamin P Cannon

## [PROPOSED] ORDER

Based on the forgoing request submitted by Plaintiff, with good cause appearing.

IT IS HEREBY ORDERED as follows:

1. Defendants shall disclose to Plaintiff within 5 days:
    a. The identity including address for service of process of CHRISTINE BARNETT.
    b. The full and un-redacted Police Report, Affidavit, Probable Cause Statement, Warrant, and Case file forwarded to the District Attorney for SON-10-0000189 and SCR 578412.
    c. The Cell Phone Records, a copy of the request for court order, the Court Order used to obtain them, any documents, statements or affidavits used to obtain the Court Order, and records of their disposition.

IT IS SO ORDERED.

Date:_____

_____
HONORABLE PHYLLIS J. HAMILTON
United States District Judge

Benjamin P Cannon
1083 Vine St #215
Healdsburg, CA 95448
discovery@42usc1983.net
(650) 276-5466 fax

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP CANNON, an individual,<br><br>Plaintiff,<br>vs.<br><br>CITY OF PETALUMA, et al.<br><br>Defendants. | Case No: CV11 0651 PJH<br><br>**DECLERATION OF TED RITCHIE IN SUPPORT OF OPPOSITION TO DEFENDANTS' REQUEST FOR ORDERS.** |

1. I, Ted Ritchie declare under penalty of perjury that the following is true and correct under the laws of the United States of America.

2. This declaration is made from my own personal knowledge, and if called as a witness, I would be competent to testify to those facts contained herein.

3. While serving paperwork upon the Sonoma County Sherriff's Office on or about March 10, 2011, I served the paperwork you request to the Sonoma County Sherriff's department. They were given to Susan Ricketson who was identified as the Subpoena Clerk. She asked me what case the stack of paperwork was for and I informed her that I was not involved in the case and had no knowledge of it other than where to deliver the paperwork. I told her she was welcome to read through it. She scanned a few pages and said 'Oh, I know what this is about' and accepted the documents.

Date: May 25, 2011

By: /s/Ted Ritchie
Ted Ritchie

Benjamin P Cannon
1083 Vine St #215
Healdsburg, CA 95448
discovery@42usc1983.net
(650) 276-5466 fax

### IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PHILIP CANNON, an individual,

Plaintiff,
vs.

CITY OF PETALUMA, et al.

Defendants.

Case No: CV11 0651 PJH

**DECLERATION OF ART CHAMBERS IN SUPPORT OF OPPOSITION TO DEFENDANTS' REQUEST FOR ORDERS.**

1. I, Arthur Chambers declare under penalty of perjury that the following is true and correct under the laws of the United States of America.
2. I am a practicing Attorney, my State Bar number is [53282].
3. This declaration is made from my own personal knowledge, and if called as a witness, I would be competent to testify to those facts contained herein.
4. While representing Ben Cannon in a criminal action on or about March 16, 2010, charges against him were dismissed. At that time, the Clerk of Court turned to me and said *"Wow… I guess we'll be seeing you in civil division next."*
5. I responded: "Actually, we will be seeing you (to ADA JAMES PATRICK CASEY) in US District Court, First District."

Date: May 25, 2011

By: /S/Arthur Chambers
Arthur Chambers. SBA #53282