Benjamin P Cannon
1083 Vine St #215
Healdsburg, CA 95448
discovery@42usc1983.net
(650) 276-5466 fax



FILED

MAY 2 7 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BENJAMIN PHILIP CANNON, an individual, | Case No: CV11 0651 PJH |
|---|---|
| Plaintiff, vs. | |
| CITY OF PETALUMA, et al. | REQUEST FOR ENTRY OF DEFAULT, REQUEST FOR FRCP55(B)(1) CLERK'S ENTRY OF DEFAULT JUDGEMENT, AFFADAVIT OF DAMAGES. |
| Defendants. | |

1. Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise, the clerk must enter the party's default."

2. Plaintiff Benjamin Philip Cannon hereby request that the Clerk of the above-titled Court enter Default in this matter against Defendants enumerated below on the grounds that Defendants so enumerated have failed to respond to Plaintiff's Complaint and First Amended Complaint (served as one) within the time prescribed by Federal Rule of Civil Procedure 12(a)(1)(B).

3. Plaintiff requests that monetary judgment for the monetary sums certain as set forth in Plaintiffs' First Amended Complaint against Defendants, collectively, jointly, and severally as follows.

    a. Defendant Petaluma Police Department
    b. Defendant Dan Fish

REQUEST FOR ENTRY OF DEFAULT Page 1 of 3

  c. Defendant John Silva

  d. Defendant Bert Walker

  e. Defendant Jason Jucitan

  f. Defendant The Sonoma Sun

4. Proper service was executed under Rule 4(m) upon Defendants (a) thru (f) above on May 5, 2011.

5. Defendants had 20 days to respond under the Federal Rules.

6. As of May 27, 2011, no responsive pleading of any kind has been filed by any of the above-named Defendants.

7. In support of this request, Plaintiffs' rely upon the record in this case and the Declaration of Nicholas Harris, attached hereto and incorporated as though fully set forth herein.

8. Federal Rule of Civil Procedure 55(b)(1) provides "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

## AFFADAVIT OF DAMAGES

9. Plaintiff has been damaged in an amount totaling $109,968,750.60 as a direct result of and caused proximately by Defendants' actions, calculated as follows:

  a. Compensatory damages in the amount of $22,999.00;

    Stemming from a loss of a $9999 plasma TV during the raid on his residence, $1,000 in bail expenses, $12,000 in legal fees, $500 in gasoline.

  b. General Business damages in the amount of $9,945,751.60;

    Stemming from damage to his reputation causing the loss of his 46,710 business customers.

  c. Special Business damages in the amount of $100,000,000;

    Stemming from a loss of his personal reputation and that of his company

       based on a drafted offering of $10,000,000 of private stock at a $100,000,000 million valuation.

   d. Costs of Suit totaling 1281 hours at $250/hour $320,250.

10. Defendants were made aware, were already aware of, or initiated actions *because of* the nature of Plaintiff's technology and payment startup business, and the significant damages they caused or were going to cause, yet continued with their actions anyway, resulting in the tremendous damages enumerated above.

11. Plaintiff reserves the right to motion the court for Declaratory relief as plead in his First Amended Complaint.

12. I, Benjamin Philip Cannon declare under penalty of perjury that the forgoing is true and correct.

Date: May 27, 2011

By: _____
Benjamin Philip Cannon

REQUEST FOR ENTRY OF DEFAULT Page 3 of 3