Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kimberly M. Drake, Esq. (SBN: 209090)
kdrake@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000/Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF PETALUMA (erroneously sued as PETALUMA POLICE
DEPARTMENT), DAN FISH, JOHN SILVA, BERT WALKER and
JASON JUCUTAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CANNON,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA, et al.,<br><br>                Defendants. | Case No:  C 11-0651 PJH<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT [FRCP 12(b)(6) & 12(e)]**<br><br>DATE:    July 6, 2011<br>TIME:    9:00 a.m.<br>DEPT.:   Courtroom 3 |

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................... iii

NOTICE OF MOTION ..................................................................................................1

ISSUES PRESENTED ...................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................3

I.      SUMMARY OF ARGUMENT AND RELIEF SOUGHT .....................................3

II.     STATEMENT OF FACTS ...................................................................................4

III.    ARGUMENT .......................................................................................................6

     A.    The First Amended Complaint Must Be Dismissed Because it Fails to State a Claim Upon Which Relief Can Be Granted Against City Defendants. ........6

         1.    There are no facts to support a section 1983 claim against individual Defendant Officers Silva, Jucutan or Walker. ..........................7

             a.    Factual allegations do not tie Petaluma police officers to alleged deprivations. ......................................................................8

             b.    Probable cause existed at the time of the traffic stop and search of Plaintiff's vehicle on January 27, 2010 barring Plaintiff's Fourth Amendment claims for unreasonable search and seizure and false arrest. ..........................................................................................8

             c.    Defendants are entitled to qualified immunity .....................9

         2.    The section 1983 claims against the City of Petaluma fail as a matter of law. ........................................................................................10

         3.    Plaintiff does not state any cognizable claim against Chief of Police Dan Fish. ...............................................................................11

         4.    Plaintiff's claims under the First, Eighth and Fourteenth Amendments Fail as a Matter of Law. ...............................................12

     B.    Plaintiff's State Common Law Claims Against the City Defendants Must Be Dismissed. ..............................................................................................14

         1.    Plaintiff's pleading is defective against City and its employees......15

         2.    Plaintiff's state law claims are precluded in their entirety..............17

             a.    City Defendants are immune under California Government Code § 820.2..............................................................................17

             b.    Malicious prosecution claim is barred by California Government Code §§ 821.6 and 815.2(b)..........................................18

             c.    Defamation per se and false light invasion of privacy claims are barred by California Civil Code § 47.....................................19

C.    Plaintiff's Prayer for Punitive Damages Against City Defendants Must Be
Stricken. .............................................................................................................20

IV.    CONCLUSION    .............................................................................................21

**TABLE OF AUTHORITIES**

**Federal Cases**

*Albright v. Oliver*, 510 U.S. 266 (1994) ...................................................................13

*Anderson v. Creighton*, 483 U.S. 635 (1987) .............................................................10

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009).....................................6, 7, 11

*Balisteri v. Pacifica Police Dept.*, 901 F.2d 696 (1988)..............................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................6, 11

*Brew v. City of Emeryville*, 138 F.Supp.2d 1217 (N.D. Cal. 2001)...........................13

*Cabrera v. City of Huntington Park* , 159 F.3d 374 (9th Cir. 1998) ...........................8

*City of Canton v. Harris*, 489 U.S. 378 (1989).........................................................11

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) ...................................20

*Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir. 1995) ...........................................11

*George v. City of Long Beach,* 973 F.2d 706 (9th Cir. 1992)........................................8

*Graham v. Connor*, 490 U.S. 386 (1989) ..................................................................13

*Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) ...................................................9

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ..............................................................10

*In Re First Alliance Mortgage Company,* 41 F.3d 977 (9th Cir. 2006)......................20

*Ingraham v. Wright*, 430 U.S. 651 (1977) .................................................................13

*Ivey v. Board of Regents*, (9th Cir. 1982) 673 F.2d 266 .............................................7

*John v. City of El Monte,* 515 F.3d 936 (2008)............................................................9

*Johnson v. Symantec Corp.*, 58 F.Supp.2d 1107 (1999)............................................19

*Lee v. Ferrano*, 284 F.3d 1188 (11th Cir. 2002).......................................................10

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1992)......................................................12

*Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1997)...........................11

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).........................................7

*Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992) ......................................................11

*Price v. County of San Diego,* 909 F.Supp. 1230 (1998)...........................................17

*Reynolds v. County of San Diego*, 858 F.Supp. 1064 (1984) .....................................17

**Federal Cases, cont'd**

*Saucier v. Katz* 533 U.S. 194 (2001) ....................................................................................9

*Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001) .............................................10

*Schertz v. Waupaca County,* 875 F.2d 578 (7th Cir. 1989) ..................................................9

*Sherman v. Yaki*, 549 F.2d 1287 (9th Cir. 1977) ................................................................7

*Skop v. City of Atlanta*,485 F.3d 1130 (2007)....................................................................10

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
88 F.3d 780, 783 (9th Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996)..............................7

*St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049 (9th Cir. 2008) ............................................6

*U.S. v. Buckner* 179 F.3d 834 (9th Cir. 1999) .....................................................................9

*U.S. v. Garza,* 980 F.2d 546, 550.(9th Cir. 1992) ...............................................................9

*U.S. v. Lopez,* 482 F.3d 1067 (9th Cir. 2007) .....................................................................9

**State Cases**

*Caldwell v. Montoya*, 10 Cal.4th 972, 983 (1995)..............................................................17

*Gillan v. City of San Marino,* 147 Cal. App. 4th 1033 (2007) ...........................................20

*Kayfetz v. State of California*, 156 Cal. App. 3d 491 (1984).............................................20

*Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988)........................................20

*Keyes v. Santa Clara Valley Water Dist.*, 128 Cal. App. 3d 882 (1982)...........................16

*Low v. City of Sacramento*, 7 Cal. App. 3d 826 (1970)......................................................15

*McAllister v. South Coast Air Quality Etc. District,* 183 Cal. App. 3d 653 (1986)............20

*Mittenhuber v. City of Redondo Beach*, 142 Cal. App. 3d 1(1983)....................................16

*Susman v. City of Los Angeles*, 269 Cal. App. 2d 803 (1969) ............................................16

*Watts v. County of Sacramento,* 136 Cal. App. 3d 232 (1982)...........................................17

*Williams v. Horvath*, 16 Cal.3d 834 (1976).......................................................................16

*/ / /*

*/ / /*

*/ / /*

*/ / /*

**Federal Statutes**

42 U.S.C. section 1983 ............................................................................... *passim*

**Federal Rules of Civil Procedure**

Rule 8(a)(1) ............................................................................7
Rule 12(b)(6) ....................................................................1, 3
Rule 12(e) ...........................................................................1

**Other Federal Sources**

U.S. Const., amend. I .............................................3, 7, 12, 13
U.S. Const., amend. IV ...........................................3, 7, 10
U.S. Const., amend. VIII ........................................3, 7, 12, 13
U.S. Const., amend. XIV .......................................3, 7, 12, 13, 14

**California State Statutes**

Civil Code
Section 47 ...............................................................19
Section 47(b)(3) ....................................................19

Government Code
Section 815 ...........................................................2, 15
Section 815(b) ......................................................15
Section 815.2 ........................................................2, 15

Section 815.2(b) ..................................................2, 15, 18, 19
Section 818 ...........................................................20
Section 820.2 ........................................................2, 17
Section 821.6 ........................................................2, 18, 19

Penal Code
Section 146a(b) ....................................................3
Section 236 ............................................................3

**Other Sources**

Cal. Const. art. 1, § 1 ...........................................14
Cal. Const. art. 1, § 2 ...........................................14
Cal. Const. art. 1, § 13 .........................................14

CEB, California Government Tort Liability Practice, 1999, 4th Edition,
Section 9.7, "Liability for Acts or Omissions of Public Employees in Scope
of Their Employment," p. 399. ..............................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on July 6, 2011, at 9:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 3, located at 450 Golden Gate Ave., San Francisco, California, Defendants CITY OF PETALUMA ("City"), erroneously sued as the PETALUMA POLICE DEPARTMENT, DAN FISH, the Chief of Police for the City of Petaluma, and Petaluma police officers JOHN SILVA, BERT WALKER and JASON JUCUTAN (hereinafter collectively "City Defendants"), will move this court pursuant to Federal Rule of Civil Procedure, rules 12(b)(6) and 12(e) to dismiss the First Amended Complaint of Plaintiff BENJAMIN PHILLIP CANNON or, alternatively, to strike portions of Plaintiff's First Amended Complaint and require Plaintiff to file a Third Amended Complaint with a more definite statement.

## ISSUES PRESENTED

City Defendants' motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such other and further matters as the court may consider at the hearing of this motion.

Said Motion will be based upon Plaintiffs' failure to plead sufficient facts to constitute a valid cause of action against these Defendants and will submit the following specific issues to be adjudicated:

1.      Plaintiff's First Amended Complaint must be dismissed because it fails to state a claim upon which relief can be granted.  Plaintiff has not plausibly alleged any facts to maintain a 42 U.S.C. § 1983 claim against the individual Defendant Police Officers John Silva, Bert Walker or Jason Jucutan under any theory of law.  Further, Plaintiff does not allege that the traffic stop by Defendant officers on January 27, 2010 or the search of Plaintiff's vehicle was without probable cause or unlawful in violation of the Fourth Amendment.

2.      Plaintiff's First Amended Complaint must be dismissed because it fails to state a claim upon which relief can be granted.  Plaintiff has not plausibly alleged any facts to maintain a 42 U.S.C. § 1983 claim against Defendant City of Petaluma.

3.      Plaintiff's First Amended Complaint must be dismissed because it fails to state a claim upon which relief can be granted.  Plaintiff has not plausibly alleged any facts to maintain a 42 U.S.C. § 1983 claim against Defendant Chief of Police Dan Fish.

4.      Plaintiff's First Amended Complaint must be dismissed because all of Plaintiff's Section 1983 claims premised on the First, Eighth and Fourteenth Amendments fail as a matter of law.

5.      Plaintiff's First Amended Complaint must be dismissed because Plaintiff's state law claims for malicious prosecution, defamation and false light invasion of privacy against all City Defendants are defective.  (Cal. Gov't Code §§ 815, 815.2.)

6.      Plaintiff's First Amended Complaint must be dismissed because all of Plaintiff's state law claims for malicious prosecution, defamation and false light invasion of privacy are barred by applicable immunity provisions of the California Government Code.  (Cal. Gov't Code §§ 820.2, 821.6, 815.2(b).)

7.      Plaintiff's Prayer for punitive damages against City Defendants must be stricken.

8.      Plaintiff's First Amended Complaint is impermissibly vague and ambiguous, to the extent that Defendants are unable to intelligently respond and unable to assert all necessary affirmative defenses and/or immunities with respect to Plaintiff's citations to the federal constitution and laws and supplemental state law claims.

Dated:  May 31, 2011                     Respectfully submitted,
                                         MEYERS, NAVE, RIBACK, SILVER & WILSON


                                         By:_____/s/_____
                                              Kimberly M. Drake
                                              Attorney for Defendants
                                              CITY OF PETALUMA (erroneously sued as
                                              PETALUMA POLICE DEPARTMENT), DAN
                                              FISH, JOHN SILVA, BERT WALKER and
                                              JASON JUCUTAN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT AND RELIEF SOUGHT

City Defendants seek dismissal of the Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.

At the crux of Plaintiff's First Amended Complaint and underlying government claim is Plaintiff's alleged arrest on February 11, 2010 by Sonoma County Sheriff's Deputies.  Plaintiff asserts he was subjected to an alleged unreasonable search and seizure.  He also claims he was unfairly prosecuted for violation of Penal Code section 146a(b), unlawful impersonation of a peace officer (Count I), and violation of Penal Code section 236, false imprisonment (Count II).

Plaintiff attempts to assert myriad federal claims, brought under 42 U.S.C. § 1983 and premised upon the First, Fourth, Eighth and Fourteenth Amendments, and state law claims for malicious prosecution, defamation per se, and false light invasion of privacy.  None of the claims (Counts I thru VII) implicates the City Defendants or states a cognizable claim against any City Defendant.  Additionally, the claims are barred by the provisions of applicable common law and statutory immunities.

All of Plaintiff's allegations involving City Defendants refer to an earlier incident on January 27, 2010, when Petaluma Police Officer John Silva initiated a traffic stop on a vehicle driven by Plaintiff for equipment violations.  During the traffic stop, Plaintiff was arrested for an outstanding warrant.  During a search of the vehicle, Officer Silva and Officer Jucutan found the vehicle equipped with a police siren, P.A. system, scanner, a possible police radio and forward and rear flashing lights activated from the driver's seat, which were not noticeable upon casual inspection, as well as handcuffs and a handcuff key on Plaintiff's key chain.  They also found a legally stored semi-automatic handgun (FN 5.7x28 caliber, with tactical light and live ammunition) in the trunk.  Plaintiff was booked and given a citation for the equipment failures at Petaluma Police Department and transported to the county jail for his outstanding warrant.  Except for the handgun, which was booked into evidence for safekeeping, all equipment was returned to Plaintiff.  Officer Silva prepared an incident/investigation report relating to the traffic stop and

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

1  sent a notification to surrounding agencies providing information on Plaintiff and identifying him

2  as a possible police impersonator.

3        Plaintiff does not contest the lawfulness of the traffic stop or his arrest on an outstanding

4  warrant or the search of his vehicle by Defendants Officer Silva, Officer Jucutan and/or Officer

5  Walker on January 27, 2010.  Instead, Plaintiff appears to take issue with Officer Silva's

6  investigative opinion that Plaintiff was a possible police impersonator and notification of same to

7  fellow law enforcement agencies.  But even Officer Silva's acts or omissions do not subject

8  Officer Silva alleged actions were reasonable and do not subject him, the other officers, or the City

9  to liability.

10  **II.     STATEMENT OF FACTS**

11        On or about June 7, 2010, Plaintiff presented a claim to the City of Petaluma by and

12  through his criminal defense attorney Arthur Chambers.  The entire claim purports to be based

13  upon events and circumstances surrounding Plaintiff's arrest on February 11, 2010 by Sonoma

14  County Sheriff's Deputies.  (Exhibit A to Defendants' Request for Judicial Noticed ("RJN") filed

15  herewith.)

16        A summons and Complaint and a First Amended Complaint were served on the City of

17  Petaluma on or about May 9, 2011.  The following statement is comprised solely of facts alleged

18  in the Plaintiff's First Amended Complaint as against City Defendants sued herein:

19        The City of Petaluma, a municipality.  (FAC, ¶ 3.)

20        Dan Fish, Chief of Police for the City of Petaluma, whom Plaintiff is suing in his

21  individual and official capacities.  (FAC, ¶ 6.)

22        John Silva, Jason Jucutan and Bert Walker, police officers with the City of Petaluma,

23  whom Plaintiff is suing in their individual and official capacities.

24        According to Plaintiff, Chief Fish and the individual police officers are responsible for

25  formulating, executing, administering and enforcing "the challenged laws, customs, and practices

26  against Plaintiff" and "the City of Petaluma's laws, customs, practices, and policies at issue in this

27  lawsuit…."  (FAC, ¶¶ 6, 7.)

28        The only factual allegations against City Defendants in the entire pleading are as follows:

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]        [C 11-0651 PJH]

On or about January 28, 2010, Defendant John Silva of the Petaluma Police Department circulated a memo accusing Cannon of being a Police Impersonator…."  (FAC, ¶ 25.)

On or about January 27, 2010, Cannon was stopped by Petaluma Police Department Officers for an alleged equipment violation." (FAC, ¶ 26.)

During the traffic stop, Petaluma Police Officers Silva, Walker and Jucutan searched Cannon's BMW 750iL Sedan and found a legally stored firearm in the trunk, a HAM radio, Yellow LED strobe lights on all 4 corners required for his civil construction business, and other lawful items including a power inverter for remote operation of laptop computers.  (FAC, ¶ 28.)

All of this equipment is legal, and was returned to Plaintiff during the course of the stop.  (FAC, ¶ 29.)

Following this stop, Defendant Silva created and published a memo describing Cannon factually as a "police impersonator" and describing the legal items found in his car as "police equipment" during the January 27th (2010) stop…."  (FAC, ¶ 30.)

There are some general allegations and conclusions applicable to all Defendants that they were "acting under color of state law," "as police officers" and "in concert with each other." (FAC, ¶¶ 57-59.)  There are no other allegations involving City Defendants.

The remaining factual allegations in the First Amended Complaint pertain to Plaintiff's arrest on February 11, 2010 by Sonoma County Sheriff's Deputies (FAC, ¶ 35) and other events or circumstances surrounding that arrest that do not involve City Defendants.  (FAC, ¶¶ 31-56.)

Following these bare factual allegations against City Defendants are seven counts leveled against all Defendants, which may be summarized as follows:

Count 1        Unlawful Unreasonable Search and Seizure (§1983);

Count 2        False Arrest (§ 1983);

Count 3        Failure to Properly Train & Supervise (§ 1983);

Count 4        Withholding Evidence (§ 1983);

Count 5        Malicious Prosecution (California state law);

Count 6        Defamation Per Se (California state law);

Count 7        False Light Invasion of Privacy.

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

Plaintiff seeks declaratory relief, compensatory damages ($22,999.00), business damages ($9,945,751.60), special business damages ($100,000,000), punitive damages, attorney's fees, costs of suit and pre and post-judgment interest, among other things.  (FAC, Prayer, ¶¶ 1-12.)

## III.    ARGUMENT

### A.    The First Amended Complaint Must Be Dismissed Because it Fails to State a Claim Upon Which Relief Can Be Granted Against City Defendants.

The standard of pleading that a complaint must meet has been raised dramatically by the United States Supreme Court in the last three years, in its *Twombly* and *Iqbal* decisions. Conclusory or unwarranted deductions of fact, and unreasonable inferences, will not allow a complaint to stand.    The United States Supreme Court has made clear through a heightened standard that formulaic pleading alone will not allow a complaint to survive Rule 12(b)(6).  To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Id*. at 555.  Though a court is to assume plaintiff's allegations are true, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In 2009, the Supreme Court clarified that this standard requires plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). A claim is plausible only when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 1949, citing *Twombly*, 550 U.S. at 556.  The court is not obligated to accept as true "legal conclusions" contained in the complaint.  *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief."  *Id*. at 1950.  As the Ninth Circuit summarized after *Iqbal*, "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Ibqal*, at 1949).

The basic pleading standard for civil rights complaints calls for inclusion of clear, factual allegations in support of each cause of action, and that such allegations are not vague or based on mere conclusions. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Sherman v. Yaki*, 549 F.2d 1287, 1290 (9th Cir. 1977). Claims may be dismissed because they fail to allege sufficient facts to support any cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), *cert. denied*, 519 U.S. 1028, 117 S.Ct. 583, 136 L.Ed.2d 513 (1996). While the Federal Rules require merely that the complaint place defendants on notice of what it is they are being sued for, a plaintiff's pleading obligations are not non-existent. On the contrary, plaintiff must put forth a short, plain statement showing that they are entitled to relief. FRCP Rule 8(a)(1).

Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (1988).

Plaintiff's bare factual allegations against City Defendants do not pass the "smell test" established by the Supreme Court. The defects in Plaintiff's legal theories cannot be cured by amendment. City Defendants are entitled to dismissal.

### 1. There are no facts to support a section 1983 claim against individual Defendant Officers Silva, Jucutan or Walker

Counts 1 thru IV of the First Amended Complaint are brought pursuant to 42 U.S.C. § 1983 and appear to bepremised upon the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Defendants focus on the claims under the Fourth Amendment below.

/ / /

/ / /

/ / /

/ / /

1

2

### a.   Factual allegations do not tie Petaluma police officers to alleged deprivations.

3       In Count I, Plaintiff refers to a search of his home at night without probable cause.  (FAC,

4   ¶ 68.)  In Count II, Plaintiff refers to being seized without a warrant, searched and handcuffed.

5   (FAC, ¶ 73.)  In Count III, he refers to improper searches and the withholding of evidence proving

6   Plaintiff's innocence during the criminal proceedings.  (FAC, ¶¶ 79, 80.)  In Count IV, he refers to

7   a conspiracy to withhold evidence and to prosecute Plaintiff despite his alleged innocence.  (FAC,

8   ¶¶ 87, 88.)  However none of these charging allegations implicate Defendant Officer Silva, Officer

9   Jucutan or Officer Walker.  Plaintiff does not allege that any of them was present for a search of

10  Plaintiff's home at night, or acted without probable cause, withheld evidence, or was involved in

11  Plaintiff's criminal prosecution.  The totality of the allegations against Defendant officers –

12  beyond identifying them as Petaluma police officers acting in their individual and official

13  capacities – are allegations that they stopped Plaintiff for equipment violations, searched his

14  vehicle, and returned his equipment to him during the stop on January 27, 2010.  (FAC, ¶¶ 26-29.)

15  With respect to Officer Silva, furthermore, Plaintiff adds that he circulated or published a memo

16  providing information about Plaintiff to other law enforcement agencies which described the

17  equipment found in Plaintiff's car as police equipment, and describing him as a possible police

18  impersonator.  (FAC, ¶¶ 25, 30.)  These allegations do not establish purported violations of

19  Plaintiff's First, Fourth, Eighth or Fourteenth Amendment rights, individually or in the aggregate,

20  on which Plaintiff may premise a Section 1983 claim against the individual Defendant officers.

21  Thus, Plaintiff has not stated a cognizable claim against any individual Defendant officer and the

22  claims should be dismissed.

23

### b.   Probable cause existed at the time of the traffic stop and search of Plaintiff's vehicle on January 27, 2010 barring Plaintiff's Fourth Amendment claims for unreasonable search and seizure and false arrest.

24

25

26       To prevail on his § 1983 claim for false arrest, Plaintiff would have to demonstrate that

27  there was no probable cause to arrest him.  *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380

28  (9th Cir. 1998) citing *George v. City of Long Beach,* 973 F.2d 706, 710 (9th Cir. 1992); *see also*

*Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989) ("the existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution").

In making its determination, the Court looks to "the totality of the circumstances known to the arresting officers, [to determine if] a prudent person would have concluded there was a fair probability that [the defendant] had committed a crime." *U.S. v. Buckner* 179 F.3d 834, 837 (9th Cir. 1999); quoting *U.S. v. Garza,* 980 F.2d 546, 550.(9th Cir. 1992). Probable cause does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information." *Saucier v. Katz* 533 U.S. 194, 207 (2001). Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes. *John v. City of El Monte,* 515 F.3d 936 (2008); *citing with approval U.S. v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007). Further, "it is essential to avoid hindsight analysis, *i.e.,* to consider additional facts that became known only after the arrest was made." *Id.,* citing *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989).

Plaintiff does not outwardly call into question the lawfulness of the traffic stop or the search of his vehicle. He does not mention his arrest on an outstanding warrant. He mentions only that he was stopped for an alleged equipment violation, that his vehicle was searched, and that his equipment was returned to him during the stop. (FAC, ¶¶ 26, 28.) These facts establish the existence of reasonable suspicion and probable cause for the stop and search. They also disprove any seizure of Plaintiff's property. There are no facts establishing that a reasonable officer at the time of the stop would not have behaved the same way or that such behavior was violative of Plaintiff's rights. Because the First Amended Complaint establishes the existence of probable cause, Plaintiff's claims for unlawful search and seizure and false arrest against Officers Silva, Jucutan and Walker fail as a matter of law.

### c.  Defendants are entitled to qualified immunity.

While an officer who arrests an individual without probable cause may be found to violate the Fourth Amendment, this does not inevitably remove the shield of qualified immunity. In fact, Courts cannot hold an officer liable for making an arrest that, when seen with the benefit of

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

hindsight, turns out not to have been supported by probable cause.  As the Supreme Court observed in *Anderson v. Creighton* (1987) 483 U.S. 635, 641, "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials . . . should not be held personally liable."  *Skop v. City of Atlanta*,485 F.3d 1130, 1137 (2007), *citing with approval Anderson v. Creighton*.

Should this Court determine that any of the Defendant officers did not have probable cause, the Court should still need to apply the standard of "arguable probable cause," that is, whether "reasonable officers in the same circumstances possessing the same knowledge as defendants could have believed that probable cause existed to arrest."  *Lee v. Ferrano*, 284 F.3d 1188, 1195 (11th Cir. 2002).  As the Court has stated, this is "all that is required for qualified immunity to be applicable to an arresting officer."  *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001).  Whether a defendant is entitled to qualified immunity is a question of law for the Court to decide.  *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Plaintiff does not discuss his arrest by Petaluma police officers on an outstanding warrant. Even if he had done so, Plaintiff still cannot state a valid cause of action against Defendant officers under Section 1983 unless he can establish it was clear to the officers that their conduct was unlawful in light of preexisting law and circumstances.  *Anderson*, 483 U.S. at 640.  There are no facts suggesting as much in the First Amended Complaint.  Based on the facts as pled, the officers' conduct was objectively reasonable.  Thus, the Court may properly find qualified immunity applies and dismiss Plaintiff's Fourth Amendment claims against the individual defendant officers.

## 2.    The section 1983 claims against the City of Petaluma fail as a matter of law.

Plaintiff has filed a pleading which is bereft of any factual allegations against the City of Petaluma beyond identifying the City as a municipality and Chief Fish and Officers Silva, Jucutan and Walker as its employees, and generally asserting all seven counts against "Defendants" en masse without distinction.

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

To allege a Section 1983 claim against a municipality, here the City of Petaluma, plaintiff must plead facts showing (1) a constitutional right of which they were deprived, (2) a policy of the municipality (3) that the policy rose to "deliberate indifference" to the plaintiff's constitutional right, and (4) that the policy was the "moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992), *quoting City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989). *See also Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1997) (known as a "*Monell*" claim). The circumstances in which *Monell* liability may be found under Section 1983, furthermore, are "carefully circumscribed." *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

Plaintiff's First Amended Complaint is woefully deficient of any facts to establish a claim against the City. As discussed above, Plaintiff has not alleged facts showing a deprivation of a right under the Constitution. Plaintiff also has failed to plead facts showing an official policy, custom or practice of the City that was the moving force behind the alleged constitutional violation. The allegations in each of Plaintiff's four Counts do not implicate City Defendants or show any affirmative acts taken with deliberate indifference or otherwise link the City to any of Plaintiff's alleged injuries. Plaintiff therefore cannot allege a Section 1983 claim against the City.

Further, conclusions that the City failed to adequately train or supervise its offices are meaningless here. In Count III, Plaintiff generally asserts a failure to properly train and supervise. (FAC, ¶¶ 3, 6, 78-85.) However, these are legal conclusions which may be ignored in ruling on a motion to dismiss and which are insufficient to state a claim against the City as a matter of law. The heightened pleading standard of the Supreme Court's *Twombly* and *Iqbal* decisions had its roots in this very kind of conclusory legal jargon. Plaintiff has not alleged any plausible fact-based causation between any identifiable City policy or custom and his claims against the City should therefore be dismissed.

### 3.    Plaintiff does not state any cognizable claim against Chief of Police Dan Fish.

Individual defendants in a civil rights case have the right to a clear understanding of the nature of the grievances suffered by the plaintiff. The plaintiff's allegations must be sufficiently

specific so that the individual defendants can assess the viability of raising qualified immunity defenses, and so that a judge can determine the appropriateness of such defenses. *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1992). Plaintiff's pleading falls short. The only factual allegations in the First Amended Complaint that refer to Chief Fish are as follows:

> Defendant Dan Fish is the Chief of Police for the City of Petaluma, and as such, he is responsible for formulating, executing, and administering the City of Petaluma's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs and practices against Plaintiff. Defendant Fish is sued in his individual and official capacities. (FAC, ¶ 6.)

The seven Counts are pled against all Defendants generically. There are no specific facts establishing what Chief Fish allegedly did or did not do. Nor does Plaintiff identify the laws, customs or practices he is purportedly challenging in this lawsuit and attributes to Chief Fish. For all of these reasons, Plaintiff has not stated a cognizable claim against Chief Fish and the First Amended Complaint should be dismissed against him.

> ### 4.    Plaintiff's claims under the First, Eighth and Fourteenth Amendments fail as a matter of law.

Plaintiff asserts Defendant Officer Silva circulated a memo describing Plaintiff as a police impersonator on February 27, 2010. Plaintiff claims that he was subjected to an unreasonable search and seizure on February 11, 2010 by Sheriff's Deputies and later prosecuted unfairly.

Plaintiff cites the First, Fourth, Eighth and Fourteenth Amendments in support of his claims for "unlawful unreasonable search and seizure" (Count I), false arrest (Count II), and withholding evidence (Count IV). He concludes that all Defendants violated his rights as protected by these Amendments. He does not identify any specific provisions that were violated or the specific concern he is seeking to adjudicate.

Plaintiff's reliance on the First, Eighth and Fourteenth Amendments is misplaced. The First and Eighth Amendments do not explicitly or implicitly touch upon Plaintiff's allegations that he was unlawfully arrested or prosecuted. His claims invoking or appending these Amendments should therefore be dismissed.

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

Plaintiff throws in a reference to the First Amendment in Counts I, II and IV.  However, City Defendants are at a complete loss as to which of the provisions of the First Amendment apply to the factual circumstances or charges leveled against City Defendants.  Thus, on the facts alleged there appears to be no basis for a claim under the First Amendment.  To the extent Plaintiff's claims are premised upon the First Amendment they should therefore be dismissed.

The Eighth Amendment protects <u>prisoners</u> from cruel and unusual punishment and applies only "after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 393 & n. 6 (1989) citing *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977).  The Eighth Amendment is inapplicable to Plaintiff's claims.  Plaintiff was not convicted, sentenced, or imprisoned.  According to the First Amended Complaint, all charges against Plaintiff were dismissed.  (FAC, ¶ 50.)  Thus, the allegations of the First Amended Complaint simply do not implicate the Eighth Amendment.

Plaintiff's also attempts to assert claims for violation of the Fourteenth Amendment.  His claims should be dismissed.  "The guarantees of the first Eight Amendments stake out reliable limits to the exercise of government authority in particular situations. Thus, "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (*quoting Graham v. Connor,* 490 U.S. 386, 394 (1989).  The standard for evaluating all claims that a police officer improperly exercised his authority is the Fourth Amendment's reasonableness standard.  *Graham*, 490 U.S. at 394-395.  The Supreme Court reaffirmed the *Graham* rule in *Albright*, where the plaintiff alleged that the defendants violated his substantive due process rights by initiating a criminal prosecution without probable cause to believe he had violated state law.  *Albright*, 510 U.S. at 274.  The Court counseled that "[t]he Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id.*; see also *Brew v. City of Emeryville*, 138 F.Supp.2d 1217 (N.D. Cal. 2001) (dismissing plaintiff's Fourteenth Amendment Due Process claim because "[t]here is no substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal arrest or prosecution except upon probable cause.  Relief is only available under the Fourth Amendment").

13

Here, Plaintiff's Count I, II and IV are based upon an alleged unlawful search or seizure without probable cause and unfair prosecution. Under *Graham*, *Albright* and *Brew*, these types of claims must be evaluated in the context of the Fourth Amendment. Plaintiff's claims premised upon the Fourteenth Amendment based on the same conduct are therefore improper, duplicative and should be dismissed with prejudice.

If plaintiff meant to assert his claims under the Fourteenth Amendment's Equal Protection Clause, his claims are equally unmeritorious. To state a cause of action for denial of equal protection, plaintiff must show that he was treated differently from persons similarly situated and that the defendant acted with an intent to discriminate against plaintiff on the basis of his or her membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Plaintiff has not satisfied any pleading requirements to support such a claim. Plaintiff's claims premised on the First, Eighth, and Fourteenth Amendments should be dismissed with prejudice as to the City Defendants.

**B.      Plaintiff's State Common Law Claims Against City Defendants Must Be Dismissed.**

Plaintiff asserts three claims for malicious prosecution (Count V), defamation per se (Count VI), and false light invasion of privacy (Count VII) against City Defendants. All three claims are purportedly brought under "California State Substantive Law." (FAC, at pp. 13-15.)[1] Plaintiff's Counts V, VI and VII are invalid as pled against the City of Petaluma, a public entity, and its police officers.

---

[1] In Count V and VI, Plaintiff confusingly includes an allegation that Defendants' actions violated rights protected by the First, Fourth, Eighth, and Fourteenth Amendments. (FAC, ¶¶ 102, 111.) As discussed above, Plaintiff failed to establish a deprivation of his rights under these constitutional provisions in Counts I thru IV. The same analysis applies here to Counts V, VI and VII. Plaintiff also claims violations of Article I, Sections 1, 2 and 13 of the California Constitution without any context. (FAC, ¶¶ 90, 102.) These allegations are legal conclusions and do not support any of Plaintiff's claims against City Defendants.

---

14

1

**1.      Plaintiff's pleading is defective against City and its employees.**

2        California Government Code section 815 provides that "except as otherwise provided by

3   statute" a public entity is not liable for any injury, "whether such injury arises out of an act or

4   omission of the public entity or a public employee or any other person."  In other words, unless

5   there exists a specific statute that operates to impose tort liability upon a public entity, no such

6   liability can exist.  Section 815 appears in the section of the Government Code known as the

7   California Government Claims Act ("the Act").[2]

8        In addition, Government Code section 815.2 provides:

9           (a) A public entity is liable for injury proximately caused by an act
10          or omission of an employee of the public entity within the scope of
            his employment if the act or omission would, apart from this section,
11          have given rise to a cause of action against that employee or his
            personal representative.
12
            (b) Except as otherwise provided by statute, a public entity is not
13          liable for any injury resulting from an act or omission of an
            employee of the public entity where the employee is immune from
14          liability.

15   Accordingly, liability for employee torts is limited by statutory immunities applicable to either the

16   public entity (Gov't Code § 815(b) or the public employee (Gov't Code § 815.2(b).  (See CEB,

17   California Government Tort Liability Practice, 1999, 4th Edition, Section 9.7, "Liability for Acts

18   or Omissions of Public Employees in Scope of Their Employment," p. 399.)  A plaintiff may not

19   properly assert a common law cause of action against the City.  *Low v. City of Sacramento*, 7

20   Cal.App.3d 826, 831 (1970) ("government tort liability in California is entirely statutory").

21        Because the Act as codified in the Government Code requires that there be a statutory

22   predicate for all public entity tort liability, this Act, in turn, gives rise to two special pleading

23   rules.  These pleading rules exist whenever a plaintiff sues a public entity or the employees of a

24   public entity for acts arising in the course and scope of their employment, and consequently apply

25   to plaintiff's supplemental state law claims.

26

27   _____

28   [2] Also commonly referred to as the "California Tort Claims Act."

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

First, a plaintiff must set forth facts in his complaint sufficiently detailed ands specific to support an inference that each of the statutory elements of liability is met.  General allegations are regarded as inadequate.  *Mittenhuber v. City of Redondo Beach*, 142 Cal. App. 3d 1, 5 (1983); *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 809 (1969)(plaintiff must plead "with particularity," "every fact essential to the existence of statutory liability").  The California Supreme Court observed the reason for this requirement in *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976):

> The intent of the act [i.e., the Tort Claims Act] is not to expand the rights of plaintiffs in suits against the government, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied.

Second, the plaintiff "must plead facts sufficient to show his cause of action lies outside the breadth of any applicable statutory immunity."  *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal. App. 3d 882, 885-886 (1982). Therefore, a plaintiff who sues a public entity not only must show in his pleadings what particular statute imposes liability, but also that no particular statutory immunity applies to his case.  If a plaintiff fails to meet this pleading burden, a public entity's demurrer to his complaint must be sustained.  (*Keyes*, *supra*, 128 Cal. App. 3d at 884.)

Here, Plaintiff has not satisfied his pleading allegations.  Instead, Plaintiff attempts to assert common law causes of action against the City and its police officers for malicious prosecution, defamation per se and false light invasion of privacy.  These causes of action must be dismissed because, as discussed above, public entity liability in California must be based on statutory grounds.  Other than a blanket reference to "California state substantive law," Plaintiff does not cite to any statute to support any of his claims in Count V, VI and VII.  Because there is no statutory basis for any of plaintiff's state law causes of action against the City, they must be dismissed.  Plaintiff also does not plead around applicable provisions of the Government Code which confer immunity from liability upon City Defendants.  Plaintiff has not pled around these immunities. In certain cases, furthermore, those immunities bar Plaintiff's claims.

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                          [C 11-0651 PJH]

2.        **Plaintiff's state law claims are precluded in their entirety.**

a.        **City Defendants are immune under California Government Code § 820.2.**

Government Code section 820.2 provides:

> "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused."

Thus, whenever a public employee is called upon to exercise his discretion, § 820.2 protects him/her from liability for the consequences of doing so, "whether or not such discretion be abused." A police officer who exercises discretion within the scope of his or her duties cannot be held liable for damages resulting therefrom. *See Reynolds v. County of San Diego*, 858 F.Supp. 1064 at 1074 (1984), remanded in part on other grounds. This statutory immunity applies to detention and arrest situations and other occasions when a police officer is required to make discretionary decisions, even when he makes bad ones. *See Price v. County of San Diego,* 909 F.Supp. 1230 (1998) (interpreting Government Code § 820.2). For example, in *Watts v. County of Sacramento,* the immunity applied to a sheriff's deputy who responded to a call initiated by the owner of some farmland who was embroiled in a dispute with a tenant farmer and wanted the tenant removed from his land. The sheriff's deputy took the landowner's side, and forced the tenant to leave (with threats of arresting the tenant if the tenant chose to remain). After the tenant, left the landowner harvested the crops and converted them to his own use. The tenant sued the sheriff's deputy, claiming that the deputy had mishandled this controversy. Relying on Government Code section 820.2, however, the Court of Appeal determined that the deputy was immune. *Watts v. County of Sacramento,* 136 Cal. App. 3d 232, 235 (1982). As the *Watts* Court explained, "[a] decision to arrest, or to take some protective action less drastic than arrest, is an exercise of discretion for which a peace officer may not be held liable in tort." *Watts, supra,* 136 Cal. App. 3d at 234. This immunity is absolute, and protects the City and its officers notwithstanding the motives they are accused of having for the decisions made. *Caldwell v.*

*Montoya*, 10 Cal.4th 972, 983, 984 (1995) (immunity was found to apply even when the exercise of discretion was alleged to have been made for inappropriate and/or discriminatory motives).

Here, Plaintiff does not contest the lawfulness of the traffic stop or search of his vehicle or his arrest for an outstanding warrant.  Even if he were to do so, however, Defendant Officers Silva, Jucutan or Walker are immune from liability for their discretionary acts under section 820.2 If they are immune, furthermore, then so too is the City.  Gov't Code § 815.2(b).

### b.   Malicious prosecution claim is barred by California Government Code §§ 821.6 and 815.2(b).

Count V is purportedly a malicious prosecution claim brought under California law.  This claim mimics Plaintiff's earlier Count IV brought under Section 1983 entitled "Withholding Evidence."  Here, Plaintiff claims he was "factually innocent" of criminal charges brought against him by the Sonoma County District Attorney's Office after his arrest by Sonoma County Sheriff's Deputies on February 11, 2010.  Further, he asserts that Defendants unlawfully with[held] evidence favorable to the defense," "conspired to withhold evidence proving [his] innocence," and prosecuted Plaintiff even thought they aware of his alleged innocence. (FAC, ¶¶  94-100.)

Plaintiff does not state a claim for malicious prosecution against City Defendants.  First, Plaintiff fails to set forth specific facts tying City Defendants to his arrest on February 11, 2010 by Sonoma County Sheriff's Deputies, or to the criminal complaint filed by the Sonoma County District Attorney's Office charging Plaintiff with impersonating a police officer.  Even if there were some factual basis could be alleged, City Defendants are specifically immune from liability under statute.

Government Code section 821.6 states that "[a] public employee is not liable for injury caused by is instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Government Code section 815.2(b) states that "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."  Here, Officers Silva, Jucutan and Walker were acting within the scope of their employment as police officers for the City of

18

Petaluma when they stopped Plaintiff for equipment violations, searched his vehicle, arrested him on an outstanding warrant, prepared an incident/investigation report, and provided information on Plaintiff to surrounding law enforcement agencies.  Under section 821.6, they are not liable for injury caused by any subsequent arrest and/or criminal proceedings.  If they are immune, furthermore, then so too is the City under section 815.2(b).  Because the named City Defendants are absolutely immune from liability, Plaintiff cannot state a claim against them for malicious prosecution and City Defendants' motion to dismiss Count V should be granted.

> **c.   Defamation per se and false light invasion of privacy claims are barred by California Civil Code section § 47.**

Plaintiff attempts to sue City Defendants for defamation per se and false light invasion of privacy in Counts VI and VII.  He appears to be basing these claims on a single allegation that Defendant Officer Silva published or circulated a memo providing information on Plaintiff to other law enforcement agencies, opining that Plaintiff was a possible police impersonator, and inquiring as to similar incidents.  (FAC, ¶¶ 25, 30.)  In other words, Plaintiff is suing Officer Silva because he investigated an incident and prepared a police report and shared information with other law enforcement agencies.

California Civil Code §47 presents an absolute bar to Plaintiff's attempts to so sue City Defendants.  California Civil Code §47 provides in pertinent part:

> A privileged publication or broadcast is one made: [¶¶] (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law .... [¶] (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested....

In California, police reports are absolutely privileged under California Civil Code § 47(b)(3).  *Johnson v. Symantec Corp*. 58 F.Supp.2d 1107, 1109 (1999).  Plaintiff claims Officer Silva accused Plaintiff of being a police impersonator.  Officer Silva did so in the context of a police investigation and his conclusions are absolutely privileged.  If Officer Silva is not liable under applicable law, furthermore, then the City is not liable either.  Gov't. Code § 815.2(b).  As such, City Defendants' motion to dismiss Counts VI and VII should be granted.

The immunity conferred by section 821.6 has also been held to apply to defamation and other causes of action. *See Gillan v. City of San Marino,* 147 Cal. App. 4th 1033 (2007); *Kayfetz v. State of California*, 156 Cal. App. 3d 491, 492 (1984); *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1435-1437 (1988). Plaintiff's defamation case against City Defendants is accordingly barred under this provision as well and for this additional reason Counts VI and VII should be dismissed.

### C.      Plaintiff's Prayer for Punitive Damages Against City Defendants Must Be Stricken.

In his Prayer, Plaintiff seeks punitive damages against Defendants. California Government Code Section 818 provides:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

This provision makes clear that a plaintiff may not ever recover damages imposed to punish or make an example of a defendant from public entities. *See e.g., McAllister v. South Coast Air Quality Etc. District,* 183 Cal.App.3d 653, 660 (1986). The ban equally applies to punitive damages claims in federal cases brought under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

The City of Petaluma is a public entity who cannot be sued for punitive damages. Accordingly, Plaintiff's prayer for punitive damages against the City is improper and forbidden by law. City Defendants therefore request that Plaintiff's prayer be stricken from the First Amended Complaint at page 17, Line 12, Paragraph 8.

Plaintiff's prayer as to the individual Defendant officers should also be dismissed. To support a claim for punitive damages a plaintiff must show that a defendant acted with fraud, oppression or malice. *In Re First Alliance Mortgage Company,* 41 F.3d 977, 998 (9th Cir. 2006). Plaintiff has included the appropriate buzz words – he claims Defendants' conduct was undertaken in bad faith and with fraud, malice and oppression. However, he does not go one step further to allege specific facts establishing conduct that may be characterized as such. Specifically, the First

Amended Complaint is bereft of any allegations that Defendant officers did anything but carry out their official duties during a single encounter with Plaintiff on January 27, 2010.  For these reasons, any and all punitive damages allegations lodged against Officers Silva, Jucutan and Walker should be dismissed.

## IV.   CONCLUSION

For all of the foregoing reasons, City Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's First Amended Complaint and dismiss all claims against City Defendants, and each of them, with prejudice.  Additionally, City Defendants request that this Court strike Plaintiff's prayer for punitive damages.

Dated:  May 31, 2011

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____/s/_____

Kimberly M. Drake
Attorney for Defendants
CITY OF PETALUMA (erroneously sued as PETALUMA POLICE DEPARTMENT), DAN FISH, JOHN SILVA, BERT WALKER and JASON JUCUTAN

1653525.1

DEFS' NOT. / MOT. TO DISMISS, OR ALT., FOR A
MORE DEF. STATEMENT; P's & A's [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]