1  Kimberly E. Colwell, Esq. (SBN: 127604)
   kcolwell@meyersnave.com
2  Kimberly M. Drake, Esq. (SBN: 209090)
   kdrake@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, CA  94607
   Telephone: (510) 808-2000/Facsimile: (510) 444-1108
5

6  Attorneys for Defendants
   CITY OF PETALUMA (erroneously sued as PETALUMA POLICE
7  DEPARTMENT), DAN FISH, JOHN SILVA, BERT WALKER and
   JASON JUCUTAN
8

9

10            UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12

13  BENJAMIN PHILLIP CANNON,                Case No:  C 11-0651 PJH

14            Plaintiff,
                                           **CITY DEFENDANTS' REQUEST**
15  v.                                     **FOR JUDICIAL NOTICE IN**
                                           **SUPPORT OF MOTION TO**
16  CITY OF PETALUMA, et al.,              **DISMISS FIRST AMENDED**
                                           **COMPLAINT**
17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

---

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants City of Petaluma, Chief Dan Fish and Petaluma Police Officers John Silva, Bert Walker and Jason Jucutan (hereinafter collectively "City Defendants") respectfully request that this Court take judicial notice of the following exhibit submitted concurrently with Defendants' motion to dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rules of Evidence, Rule 201(f):

**Exhibit A**    Governmental Claim presented to the Petaluma City Manager's Office on or about June 7, 2010 by Arthur C. Chambers for Benjamin Phillip Cannon.

Judicial notice may be taken of official records along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986), 803 F.2d 500, 504. Judicial notice may be taken of official public records. Fed. R. Civ. P. 201; *Intri-Plex Technologies, Inc. v. Crest Grou* (9th Cir. 2007) 499 F.3d 1048, 1052 (matters of public record). The Court may take judicial notice of the attached governmental claim because it is an official public record of the City of Petaluma.

Dated: May 31, 2011

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____/S/_____

Kimberly M. Drake
Attorney for Defendants
CITY OF PETALUMA (erroneously sued as PETALUMA POLICE DEPARTMENT), DAN FISH, JOHN SILVA, BERT WALKER and JASON JUCUTAN

1654328.1

---

CITY DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
ISO MOT. TO DISMISS FIRST AMD. COMPLAINT                    [C 11-0651 PJH]

# EXHIBIT  A

## to

**CITY DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**LAW OFFICES OF ARTHUR C. CHAMBERS**
2095 Van Ness Avenue
San Francisco, California 94109
Telephone: 415-775-2144 Fax: 415-775-1308



June 3, 2010

Petaluma City Manager's Office
Attn: John C. Brown
111 English Street
Petaluma, CA 94952

RE:   The People of the State of California v. Benjamin Cannon
Case No.: SCR 578412

Dear Sir/Madam:

Enclosed please find the original and a copy of the following:

- **GOVERNMENTAL CLAIM**

in the above referenced matter.

Please file the original and return the filed-endorsed copies in the envelope provided.

If you have any questions please call our office at (415) 775-2144.

Very truly yours,

Maria Chung
for ARTHUR C. CHAMBERS

:mc

Enclosure(s)



# GOVERNMENTAL CLAIM

## TO: COUNTY OF SONOMA, CITY OF PETALUMA, TOWN OF SONOMA

Benjamin Cannon hereby makes this government claim against these entities in the sum of $100,000,000.00 jointly and severally.

Said claim arose of his false arrest, false imprisonment, malicious prosecution, proprietorial misconduct, conspiracy to deprive civil rights, and defamation by these entities. The dates of the imprisonment and arrest are: February 11, 2010, and the prosecution continued, without probable cause, to March 16, 2010. The individuals involved in the above action were:

1. Detective James Naugle of the Sonoma County Sheriff's department,
2. James Casey, Deputy District Attorney,
3. An unnamed officer in the Town of Sonoma,
4. Unknown officers in the City of Petaluma,
5. Unknown officers in the Sonoma County Sheriff's department,
6. Unknown officers in the Sonoma County Sheriff's department as contracted to the Town of Sonoma Police Department.

## BASIS OF THE CLAIM

Claimant was arrested on or about February 11, 2010, based upon an alleged identification by an alleged victim of what was called an unauthorized stop by someone allegedly impersonating a police officer. The law enforcement agencies fell below the standard of care in their investigation of the alleged incident in that they allegedly did not conduct an appropriate "line up", did not investigate the individual making the claim to ascertain if that person had an ulterior motive, and during the course of that investigation discovered facts which would have exonerated claimant, and knowingly concealed that information from claimant's counsel, who later discovered that evidence. A true copy of the letter sent to Detective James Naugle regarding that issue is attached hereto, labeled Exhibit 1 and incorporated as though fully set forth herein. After the relevant police authorities discovered that counsel for claimant had discovered the evidence without their assistance, the charges were dismissed by them against claimant.

Despite the knowledge of the exonerating evidence, and to further the conspiracy of the individuals involved, the individuals refused to agree that claimant was innocent, and when a motion, pursuant to the Penal Code was filed with the court, attempted to defeat claimant's motion that he be declared innocent. A true and correct copy of the pleadings filed by claimant are attached hereto, labeled Exhibit 2 and incorporated as though fully set forth herein. A true copy of the opposition filed by James Casey is attached hereto, and is hereby incorporated as though fully set forth herein.

Additionally, after the charges against Claimant were dismissed, the Sonoma County Sheriff's department continued to publish defamatory material about him. Those publications were not privileged and accused him of criminal activity. The publications were not done in the course of

the litigation, and therefore are not privileged under Civil Code 47. The publication of those defamatory material caused Claimant to lose substantial business.

Claimant is informed and believes and thereon alleges that the arrest, the prosecution, and the publication were all done with the intent to cause him to fail in his business. Plaintiff contends that the Sonoma County Sheriff's department was discussing this matter with individuals not connected to said department, and who had the intent to cause claimant's business to fail which would benefit friends of those individuals.

As a direct and proximate result of the acts alleged herein, Claimant sustained the loss of several large customers to his business to his damage in the sum of $100,000,000.00. The governmental authorities listed here are jointly and severally liable for those losses.

Dated: 6/3/2010

Arthur Chambers, attorney for
Benjamin Cannon

EXHIBIT 1

# LAW OFFICES OF ARTHUR CHAMBERS

2095 Van Ness Avenue
San Francisco, CA 94109
Voice: 415-775-2144, Fax: 415-775-1308

VIA FAX ONLY

March 10, 2010

Jim Naugle, Detective
Sonoma County Sheriff's Office
2796 Ventura Avenue
Santa Rosa, CA 95403

Re: People v. Cannon

Dear Detective Naugle:

I left you a voice mail regarding Mr. Cannon and the witness who was with him on the evening in which it is claimed that he committed the crime he is charged with. When I inspected the evidence at the informal discovery at the Sheriff's office, I had shown you a photocopy of the credit card receipt which Mr. Cannon signed and when he purchased dinner in Sacramento, some 12 minutes before the alleged incident. As you know, those facts would make it impossible for him to have had any connection to the incident.

After I left you the voice message, I called AT&T to confirm that they would be producing the cellular records for his phone, specifically the location of various calls and text messages that he made while in route to Sacramento and while he was there. What I discovered is that on February 18, 2010, your office had subpoenaed those records.

The bottom line is that if anyone had bothered to look at those records, they would have discovered that Mr. Cannon's phone was being used in Sacramento at or about the time the alleged victim claimed the incident occurred. I've got to tell you that this information leaves a very bad taste in my mouth, because you had exculpating information which was not provided at the informal discovery. Indeed, his cell phone contained virtually the same information, which you had immediately when the search warrant was served. If there is any other such information I would like to have it as soon as possible.

I've left you my cell phone number. Please call me before the preliminary hearing, or have the individual at the District Attorney's office give me a call.

Very truly yours,

Arthur Chambers
acc/hms

```
TRANSMISSION VERIFICATION REPORT
```

```
                                         TIME  : 03/10/2010 18:34
                                         NAME  : LAW OFFICES
                                         FAX   : 4157751308
                                         TEL   : 4157752144
                                         SER.# : BROL7J724406
```

```
DATE,TIME              03/10  18:34
FAX NO./NAME           17075652414
DURATION               00:00:17
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# LAW OFFICES OF ARTHUR CHAMBERS

2095 Van Ness Avenue
San Francisco, CA 94109
Voice: 415-775-2144, Fax: 415-775-1308

VIA FAX ONLY

March 10, 2010

Jim Naugle, Detective
Sonoma County Sheriff's Office
2796 Ventura Avenue
Santa Rosa, CA 95403

Re: People v. Cannon

Dear Detective Naugle:

I left you a voice mail regarding Mr. Cannon and the witness who was with him on the evening in which it is claimed that he committed the crime he is charged with. When I inspected the evidence at the informal discovery at the Sheriff's office, I had shown you a photocopy of the credit card receipt which Mr. Cannon signed and when he purchased dinner in Sacramento, some 12 minutes before the alleged incident. As you know, those facts would make it impossible for him to have had any connection to the incident.

After I left you the voice message, I called AT&T to confirm that they would be producing the cellular records for his phone, specifically the location of various calls and text messages that he made while in route to Sacramento and while he was there. What I discovered is that on February 18, 2010, your office had subpoenaed those records.

EXHIBIT 2

1   STEPHAN R. PASSALACQUA, SBN 138293
    District Attorney, County of Sonoma
2   Hall of Justice, Room 212-J
    600 Administration Drive
3   Santa Rosa, CA  95403
    (707) 565-2311
4
    JAMES PATRICK CASEY, SBN 95727
5   Deputy District Attorney

6   Attorney for the People

7

                 ENDORSED
                 FILED

                 APR 0 6 2010

          SUPERIOR COURT OF CALIFORNIA
                COUNTY OF SONOMA

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

9   THE PEOPLE OF THE STATE OF          ) Court No.: SCR-578412
    CALIFORNIA,                         )
10                                      ) D.A. No.:  DAR-614233
                          Plaintiff,    )
11                                      ) Courtroom No.: 4
                                        )
12                  v.                  ) PEOPLE'S OPPOSITION TO
                                        ) PETITION FOR A FINDING
13                                      ) OF FACTUAL INNOCENCE
    BENJAMIN PHILIP CANNON,             ) PURSUANT TO PENAL CODE
14                                      ) SECTION 851.8
                          Defendant.    )
15  _____    ) Hrg: Apr. 19, 2010 at 1:30 p.m.

16

17                               I.

18                    STATEMENT OF THE CASE

19      Defendant BENJAMIN PHILIP CANNON (hereinafter "Defendant") was

20  charged by way of Felony Complaint in SCR-521521 with violation of Penal

21  Code § 146a(b), unlawful impersonation of a peace officer (Count I), and

22  violation of Penal Code § 236, false imprisonment (Count II).  The alleged

23  offenses occurred on February 4, 2010.

24      On March 16, 2010, the case against Defendant was dismissed on the

25  People's motion pursuant to Penal Code § 1385.

26      Defendant now moves the court for a finding of factual innocence

27  pursuant to Penal Code § 851.8.  The People oppose Defendant's motion in

28  its entirety and request that it be denied.

              OPPOSITION TO PETITION FOR A FINDING OF FACTUAL INNOCENCE

## II.

## STATEMENT OF THE FACTS

The following facts are informed from the Incident/Investigation Reports of Officer Eric Haufler and Detective James Naugle of the Sonoma Police Department.

On February 4, 2010, at approximately 11:00 p.m., Christina Burnett was traveling westbound on Napa Road about five minutes east of the City of Sonoma. As she was traveling towards Santa Rosa from Napa, she was pulled over on Napa Road by what she thought was an unmarked police vehicle. The vehicle displayed a single red light, but it was not a really dark red light - Ms. Burnett stated that it was clear or faded. After she pulled over, she was contacted by a man in plain clothes wearing a hooded sweatshirt/jacket. The man quickly flashed what looked like a badge, and asked for her identification. Ms. Burnett said the man refused to tell her the reason for the stop. She told the man she did not feel comfortable giving her ID to him and told him she would do so if he could have a marked unit arrive on scene. The man became uncomfortable and walked back to his car. As Ms. Burnett watched him walk back to his car, she noticed the hood of the vehicle was a darker color than the rest of the vehicle. She then observed the vehicle reversing away from her. The driver made a U-turn and left the scene behind her. Ms. Burnett then drove to her home in Santa Rosa, and told her boyfriend about the incident. He advised her to call the police and report the incident.

Ms. Burnett said the red light appeared to be mounted in the upper left hand corner of the vehicle. The lights did not flicker at all.

Ms. Burnett described the man as a white male, unknown age with facial stubble and dark eyebrows. He was approximately 6'1" with a medium build.

1    Officer Haufler had the Sonoma County Dispatch Center place a "Be On

2  Lookout/stop" and "False Imprisonment" on the vehicle and driver, to

3  surrounding agencies.  Haufler later received information that a Petaluma

4  Police Officer stopped a BMW (CA Lic. No. USCA01) for equipment violation.

5  Upon inspecting the vehicle, it was found the BMW was set up with police

6  equipment.  Petaluma Police also stated the driver (Defendant, Benjamin

7  Cannon) had a previous arrest for impersonating a Peace Officer on

8  September 3, 1999.  This charge was dismissed upon conviction of another

9  charge.  Detective Naugle attempted to obtain a copy of the 1999 case from

10  the Highway Patrol, but they advised that the case had been purged.

11    On February 11, 2010, Detective Naugle received a flier from the

12  Petaluma Police Department.  This flier was providing information on a

13  possible police impersonator, identified as Defendant, Benjamin Cannon.

14  During a traffic stop, Petaluma Police Department Officer John Silva arrested

15  Defendant for outstanding warrants for his arrest.  Officer Silva found that

16  Defendant's vehicle, a 2001, silver BMW with paper plates, was equipped

17  with various police type equipment.  The vehicle had a loudspeaker in the

18  front grill, strobe lights in the headlights, a scanner, handcuffs, and a siren.

19  These modifications were not noticeable upon casual inspection.

20    The flier described Defendant as a white male, 6'2" tall and 185

21  pounds.  The photo showed that he also had dark eyebrows.  Because

22  Defendant's physical description matched that of the one reported by Ms.

23  Burnett, Detective Naugle decided to show her a photo line-up containing

24  Defendant's photo with five similar photos.

25    Detective Hanshew responded to Ms. Burnett's workplace and showed

26  her the photo line-up.  After viewing the photos, Ms. Burnett pointed to the

27  photo of Defendant and told Detective Hanshew that was him.  Ms. Burnett

28  said she was 80 percent sure it was Defendant.

1    Defendant listed two addresses on his driver's license.  The mailing

2  address is listed as 1083 Vine Street, #215, Healdsburg, CA.  This is post

3  office box type mail drop.  The other address listed is 1117 East Sunnyslope

4  Road, Petaluma, CA.  This is the same address Defendant listed for his

5  parents, and emergency contact, when he was arrested and booked by

6  Officer Silva on January 27, 2010.

7    Detective Naugle authored a search warrant for the 1117 East

8  Sunnyslope Road address.  The warrant was signed by the Honorable Judge

9  Mark Tansil at approximately 11:35 p.m., on February 11, 2010.  At

10  approximately 10:30 p.m., on February 11, 2010, Defendant was taken into

11  custody by Sonoma County Sheriff's Department Detectives.

12    The search warrant was served on the residence.  Numerous firearms,

13  ammunition, and magazines were located.  A finger print kit and dash-

14  mounted strobe light were found in Defendant's bedroom of the residence.

15  In Defendant's pickup truck (Lic. # CAL002) a dark hooded jacket was

16  found.  In Defendant's BMW a scanner, strobe light, handcuffs, and a siren

17  were found.

18    Detective Naugle contacted Defendant at the Sheriff's Department

19  main office and advised him of his *Miranda* rights, which Defendant invoked.

20  Detective Naugle terminated the interview.  Detective Naugle noted that

21  Defendant became upset with the charge of false imprisonment.  Defendant

22  would look at the booking sheet and tap the charge with his finger.

23  Defendant told Detective Naugle that if it was false imprisonment, someone

24  would have to be imprisoned.  Defendant never complained about or argued

25  the impersonating an officer charge.

26  //

27  //

28  //

# III.

# ARGUMENT

## A. DEFENDANT IS NOT ENTITLED TO A FINDING OF FACTUAL INNOCENCE.

California Penal Code § 851.8(c) allows a criminal defendant to petition the court for a factual innocence finding where an accusatory pleading has been filed but no conviction occurred.  However, the fact that no conviction has occurred is not itself sufficient grounds for a factual innocence finding, and the former defendant bears the burden of demonstrating that no reasonable cause exists to believe the defendant committed the charged offenses.  (*People v. Adair* (2003) 29 Cal.4th 895, 906.)

In *Adair* the jury found the defendant not guilty of the charged offenses.  The defendant then petitioned the court for a finding of factual innocence, which the trial court granted.  The People appealed, and the Court of Appeal reversed, holding that the trial court abused its discretion. The California Supreme Court affirmed, stating that, "The arrestee [or defendant] thus must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that the person arrested [or acquitted] is guilty of the crimes charged. [Citation.]" (*Id.* at 904.)  The Court emphasized that, "a finding of factual innocence '*shall not be made unless* the court finds that no reasonable cause exists to believe' the defendant committed the offense charged."  (*Id.* at p. 906, original italics.)

The Court stated, "To be entitled to relief under section 851.8, '[t]he arrestee [or defendant] thus must establish that facts exist which would lead no person of ordinary care and prudence to believe or conscientiously entertain any honest and strong suspicion that the person arrested [or acquitted] is guilty of the crimes charged." (*People v. Adair, supra,* 29

1  Cal.4th at p. 904, citation omitted.)

2  "In determining at a court hearing whether factual innocence exists,

3  the arrestee bears the preliminary burden of establishing that 'no reasonable

4  cause exists to believe that [he] committed the offense. (Citation.)" (*People*

5  *v. Matthews* (1992) 7 Cal.App.4th 1052, 1056.)

6  In the present case Defendant had numerous law enforcement items in

7  his vehicle and residence including strobe lights, scanner, finger print kit,

8  siren and handcuffs. A hooded sweatshirt was found in Defendant's pickup

9  truck. This is the type of garment the impersonator was wearing when he

10  stopped the Ms. Burnett. She described the impersonator as having dark

11  eyebrows. Defendant also has dark eyebrows. Ms. Burnett described the

12  man as being about 6'1" and medium build. Defendant is 6'2" and 185

13  pounds.

14  Detective Naugle showed Ms. Burnett a photo lineup containing six

15  photos, one of which was Defendant. Ms. Burnett picked out Defendant's

16  picture from the lineup and said she was about 80 percent sure it was the

17  man that stopped her on February 4, 2010.

18  Defendant has presented evidence of his cell phone and credit card

19  records showing they were used in Sacramento at the same time Ms. Burnett

20  was being stopped. But this only shows that the cell phone and credit card

21  were in Sacramento. It does not prove Defendant was in Sacramento.

22  Furthermore, the signature at the bottom of Defendant's "Declaration

23  of Benjamin Cannon in Support of Petition for Finding of Factual Innocence"

24  and the signature on the credit card receipt from BJ's Restaurant Brewhouse

25  do not match. (See Exhibit A attached.)

26  Additionally, Defendant made comments about the false imprisonment

27  when viewing the booking sheet to the effect that a person would have to be

28  imprisoned to be charged with that offense. Defendant never complained

OPPOSITION TO PETITION FOR A FINDING OF FACTUAL INNOCENCE

1   about the charge for impersonating a peace officer.

2       Defendant has a prior arrest for impersonating a peace officer on

3   September 3, 1999.

4       Based on the above, there was sufficient cause to arrest Defendant for

5   the two offenses.  Therefore, Defendant is not entitled to a finding of factual

6   innocence.

7                                    IV.

8                              CONCLUSION

9       On the basis of the foregoing facts, statutes, and case law, the People

10  respectfully request that Petitioner's motion be denied at this time.

11

12  DATED: _____        Respectfully submitted,

13                                      STEPHAN R. PASSALACQUA, District Attorney
                                        County of Sonoma, State of California
14

15

16  BY: _____
                                        JAMES PATRICK CASEY
17                                      Deputy District Attorney

18                                      Prepared by: Andrew Quinn, Certified Law Clerk

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SONOMA

I, the undersigned, state that I am employed in the County of Sonoma; I am over eighteen years of age and not a party to the within-entitled action; my business address is Hall of Justice, 600 Administration Drive, Santa Rosa, California, 95403-2870.

I am serving today the following document(s) described in

PEOPLE'S OPPOSITION TO DEFENDANT'S PETITION FOR FINDING OF FACTUAL INNOCENCE PURSUANT TO PENAL CODE § 851.8;

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follow:

I.    Arthur Chambers                         Attorney for Defendant
       Attorney at Law                        BENJAMIN PHILIP CANNON
       2095 Van Ness Avenue               SCR-578412
       San Francisco, CA  94109

 **BY MAIL:** I am "readily familiar" with this office's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Santa Rosa, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one mailing day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:** I am serving said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone number(s) of the sending facsimile machine is 707-565-2482 or 707-565-2762.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.  I am prepared to present a transmission report confirming that the transmission was complete and without error issued by the sending facsimile machine (or the machine used to forward the facsimile).

☐   **BY HAND DELIVERY:** I caused such document(s) to be delivered by hand to the office or proper representative of the addressee(s).

☐   **BY ATTORNEY BOX:** I caused such document(s) to be delivered to the specified courthouse box of the foregoing attorney and/or firm. Box:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 6, 2010, at Santa Rosa, California.

Andrew Quinn, Certified Law Clerk

EXHIBIT A

LAW OFFICES

1   and believe that the Sheriff's department has admitted that they subpoenaed my telephone

2   records which substantiated the fact that I was in Sacramento at the time of the alleged

3   occurrence.

4   Dated: *March 17*, 2010

5

6

7                                                   Benjamin Cannon

8

0613
Server: CHRISTY 20 R 01287D        Rec:403
02/04/10 22:46, Swiped   T: 312 Term: 1

JJ's RESTAURANT BREWHOUSE
3531 N. FREEWAY BLVD.
SACRAMENTO, CA 95834
(916)570-1327
MERCHANT #:

CARD TYPE      ACCOUNT NUMBER
VISA           XXXXXXXXXXXX5737
Name: BENJAMIN P CANNON
NO TRANSACTION APPROVED
AUTHORIZATION #: 060880
Reference: 020401000081a
TRANS TYPE: Credit Card SALE   A

CHECK:                  54.92

TIP:                     8.00

TOTAL:                  62.92

CARDHOLDER WILL PAY CARD ISSUER ABOVE
AMOUNT PURSUANT TO CARDHOLDER AGREEMENT
PLEASE LEAVE SIGNED COPY FOR SERVER.

1

## PROOF OF SERVICE

2       I am a resident of the United States. My business address is 2095 Van Ness Ave., San Francisco, CA 94109. I am employed in the County of San Francisco where this service occurs.

3 I am over the age of 18 years and not a party to the within action.

       On the date set forth below, following ordinary business practice, I served the foregoing

4 document(s) described as:

5

GOVERNMENTAL CLAIM

6 to the following partie(s):

7   James Patrick Casey, Esq.             Board of Supervisors
    District Attorney, County of Sonoma     County of Sonoma

8   600 Administration Dr., Room 212-J     575 Administration Drive, Room 100A
    Santa Rosa, CA 95403             Santa Rosa, CA 95403

9   Fax No. 707-565-2762

10  Jim Naugle, Detective            City Hall of Sonoma
    Sonoma County Sheriff's Office       No. 1 The Plaza

11  2796 Ventura Avenue             Sonoma, CA 95476
    Santa Rosa, CA 95403

12

    Petaluma City Manager's Office

13  Attn: John C. Brown
    111 English Street

14  Petaluma, CA 94952

15

16 [X]   **(BY MAIL):** Enclosed in a sealed envelope. I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

17

18 []    **(BY FACSIMILE)** C.C.P. § 1013(e): I transmitted a true and correct copy by facsimile to the number indicated above.

19 []    **(BY PERSONAL SERVICE):** I caused such envelopes to be delivered by hand this

20     date to the offices fo the addressee(s).

21 [ ]   **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on

22     whom it is to be served.

23 [X]   **(STATE):** I declare under penalty of perjury under the laws of the State of California that

24     the forgoing is true and correct.

25 [ ]   **(FEDERAL):** I declare that I am employed in the office for a member of the Bar of this Court at whose direction the service was made.

26

27 Executed on June 3, 2010 at San Francisco, California.

28

_____

Maria Chung

Assistant to ARTHUR C. CHAMBERS