1  Benjamin P Cannon
   1083 Vine St #215
2  Healdsburg, CA 95448
   discovery@42usc1983.net
3  (650) 276-5466 fax

*FILED*

*JUL - 1 2011*

4           IN THE UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6

7  BENJAMIN PHILIP CANNON, an individual,        Case No: CV11 0651 PJH

8              Plaintiff,
                                                 **OPPOSITION TO CITY**
9       vs.                                      **DEFENDANTS MOTION TO DISMISS,**
                                                 **MOTION FOR MORE DEFINITE**
10  CITY OF PETALUMA, et al.                     **STATEMENT.**

11             Defendants.

12

13

14  1.  City Defendants filed a Motion to Dismiss / or Motion for More Definite Statement.  Said

15      motion, while elaborately constructed, relies largely on inapplicable or overturned law.

16      Rather than engage in an extensive point by point debate, Plaintiff will simply assert the valid

17      law surrounding the issues he set forth in his FAC.

18  2.  On a motion to dismiss, the sole issue is whether under the facts alleged in the plaintiff's

19      complaint it appears to a certainty that the plaintiff is entitled to no relief. Holmes v. Silver

20      Cross Hospital of Joliet, Illinois, 340 F.Supp. 125 (N.D.Ill.1972). A complaint should not be

21      dismissed unless it appears that the plaintiff could prove no set of facts in support of her

22      claim which would entitle her to relief. U.S. Steel Corp. v. Multistate Tax Commission, 367

23      F.Supp. 107 (S.D.N.Y.1973). Furthermore, it is well settled that for purposes of a motion to

24      dismiss, the well pleaded material allegations of the complaint are taken as true. 2A Moore's

25      Federal Practice 2267, ¶ 12.08 n. 3.

26                              **ARGUMENT**

27

28                      **City Defendants are in default.**

Opposition to MOT to dismiss & more def statement. - Page 1 of 6  [C 11-0651 PJH]

3.  The court need not reach this motion at all.

4.  City Defendants were served with a Summons, FAC, and Complaint on May 5, 2011.

5.  City Defendants entered default on May 26, 2011.

6.  City Defendants' 79 lawyers were noticed of their default May 27, 2011, and made no attempt to cure it.

7.  City Defendants did not file their motion until May 31, 2011.

### Claims have been adequately stated

8.  All claims in the FAC have been adequately plead against all defendants. Should it please the court, Plaintiff will request leave to amend to more fully set forth his claims by explicitly identifying the respective defendants.

### City Defendants were involved with Feb 11, 2010 raid

9.  The sworn assertion that the City of Petaluma was unaware of and did not assist with the service of a prepared warrant carried out within their city limits is an affront to the intelligence of this court.

10. Plaintiff observed a Petaluma Police Department vehicle moving to block the road while he was being transported from the scene. If the City Defendants to not strike this portion of their motion, Plaintiff respectfully requests leave of the court to file a Second Amended Complaint which will set forth the City Defendants' actions more explicitly.

11. This is not an isolated incident. Petaluma Police detained without probable cause, harassed and intimidated Plaintiff on 3 separate occasions during the month of February 2010, at one time detaining him for 4 hours on the side of the road while looking for a Penal Code to charge him with for amber warning lights they "didn't like" but otherwise "aren't illegal".

12. It is Plaintiff's allegation that City Defendants engaged in a pattern of willful violations of Plaintiff's constitutional rights, beginning with traffic stops.

13. Discovery will reveal the true and full extent of City Defendants participation in the Feb 11, 2010 raid and in other violations of Plaintiff's civil rights.

**Defendant John Silva's Memo and applicability of Tort Law against City Defendants**

14. California Government code Sections 815 protects only acts arising in the course and scope of their employment.  Plaintiff argues that the memo painting him in not an alleged, but a factual and false light as a "POLICE IMPERSONATOR" and the subsequent publishing of it outside law enforcement channels to his Facebook and email friends was not an official act, but rather an act that under California Government Code Section 815.2 "would have given rise to a cause of action against that employee or his personal representative."

15. City defendants assert defense under Government Code Section 820.2, the section covering abuse of discretion.  Plaintiff argues that the activities in preparing and distributing the memo, and communicating and encouraging those who published it or caused it to be published, are not acts to which a law enforcement officer is entitled discretion in the first place.  This is not a case of abuse of power or discretion, this is a case of police officers acting entirely outside the bounds of their discretion, as such tort liability is sustained.

16. Simply put, presenting a mere suspicion as a criminal conviction is not a discretionary act.

17. In Elder v. Anderson (1962) 205 Cal.App.2d 326, 331 [23 Cal.Rptr. 48], the court defined discretionary acts as "those wherein there is no hard and fast rule as to the course of conduct that one must or must not take and, if there is a clearly defined rule, such would eliminate discretion." There is a bright line rule as to the course of conduct of presentation of alleged criminal activity.  The well known case of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) establishes the strongest test for defamation - that a statement must made with knowledge of it's falsity is presumed to be made with actual malice.  City Defendants, including Silva, admitted to obtaining Mr. Cannon's Criminal History, which will show that Mr. Cannon had never been Convicted of impersonating a police officer.  Yet they circulated a report that factually stated Mr. Cannon was a convicted "Police Impersonator", knowing this to be false.  At that time, Mr. Cannon had never been arrested for impersonating a police officer, and to date he has never been convicted for anything of the sort.  Indeed, Mr. Cannon's criminal record contains no convictions for anything besides speeding related

1   vehicle code violations, yet City Defendants also claimed in the flier that Mr. Cannon had an

2   "extensive criminal history".  Plaintiff would postulate that City Defendants are aware of the

3   difference between a suspicion of a crime – and a conviction.

4

5   **Malicious Prosecution**

6   18. Government Code section 821.6 and 815.2(b) are superseded by the Supreme Court.  Even

7   the absolute immunity ordinarily afforded prosecutors is no longer available if a pattern of

8   misconduct can be shown *(Connick v. Thompson ( No. 09-571 ) 578 F. 3d 293.)* Plaintiff can

9   show a pattern of seizures without probable cause perpetrated by City Defendants.

10

11  **Defamation per se**

12  19. Plaintiff argues that the communications made in officer Silva's memo were not made in a

13  legislative, judicial, officially authorized, or malice-free manner to an interested person.

14  Thus protection under California Civil Code 47 evaporates.

15

16  **Eighth Amendment**

17  20. Plaintiff will dismiss his Eighth Amendment claims in a subsequent motion.

18

19  **Equal Protection and the Fourteenth amendment**

20  21. Plaintiff contends that the traffic stop Jan 27, and the subsequent arrest and transport for a

21  mere past-due speeding ticket violated his rights under the 14th amendment in that he was

22  trated differently from persons similarly situated. (traffic ticket FTAs are to be cited out by

23  firm department policy.  See *Esmail v. Macrane*, 53 F.3d 176 (7th Cir. 1995), and reaffirmed

24  recently in *Olech v. Village of Willowbrook*, No. 98-2235, Slip Op. (7th Cir. 11/12/98)

25  Discovery will reveal that City Defendants used an arrest and transport as an artifice to

26  unlawfully search Plaintiff's vehicle and person.  Their disparate treatment of Plaintiff was

27  based upon sheer vindictiveness, maliciousness, animosity and spite. City Defendants

28  orchestrated a campaign of official harassment and harbor Substantial ill will towards

Plaintiff due to Plaintiff's opposition of parking tickets and his exercise of constitutional rights by way of declining a consent search. Their repeated traffic stops made without probable cause evidence this, and their heavily redacted report contains further evidence that the Court should see in it's entirety.

22. Should it please the Court, Plaintiff will, with leave, file a Second Amended Complaint eliminating any statements that are conclusory.

**Punitive Damages**

23. Punitive damages become a discretionary matter for the jury in a section 1983 action when "the defendants conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). The supreme court decision supersedes all of City Defendants' lengthy challenges.

**CONCLUSION**

24. For all the forgoing reasons, Plaintiff requests that the court Deny the City Defendants' motion to dismiss, motion for more definite statement, and request to strike the prayer for punitive damages. Plaintiff requests that, should it please the court, he be granted leave to file a Second Amended Complaint which will more accurately set forth facts to sustain his claims in absence of discovery.

25. This declaration is made from my own personal knowledge, and if called as a witness, I would be competent to testify to those facts contained herein. I declare under penalty of perjury the forgoing is true and correct.

Date: June 28, 2011          By:     /s/Benjamin P Cannon
                                      Benjamin P Cannon

1  **CERTIFICATE OF SERVICE**

2

3  The undersigned certifies that the forgoing was filed with the Clerk of the Court and served on

4  all parties as indicated below.

5

6      Electronically to:

7

8  1.  The "Sonoma Defendants" (The County of Sonoma (including the Sonoma County
       Sheriff's Office); the City of Sonoma (including the Sonoma Police Department); former

9      Sonoma County Sheriff-Coroner William Cogbill; Sonoma County Sheriff's Deputies
       James Naugle, Christopher Spallino, Eric Haufler, Jesse Hanshew, Shawn Murphy, and

10     Perry Sparkman; former Sonoma County District Attorney Stephan Passalacqua; and
       Sonoma County Deputy District Attorneys James Casey and Robert Waner.

11     (Via their counsel of record, Anne Keck AKECK@sonoma-county.org and

12     rosman@bfesf.com)

13 2.  Defendants City of Petaluma, Petaluma Police Department, Dan Fish, John Silva, Bert
       Walker, Jason Jucitan (Via their counsel of record Kimberly Drake

14     kdrake@meyersnave.com and Kim Colwell kcolwell@meyersnave.com)

15

16 3.  Defendant Sorinne Ardeleanu -
       (Via sorinne@yahoo.com)

17

18
   4.  Defendant The Sonoma Sun-
19     (Via news@sonomasun.com)

20

21 Date: June 28, 2011

22                                      By: /S/Benjamin P Cannon
                                        Benjamin P Cannon
23

24

25

26

27

28