BRUCE D. GOLDSTEIN #135970
County Counsel
ANNE L. KECK #136315
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: akeck@sonoma-county.org

RICHARD W. OSMAN #167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
E-mail: rosman@bfesf.com

Attorneys for Sonoma Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP CANNON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF PETALUMA, et al.,<br><br>　　　　Defendants. | Case No.: CV 11-0651 PJH<br><br>**STIPULATION TO EXTEND SONOMA DEFENDANTS' TIME TO FILE ANTI-SLAPP MOTION UNDER CAL. CCP SECTION 425.16(f); [~~PROPOSED~~] ORDER**<br><br>Complaint Filed: February 11, 2011 |

　　　　This joint stipulation and request for entry of order pursuant to Civil Local Rule 7-12 is entered into by and between Plaintiff in pro per, Benjamin Philip Cannon ("Plaintiff"), and Defendants County of Sonoma (including the Sonoma County Sheriff's Office); City of Sonoma (including the Sonoma Police Department); former Sonoma County Sheriff-Coroner William Cogbill; Sonoma County Sheriff's Deputies James Naugle, Christopher Spallino, Eric Haufler, Jesse

Hanshew, Shawn Murphy, and Perry Sparkman; former Sonoma County District Attorney Stephan Passalacqua; and Sonoma County Deputy District Attorneys James Casey and Robert Waner (collectively, the "Sonoma Defendants"). Defendants City of Petaluma (erroneously sued as Petaluma Police Department), Dan Fish, John Silva, Bert Walker, Jason Jucutan, Sorinne Ardelanu, Christine Barnett and The Sonoma Sun are not parties to this stipulation.

This stipulation and request for an Order is based upon the Sonoma Defendants' filing of a (1) Motion to Strike Portions of First Amended Complaint; (2) Motion for More Definite Statement; and (3) Motion to Dismiss First Amended Complaint 2011 (collectively, "Motion to Dismiss"), noticed to be heard on August 10, 2011.  Sonoma Defendants request additional time in which to file an Anti-SLAPP Motion under California Code of Civil Procedure Section 425.16 to a date *after* the Sonoma Defendants' Motion to Dismiss is resolved. The terms and provisions of this stipulation and request for order are set forth below.

## RECITALS

A.     Plaintiff filed his First Amended Complaint on April 15, 2011 (the "FAC").  Plaintiff began serving the FAC on the Sonoma Defendants starting on May 6, 2011, and additional service was effectuated on May 9, 2011.

B.     Pursuant to an order granting an extension of time to respond, Sonoma Defendants filed their Motion to Dismiss on June 29, 2011. This Motion is currently set to be heard on August 10, 2011, at 9:00 a.m. The thrust of the Motion to Dismiss is to request an order striking certain portions of the FAC and dismissing all claims for relief against Sonoma Defendants.

C.     If certain issues are not resolved pursuant to the Motion to Dismiss, Sonoma Defendants intend to file an Anti-SLAPP Motion under California Code of Civil Procedure Section 425.16 (see Exhibit A hereto). The Anti-SLAPP Motion would request this Court to strike the state law claims alleged in the FAC (including Count V for malicious prosecution, Count VI for defamation, and Count VII for false light invasion of privacy) and related allegations against the Sonoma Defendants on grounds of protected speech activities by governmental entities and their representatives.

D. Pursuant to California Code of Civil Procedural Section 426.16(f), Anti-SLAPP motions should be brought within 60 days of the service of the relevant complaint. However, under California Code of Civil Procedure Section 425.16(f), the Court has the discretion to extend the 60 day filing period to "any later time upon terms it deems proper." It is reasonable and proper on grounds of judicial economy to allow the Sonoma Defendants additional time in which to file and serve their Anti-SLAPP Motion to a time after their Motion to Dismiss is heard, as the reasons to bring the Anti-SLAPP Motion would become moot if this Court issues an order which grants the Sonoma Defendants' Motion to Dismiss, thus dismissing the Sonoma Defendants from the lawsuit or otherwise dismissing the state law claims from this lawsuit.

E. On June 30, 2011, by telephone, the Sonoma Defendants requested that Plaintiff stipulate to extend the time to file and serve the Anti-SLAPP motion until after the Court issues its order resolving the pending Motion to Dismiss. Plaintiff indicated he would stipulate to such an extension of time.

WHEREFORE, the parties hereby stipulate and request entry of a court order as follows:

**STIPULATION**

1. Sonoma Defendants shall have until and including 45 days after this Court issues its order on the Sonoma Defendants' Motion to Dismiss in which to file and serve their Anti-SLAPP motion under California Code of Civil Procedure Section 425.16.

2. This stipulation does not prevent or preclude the parties from seeking additional relief from this Court, to amend this stipulation and order or otherwise.

Respectfully submitted,

Dated: July 6, 2011                BERTRAND, FOX & ELLIOT

By: /s/ *Richard W. Osman*
Richard W. Osman
Attorney for Sonoma Defendants

Dated: July 6, 2011                BENJAMIN PHILIP CANNON

By: /s/ *Benjamin Philip Cannon*
Plaintiff in pro per

---

3

STIPULATION TO EXTEND SONOMA DEFENDANTS' TIME TO FILE ANTI-SLAPP MOTION UNDER CAL. CCP SECTION 425.16(f); [PROPOSED] ORDER
*Cannon v. City of Petaluma, et al.*
U.S.D.C. Northern District of CA Case No. CV 11-0651 PJH

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION, and with good cause appearing,

IT IS HEREBY ORDERED that the Sonoma Defendants shall have up to and including 45 days after this Court issues its Order on the Sonoma Defendants' Motion to Dismiss in which to file and serve their Anti-SLAPP motion under California Code of Civil Procedure Section 425.16 as to the state law claims alleged in the FAC (including Count V for malicious prosecution, Count VI for defamation, and Count VII for false light invasion of privacy).

Date: 7/8/11

_____
HONORABLE PHYLLIS J. HAMILTON
United States District Judge



---

4

STIPULATION TO EXTEND SONOMA DEFENDANTS' TIME TO FILE ANTI-SLAPP MOTION UNDER CAL. CCP SECTION 425.16(f); [PROPOSED] ORDER
*Cannon v. City of Petaluma, et al.*
U.S.D.C. Northern District of CA Case No. CV 11-0651 PJH

1        ELECTRONIC CASE FILING ATTESTATION

2        I, Richard W. Osman, am the ECF user whose identification and password are being used to
3   file this STIPULATION TO EXTEND SONOMA DEFENDANTS' TIME TO FILE ANTI-SLAPP
4   MOTION UNDER CAL. CCP SECTION 425.16(f); [PROPOSED] ORDER on behalf of Plaintiff
5   and Sonoma Defendants pursuant to Civil Local Rule 7-11. In compliance with General Order No.
6   45(X)(B), I hereby attest that the concurrence in the filing of this document has been obtained from
7   its signatories.

8
Dated: July 6, 2011                                By:   /s/ *Richard W. Osman*
9                                                        Richard W. Osman
                                                         Attorney for Sonoma Defendants

# CERTIFICATE OF SERVICE

I, John O'Rourke, declare that:

1. I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

2. I am readily familiar with the practice of Bertrand, Fox & Elliot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3. On **July 6, 2011**, I served the following document in said cause,

**STIPULATION TO EXTEND SONOMA DEFENDANTS' TIME TO FILE ANTI-SLAPP MOTION UNDER CAL. CCP SECTION 425.16(f); [PROPOSED] ORDER**

on the following interested parties:

Benjamin Philip Cannon
1083 Vine Street #215
Healdsburg, CA 95448

4. Said service was performed in the following manner:

✓ **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

Executed **July 6, 2011**, at San Francisco, California.

                                                          /s/ *John O'Rourke*
                                                            John O'Rourke