Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kimberly M. Drake, Esq. (SBN: 209090)
kdrake@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000/Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF PETALUMA (erroneously sued as PETALUMA POLICE DEPARTMENT), DAN FISH, JOHN SILVA, BERT WALKER and JASON JUCUTAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CANNON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA, et al.,<br><br>    Defendants. | Case No:  C 11-0651 PJH<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br>**[FRCP 12(b)(6) & 12(e)]**<br><br>DATE:   July 27, 2011 (reset)<br>TIME:   9:00 a.m.<br>DEPT.:  Courtroom 3 - 3rd Floor<br>JUDGE:  Honorable Phyllis J. Hamilton |

Defendants CITY OF PETALUMA ("City"), erroneously sued as the PETALUMA POLICE DEPARTMENT, DAN FISH, the Chief of Police for the City of Petaluma, and Petaluma police officers JOHN SILVA, BERT WALKER and JASON JUCUTAN (hereinafter collectively "City Defendants") hereby submit their reply brief in support of City Defendants' motion to dismiss the First Amended Complaint of Plaintiff BENJAMIN PHILLIP CANNON.

## I. INTRODUCTION

The Court should grant City Defendants' motion to dismiss or, in the alternative, motion for a more definite statement. Plaintiff has not proffered any facts or arguments to establish any plausible claim against the City or the individually named Defendant officers under § 1983 for a violation of a federal constitutional or statutory right, nor demonstrated that the actions of City Defendants were improper under clearly established law. Plaintiff's state law claims are equally infirm for failure to state a cognizable claim and because City Defendants are entitled to immunity from liability for their investigative activities and privileged communications were privileged. In sum, Plaintiff's First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II. ARGUMENT

### A. Service of Opposition Papers was Defective

On June 28, 2011, Plaintiff attempted to serve his opposition papers on City Defendants via electronic mail. The Court declined Plaintiff's request to e-file. City Defendants have not consented to service via electronic mail at this time and have requested that Plaintiff follow the Federal Rules for service. Thus service was technically defective. City Defendants nonetheless address the substance of Plaintiff's opposition papers herein.

### B. City Defendants Are Not in Default

Plaintiff argues that City Defendants are in default. Not so. City Defendants were served with Plaintiff's original complaint and First Amended Complaint on May 9, 2011. City Defendants filed and served a motion to dismiss the First Amended Complaint within 21 days of service. City Defendants' response and appearance in this case were timely. Plaintiff has twice

1

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

requested an entry of default against City Defendants. In both instances, the Court declined to enter a default.

### C. Plaintiff's Section 1983 Claims Alleged Against City Defendants Should be Dismissed

The First Amended Complaint is devoid of factual allegations against City Defendants to allege a viable claim under § 1983. City Defendants therefore request that the Court dismiss each and every claim for relief alleged against them in the First Amended Complaint. Plaintiff does not dispute

#### 1. Plaintiff Concedes That His Claims for Violation of the First and Eighth Amendment Should be Dismissed Against Individual Defendant Officers

Plaintiff does not dispute that he has not stated a claim for violation of the First Amendment or Eighth Amendment and does not otherwise oppose City Defendants' motion to dismiss these claims. Plaintiff also states that will dismiss his Eighth Amendment claims "in a subsequent motion." These claims should be dismissed against City Defendants in any subsequent or amended pleadings.

#### 2. Plaintiff Does Not State a Claim for Unlawful Search and Seizure in Violation of the Fourth Amendment Against the Individual Defendant Officers

The First Amended complaint does not state a cognizable claim for relief against any of the individual Defendant officers for any actions taken on January 27, 2010 or February 11, 2010. As stated in City Defendants' moving papers, the First Amended Complaint merely identifies the officers by name and alleged that they stopped Plaintiff for equipment violations, searched his vehicle, and returned his equipment to him during the stop on January 27, 2010, and that Officer Silva circulated or published an alert about a possible police impersonator. These allegations do not establish Fourth Amendment violations or conduct depriving Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Nor does Plaintiff dispute the

///

///

2

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]        [C 11-0651 PJH]

lawfulness of the traffic stop and the search by City Defendants on January 27, 2010 as violative of his Fourth Amendment rights.[1]

Plaintiff otherwise attempts to show that Defendants must have assisted in or participated in the service of a search warrant and his apprehension by Sonoma County Defendants on February 11, 2010. Plaintiff claims he "observed a Petaluma Police Department vehicle moving to block the road" when he was arrested on February 11, 201. (Opp. at page 2, ¶ 10.) He also generally alludes to a "pattern of willful violations of Plaintiff's constitutional rights, beginning with traffic stops," and suggests that [d]iscovery will reveal the true and full extent of City Defendants' participation in [his arrest on February 11, 2010] and in other violations of Plaintiff's civil rights." (Opp. at page 2, ¶¶ 10-13.) But Plaintiff's rank speculation, conclusory statements, and reliance on later discovery to prove his claims cannot cure the defects of the First Amended Complaint. Even if City Defendants' assisted Sonoma County Defendants, Plaintiff has not explained what actions each Defendant took and why those actions are unlawful. The mere presence of a police vehicle is not sufficient to show participation or involvement in alleged unlawful actions. Nor has Plaintiff demonstrated that he can include specific allegations of fact stating how each Defendant is alleged to have violated his legal rights. Further, there is nothing to suggest that the actions of Sonoma County Defendants were unlawful. (See Sonoma Defendants' Motion to Dismiss, Motion to Strike and Motion for More Definite Statement.) Therefore, Plaintiff has not stated and cannot state a cognizable claim against City Defendants for alleged Fourth Amendment violations.

City Defendants also raised the defense of qualified immunity to the extent the individual officers have been named in their personal capacities under § 1983. Plaintiff does not address this at all in his opposition papers or otherwise allege conduct violating "clearly established statutory or constitutional rights of which a reasonable person would have known." (*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).) He does not plausibly proffer any facts or argument to suggest that the

---

[1] Plaintiff generally alludes to other "seizures without probable" cause but does not tell us when these occurred or by whom or why they were purportedly unlawful. He also appears to be claiming that his arrest on an outstanding warrant on January 27, 2010 violated his right in the context of the Fourteenth Amendment and his right to equal protection of the laws. (Opp. at page 4, ¶¶ 18, 21.) City Defendants address these claims below.

3

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

traffic stop or the search or his arrest on an outstanding warrant on January 27, 2010 was unlawful or to support any legally cognizable claim. He does not plausibly suggest City Defendants' involvement in alleged wrongdoing on February 11, 2010. Nor does he even attempt to plead around the applicability of qualified immunity to the facts of this case. Because the individual Defendant officers enjoy qualified immunity, and this portion of the motion remains unopposed, the Court should dismiss Plaintiff's § 1983 claims against the individual Defendant officers.

### 3. Plaintiff Fails to Allege a Violation of His Rights Under the Equal Protection Clause of the Fourteenth Amendment Against the Individual Defendant Officers

Even though Plaintiff does not deny that he had equipment failures at the time of the traffic stop on January 27, 2010, and that there existed a failure to appear (FTA) warrant in his name at the time of the stop, Plaintiff appears to be claiming disparate treatment and a violation of his rights to equal protection of the laws under the Fourteenth Amendment. Specifically, he asserts that City Defendants treated him differently than others similarly situated by arresting him rather than citing and releasing him, used the arrest as an "artifice" to search Plaintiff and his vehicle, and arrested him out of "animosity and spite" because he had "oppos[ed] parking tickets" or decline[ed] a consent search." (Opp. at pages 4-5, ¶ 21.)

Plaintiff's fanciful assertions and reliance on Seventh Circuit case law, which is not controlling here, do not help Plaintiff state a claim for a violation of his rights. To state a cause of action for denial of equal protection, a plaintiff must show that he or she was treated differently from persons similarly situated and that the defendant acted with an intent to discriminate against plaintiff on the basis of his or her membership in a protected class. (*Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).) Thus, here, Plaintiff is required to plead that: (1) City Defendants treated him differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) City Defendants acted with discriminatory intent in applying this classification; and (4) Plaintiff suffered injury as a result of the discriminatory classification. (*T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist.*, 2009 WL 1748793, at *10 (E.D. Cal., June 18, 2009) (Wanger, J.).) Plaintiff has not satisfied the above pleading requirements; nor can he. Plaintiff has not alleged membership in an identifiable group or that he

4

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]    [C 11-0651 PJH]

was exercising a fundamental when pulled over for equipment violations or arrested on an outstanding warrant. Opposing parking tickets and not giving consent to a search do not qualify. Plaintiff also has not and cannot allege purposeful and intentional discrimination by any named Defendants based on any classification or fundamental right. The Equal Protection Clause is violated only by purposeful and intentional discrimination. (*Hispanic Taco Vendors of Washington v. City of Pasco*, 994 F.2d 676 (9th Cir. 1993).) Purposeful discrimination requires more than intent as volition or intent as awareness of consequences and instead involves a decision maker undertaking a course of action because of, and not merely in spite of, the actions adverse effects upon an identifiable group. (*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).) Here, Plaintiff perfunctorily concludes that his arrest on an outstanding warrant was for some reason other than that the law authorized his arrest. This is insufficient.

The arrest was also entirely appropriate under clearly established law. Whether or not Plaintiff was guilty, law enforcement had the duty to enforce and was authorized to execute the bench warrant then and there. (*See e.g.*, Cal. Pen. Code §§ 813 et seq., 838, et seq., 978.5, 1195.) Plaintiff has not presented "more than a sheer possibility that a defendant has acted unlawfully" and as a result he has not met the pleading standards established by *Twombly* and *Iqbal*. This claim should also be dismissed.

4. **The First Amended Complaint fails to state a claim against the City of Petaluma and Dan Fish, the City's Chief of Police**

In their moving papers, City Defendants explained why Plaintiff had not met pleading requirements to state a claim against the City of Petaluma, a municipality (*Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978)), or Defendant Dan Fish, Chief of Police. Plaintiff's First Amended Complaint is bereft of any factual allegations establishing that the City or Chief Fish itself caused any constitutional violation. (*Monell*, 436 U.S. at 694.) Nor does Plaintiff address these deficiencies in his opposition papers. Accordingly, City Defendants request that the Court dismiss each and every claim for relief alleged against the City and Chief Fish.

/ / /

/ / /

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]                           [C 11-0651 PJH]

### D. Plaintiff's State Common Law Claims Against City Defendants Must Be Dismissed.

Plaintiff asserts three claims for malicious prosecution (Count V), defamation per se (Count VI), and false light invasion of privacy (Count VII). All three claims are purportedly brought against Defendant Officer Silva only. All three claims are purportedly dependent upon Officer Silva's preparation and distribution of a law enforcement alert or flier providing information on a possible police impersonator, identified as Plaintiff. (Opp. at page 3, ¶¶ 14-17.) All three claims fail as a matter of law because Plaintiff has not pled around and cannot plead around the immunity provided by Government Code section 821.6 and 815.2(b), and does not and cannot otherwise state a valid claim for relief against Defendants Officer Silva or the City.

Government Code section 821.6 states that "[a] public employee is not liable for injury caused by is instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Government Code section 815.2(b) states that "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

The alert prepared by Defendant Officer Silva is an exhibit to Plaintiff's First Amended Complaint. (See Exhibit A to First Amended Complaint, page 2 of 62. A more legible and true and correct copy of the alert is attached hereto for the Court's convenience.) The alert provides information on a possible police impersonator, identified as Plaintiff. It describes the search of Plaintiff's vehicle during a traffic stop for equipment violations. It describes Plaintiff as having "an extensive criminal history," which could mean anything, and a "previous arrest for impersonating a police officer." In addition to providing a physical description of Plaintiff, the alert concludes: "If agencies have had reports of a police impersonator in their jurisdiction that matches this description, please contact Officer John Silva, Petaluma Police Dept., 707-788-4372." Based on the contents of the alert, it was clearly prepared in the course and scope of employment by Defendant Officer Silva, as part of an ongoing investigation, and intended for law enforcement agencies or jurisdictions who may have had similar reports of a police impersonator.

6

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]                [C 11-0651 PJH]

Sections 821.6 and 815.2(b) make clear that Defendant Officer Silva and the City are immune from any liability resulting from Plaintiff's arrest and prosecution, even if it occurred at the behest of or because of or as a result of the alert prepared by Officer Silva. Accordingly, Plaintiff cannot state a claim against Officer Silva or the City for malicious prosecution.

Plaintiff's defamation and false light claims are equally invalid. The alert prepared by Officer Silva is clearly a communication protected by the official proceedings privilege established by Civil Code section 47. (*See e.g., Mulder v. Pilot Air Freight*, 32 Cal.4th 384 (2004) (protecting communications concerning possible wrongdoing made to an official government agency where the communication is designed to prompt action by that entity).)

Plaintiff states the alert paints Plaintiff in a false light because it says Plaintiff was "convicted" of impersonating a police officer. (Opp. at page 3, ¶ 17.) Not so. The alert states Plaintiff was "arrested," not convicted.

But even assuming Defendant Officer Silva were mistaken about the underlying facts (i.e., Plaintiff did not have an extensive criminal history or he was not arrested for impersonating a police officer), and regardless of Plaintiff's guilt or innocence, Officer Silva would still be entitled to immunity. The immunity extends to statements made during an investigation, even if made in bad faith. (*Hansen v. Department of Corrections & Rehabilitation* (2008) 171 Cal.App.4th 1537, 1546 (held statements intended to instigate an investigation, as well as statements made during the investigation, are entitled to the unqualified privilege of CC § 47, even if the statements were made in bad faith).)

In a blanket fashion, Plaintiff claims the privilege "evaporates" because the alert was "not made in a legislative, judicial, official authorized, or malice-free manner." These conclusions and circular reasoning are insufficient to state a valid claim against Officer Silva for malicious prosecution, defamation or false light invasion of privacy. And if Defendant Officer Silva is entitled to immunity, then so too is the City pursuant to Government Code section 815.2(b). Accordingly, Plaintiff's state law claims should be dismissed.

The state law claims should be dismissed for an additional reason raised by Sonoma Defendant's motion to dismiss, namely the statute of limitations of the Government Claims Act.

This is a non-waivable jurisdictional defect that was not raised by City Defendants in their moving papers but which nevertheless unequivocally establishes grounds for denying Plaintiff leave to amend his state law tort claims against City Defendants.[2] Under the Government Claims Act, a claim for money or damages against a public entity and its employees for injury to person must be presented to the public entity within six months after the cause of action accrues. (Gov. Code § 911.2.)[3] If a claim fails to comply substantially with claims presentation requirements, the public entity may return the claim and give written notice of its insufficiency. (§ 910.8.) If the claim is amended and re-submitted not later than six months after the accrual of the cause of action, and the public entity rejects the claim in writing, a lawsuit on the claim must be filed within six months of the rejection. (§ 945.6(a)(1).)

Plaintiff did present a claim to the City on June 8,. 2010, which claim was returned with a notice of insufficiency on June 14, 2010. (See Exhibit A to City Defendants' RJN filed on May 31, 2011; see also Exhibit B to City Defendant's RJN filed herewith.) To the best of City Defendants' knowledge, Plaintiff did not amend the claim and the time to do so has expired. (§§ 911.2(a), 945.4.) Nor has Plaintiff applied to City for leave to present a late claim, which time has expired. (§ 911.4(b) (application must be presented no later than one year after accrual of cause of action). The Court is also without jurisdiction to grant Plaintiff relief from his failure to comply with the claims presentation process. (§946.6 (requiring denial of application for leave to present a late claim and filing of petition within six months thereafter; *see also State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).) Accordingly, Plaintiff's state law claims against City Defendants are barred because "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented … until a written claim therefore has been presented to the public entity and has been acted upon ...." (§ 945.4.)

///

///

---

[2] Because this defense applies equally to City Defendants, City Defendants will and do hereby join in Sonoma Defendants' motion to dismiss on the same ground.
[3] This defense is raised in the Sonoma Defendants' moving papers and applies equally to City Defendants, who will also join in Sonoma Defendants' motion to dismiss on this same ground.

8

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]        [C 11-0651 PJH]

### E. Punitive Damages Claim Should be Stricken

Plaintiff's First Amended Complaint does not include any facts which support a claim for punitive damages against City Defendants and Plaintiff's prayer for relief should be stricken.

### III. CONCLUSION

For all of the foregoing reasons, City Defendants respectfully request that this Court grant dismissal of all claims against City Defendants pursuant to Rule 12(b)(6) and such other and further relief as the Court deems just and proper.

Dated: July 11, 2011

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: ___/s/___
Kimberly M. Drake
Attorney for Defendants
CITY OF PETALUMA (erroneously sued as PETALUMA POLICE DEPARTMENT), DAN FISH, JOHN SILVA, BERT WALKER and JASON JUCUTAN

1673220.1

9

REPLY BRIEF IN SUPPORT OF DEFS' MOT TO DISMISS,
OR ALT., FOR A MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]                    [C 11-0651 PJH]

# RFI -- Police Impersonator

Date: 1/28/2010          Case #: 10-0475          Author ID: 2509




Benjamin Cannon (10-09-1980)

On 01-27-2010, Petaluma Police Dept. stopped Benjamin Philip Cannon (10-09-1980) for equipment violations. Cannon had a warrant for FTA. A search of his car revealed a legally stored handgun (FN 5.7x28 caliber, with tac light and ammo) in the trunk. The gun was taken for safekeeping, and Cannon was transported on the warrant.

Cannon's car was set up with police equipment -- loudspeaker mounted under the front grill, strobes in the front headlights, scanner, handcuffs, and a siren.

The vehicle is a 2001 silver BMW 730i four-door with distinctive and extensive gold sponsorship-type decorations on the body -- CA personlized plate USCA01. At the time of the stop, the car had no plates displayed. The police-type modifications are not visible upon casual inspection.

Cannon has an extensive criminal history and a previous arrest for impersonating a police officer. If agencies have had reports of a police impersonator in their jurisdiction that matches this description, please contact Officer John Silva, Petaluma Police Dept., 707-788-4372.

Benjamin Philip Cannon
WMA/29 DOB: 10-09-1980
BRN/BLU, 6'02", 185
OLN: B6654027 (valid class C)

## Petaluma Police Dept. - Officer John Silva
## (707) 778-4372

Produced on Critical Reach System 10154:641. See www.criticalreach.org for more information on Critical Reach alerts.