BRUCE D. GOLDSTEIN #135970
County Counsel
ANNE L. KECK #136315
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: akeck@sonoma-county.org

RICHARD W. OSMAN #167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
E-mail: rosman@bfesf.com

Attorneys for Sonoma Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP CANNON,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF PETALUMA, et al.,<br><br>    Defendants. | Case No.: CV 11-0651 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  August 4, 2011<br>Time:  2:00 p.m.<br>Department:  3, Third Floor (Oakland)<br>Judge: Honorable Phyllis J. Hamilton |

Pursuant to Civil Local Rule 16–9, the following parties submit this Joint Case Management Conference Statement for the conference set for August 4, 2011: Plaintiff Benjamin Philip Cannon ("Plaintiff"); defendants the City of Petaluma, erroneously sued as the Petaluma Police Department, Dan Fish, the Chief of Police for the City of Petaluma, and Petaluma police officers John Silva, Bert Walker and Jason Jucutan (collectively "City Defendants"); and the County of Sonoma (including the

Sonoma County Sheriff's Office), the City of Sonoma (including the Sonoma Police Department), former Sonoma County Sheriff-Coroner William Cogbill, Sonoma County Sheriff's Deputies James Naugle, Christopher Spallino, Eric Haufler, Jesse Hanshew, Shawn Murphy, and Perry Sparkman, former Sonoma County District Attorney Stephan Passalacqua, and Sonoma County Deputy District Attorneys James Casey and Robert Waner (collectively, the "Sonoma Defendants").

**1.    Jurisdiction and Service**

The Court has subject matter jurisdiction over the claims alleged in Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights). The Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

   a.    <u>The City Defendants' and Sonoma Defendants' Understanding re Service of Process</u>

The City Defendants and Sonoma Defendants have been served with process, or have waived any defects in service. The City Defendants and Sonoma Defendants do not contest personal jurisdiction or venue in this Court.

This Court entered default as to defendant The Sonoma Sun on June 29, 2011.

City Defendants and Sonoma Defendants are not aware of the status of service of process on the remaining defendants.

   b.    <u>Plaintiff's Understanding re Service of Process</u>

The City Defendants and Sonoma Defendants have been served with process, or have waived any defects in service. The City Defendants and Sonoma Defendants do not contest personal jurisdiction or venue in this Court.

This Court entered default as to defendant The Sonoma Sun on June 29, 2011.

Substitute service was effected on Defendant Sorinne Ardeleanu May 24, 2011.

Defendant Christine Barnett has not been served because her identity has not been released by Sonoma Defendants.

Defendants Petaluma Police Department, Dan Fish, the Chief of Police for the City of Petaluma, and Petaluma police officers John Silva, Bert Walker and Jason Jucutan were served on or

before May 6, 2011, and as such are in default.

## 2. Factual Background

### a. Defendants' Allegations

Plaintiff's First Amended Complaint alleges that he was arrested by Sonoma County Sheriff's deputies on February 11, 2010, and was later charged by the Sonoma County District Attorney with impersonating a police officer (Cal. Penal Code § 146a(b)) and false imprisonment (Cal. Penal Code § 236) in *People of the State of California v. Benjamin Philip Cannon*, Sonoma County Superior Court case number SCR-578412.

The underlying investigation, arrest and prosecution arose out of a February 4, 2010, incident involving a female victim, Christina Burnett (also a named defendant), who was pulled over late at night on a rural Sonoma County road by what she believed was an unmarked police car. After some interaction with Burnett, the man who pulled her over fled the scene. Burnett called 911 and reported the incident.

Prior to the incident, on January 27, 2010, Plaintiff had been stopped by Petaluma Police Department officers for equipment violations. Plaintiff had a warrant for a failure to appear. During a search of Plaintiff's vehicle, Officer Silva noticed the vehicle was equipped with a police siren, P.A. system, scanner, handcuffs, a possible police radio, forward and rear flashing lights activated from the driver's seat of the vehicle, and other police-like equipment. On January 28, 2010, Officer Silva sent an alert to surrounding agency's identifying and describing Plaintiff, referring to his previous arrest for impersonating a police officer, and inquiring if other agency's had an incident involving a subject impersonating a police officer.

As part of the investigation of this matter, and based on the January 28, 2010 alert, Sonoma County Sheriff's deputies compiled a photo lineup and presented it to the victim Burnett, who identified Plaintiff as the perpetrator with 80% certainty. The victim also provided a description of the involved vehicle – a description that closely resembled Plaintiff's vehicle.

During the course of his criminal prosecution, Plaintiff presented alibi evidence, including cell phone records and a credit card receipt showing he was in Sacramento at or near the time Burnett was pulled over. As a result, the District Attorney brought a motion to dismiss the

1  charges against Plaintiff during the initial stages of the case (before a preliminary hearing was held), 2 and the Court granted that motion by dismissing the charges on March 16, 2010.After dismissal of 3 the criminal charges, Plaintiff brought a Petition for Finding of Factual Innocence in the Superior 4 Court, which Petition was granted on May 18, 2010.

5  Defendants contest many of the factual allegations contained in Plaintiff's First 6 Amended Complaint.  In addition, Defendants contend that the policies, procedures and practices of 7 City Defendants and Sonoma Defendants comply with applicable laws and regulations, and that such 8 actions have not caused any actionable damage to Plaintiff or his business.

9  b. Plaintiff's Allegations

10 Plaintiff's First Amended Complaint alleges that he was targeted because of his 11 business by his competitors, was subsequently arrested, his house raided by Sonoma County Sheriff's 12 deputies and Petaluma Police officers on February 11, 2010, and was later charged by the Sonoma 13 County District Attorney with impersonating a police officer (Cal. Penal Code § 146a(b)) and false 14 imprisonment (Cal. Penal Code § 236) in *People of the State of California v. Benjamin Philip* 15 *Cannon*, Sonoma County Superior Court case number SCR-578412.

16 Plaintiff alleges that his business competitor (Ardeleanu) proposed a scenario where 17 he would pull over a female on a lone stretch of road.  Ardeleanu circulated this proposal to harm him 18 on January 31, 2011.

19 Less than 4 days later, on February 4, 2010, it is alleged that a female victim, Christina 20 Burnett (also a named defendant), who was pulled over late at night on a rural Sonoma County road 21 by what she believed was an unmarked police car.  After the alleged interaction with Burnett, the man 22 who pulled her over fled the scene.  Burnett then allegedly called 911 and reported the incident.

23 Prior to the incident, on January 27, 2010, Plaintiff alleges that he was stopped without 24 probable cause by Petaluma Police Department officers who also searched his vehicle.  The search 25 revealed various lawfully possessed items that Petaluma police returned to defendant.  On January 26 28, 2010, the Petaluma Police Department disseminated an alert identifying Plaintiff as a police 27 impersonator.  The alert also falsely indicated that plaintiff previously had been ~~arrested~~ convicted for 28 impersonating a police officer.

As part of the investigation of this matter, and based on the January 28, 2010 alert, Sonoma County Sheriff's deputies claim to have compiled a photo lineup and presented it to the victim Burnett, who is purported to have identified Plaintiff as the perpetrator with 80% certainty. The victim also provided a description of the involved vehicle – a description that does not resemble Plaintiff's vehicle or any of the items contained therein.

During the course of his criminal defense, Plaintiff discovered that Sonoma Defendants had obtained and withheld exculpatory evidence in the form of his Cell Phone Location records, which proved he was in Sacramento on the night of the alleged incident.  Sonoma Defendants admitted to withholding this evidence, but continued to conceal it from the Judge.  At a hearing, Plaintiff presented other alibi evidence, including text message records, a competent witness, and a credit card receipt showing he was in Sacramento at or near the time Burnett was pulled over, and a Declaration by an officer of the court that evidence was withheld.  As a, the District Attorney brought a motion to dismiss the charges against Plaintiff during the hearing and the Court granted that motion by dismissing the charges on March 16, 2010.  After dismissal of the criminal charges, Plaintiff brought a Petition for Finding of Factual Innocence in the Superior Court, which Petition was granted on May 18, 2010.

Defendants contest many of the factual allegations contained in Plaintiff's First Amended Complaint, but have not disclosed which facts they contest.  In addition, Defendants contend that the policies, procedures and practices of City Defendants and Sonoma Defendants comply with applicable laws and regulations, and that such actions have not caused any actionable damage to Plaintiff or his business.

**3.   Legal Issues**

Plaintiff   claims that Defendants: (1) unreasonably searched his home at night, in clear violation of the terms of the subject search warrant; (2) falsely arrested him without a warrant and without probable cause; (3) failed to properly train and supervise police officers and prosecutors to prevent improper searches and systematic withholding of evidence from criminal defendants' counsel; (4) conspired to withhold evidence proving Plaintiff's innocence; (5) maliciously prosecuted Plaintiff knowing or being informed that he was innocent; (6) conspired to distribute a press release

engineered to destroy Plaintiff's reputation, business, and home life (defamation and false light invasion of privacy); and (7) have an established pattern of withholding evidence favorable to the defense.

      a.     <u>Plaintiff's Legal Issues.</u>

(a) *Connrick v Thompson* pierces even the Absolute Immunity ordinarily afforded Prosecutors in the course of their duties, if the Plaintiff can show a pattern of misconduct; (b) Qualified Immunity is not afforded to officers who (1) violate a right that is (2) clearly established and would be known by a reasonable person. Arrests made without probable cause are at the heart of the legislative intent behind 42USC1983's limits Qualified Immunity; (c) The 11th amendment does not protect local government agencies serving a warrant properly, making an arrest without probable cause, or engaging in tortuous acts outside their discretion. Simply enforcing state laws does not make a state actor out of a county or county employee; (d) Statutory immunities that apply to discretionary acts do not apply to acts outside the discretion of the office. Plaintiff contends that the entire chain of arrests and prosecution was brought on by collusion with his competitors. If true, legal immunity under Government Code for statements made during the course of a proceeding evaporates. "If the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him, the individual ought to have a remedy in federal court." *Esmail v. Macrane*, 53 F.3d 176; and (e) Plaintiff properly perused a timely Government Claim against Defendants, and is within applicable statutes of limitations for all claims.

      b.     <u>Sonoma Defendants' Legal Issues</u>

The Sonoma Defendants deny that their actions were in any way improper or unlawful. Probable cause existed to search Plaintiff's residence and to arrest him. Furthermore, the Sonoma Defendants believe that claims against them should be dismissed based on applicable absolute or qualified immunities, as follows: (a) the District Attorney Defendants are entitled to absolute prosecutorial immunity for their actions alleged in the First Amended Complaint, as they consist of core prosecutorial functions; (b) the Sheriff Defendants are entitled to absolute sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution, on the ground that

they were acting as state actors in executing a search warrant, investigating State law crimes, and arresting Plaintiff for those crimes; and (c) the individual Sonoma Defendants are entitled to qualified immunity, as the First Amended Complaint does not demonstrate any violation of a federal constitutional or statutory right, nor demonstrate that the actions of Sonoma Defendants were improper under clearly established law.

Pendent State law claims against Sonoma Defendants should be dismissed, as such claims are barred by the applicable statute of limitations of California Government Code § 945.6(a)(1) and because such claims barred by the applicable statutory immunities provided in California Government Code §§ 821.6 and 815.2.

    c. City Defendants' Legal Issues

The City Defendants deny that their actions were in any way improper or unlawful. One or more of Plaintiff's claims is based upon allegations that Defendant Officer Silva sent an alert to surrounding agencies which described Plaintiff and the traffic stop on January 27, 2010. There is no liability on the part of Defendant Officer Silva or the City of Petaluma because any communication(s) were made in the course and scope of employment, in the performance of Officer Silva's official duties, and privileged under existing law. (See e.g., Civ. Code § 47; Gov. Code §§ 821.6, 815.2(b).)

The other allegations in the First Amended Complaint do not currently implicate City Defendants in any clear or plausible way. Even if Plaintiff were granted leave to amend his pleading, however, City Defendants deny that their actions were improper or unlawful. Probable cause existed to stop Plaintiff and search his vehicle. Probable cause existed to arrest Plaintiff on an outstanding warrant for failure to appear in court. The individual Defendant officers are entitled to qualified immunity as the First Amended Complaint does not demonstrate any violation of a federal constitutional or statutory right, or that the actions of City Defendants were improper under clearly established law.

Plaintiff's pendent state law claims against City Defendants should be dismissed for failure to comply with the Government Claims Act (Gov. Code §§ 945.4, 945.6(a)(1)) and because

1  such claims are barred by applicable statutory immunity provisions including but not limited to the
2  provisions of California Government Code section 821.6 and 815.2(b).

3  **4.  Motions**

4  The City Defendants' Motion to Dismiss, or Alternatively for a More Definite Statement, and
5  the Sonoma Defendants' Motion to Strike, Motion for More Definite Statement and Motion to
6  Dismiss, are all set for hearing on August 10, 2011.

7  Plaintiff and the Sonoma Defendants stipulated and obtained a court order to permit Sonoma
8  Defendants to file an Anti-SLAPP motion under Code of Civil Procedure Section 425.16 to a date 45
9  days after the Court issues its order on Sonoma Defendants' pending motion. City Defendants may
10 join in or bring a similar motion.

11 To the extent that any claim survives the motions to dismiss, Sonoma Defendants and City
12 Defendants anticipate filing dispositive motions.

13 After facts in dispute are known, Plaintiff intends to file a Motion for Summary Judgment.

14 **5.  Amendment of Pleadings**

15 Plaintiff anticipates filing a second amended complaint, based on statements made in his
16 Opposition to the City Defendants' motion to dismiss.

17 **6.  Evidence Preservation**

18 The parties have been noticed to, and have taken reasonable and necessary steps to preserve
19 any and all evidence relevant to the issues reasonably evident in this action.

20 **7.  Disclosures**

21 The parties intend to exchange initial disclosures on July 28, 2011, in compliance with FRCP
22 Rule 26.

23 **8.  Discovery**

24 The parties agree that formal discovery should be stayed until pleading issues in this matter
25 have been satisfactorily resolved. Thereafter, Defendants will request that all discovery related to
26 damages be bifurcated and stayed pending resolution of dispositive motions on the liability issues.

27 **9.  Class Actions**

28 This is not a class action.

8
JOINT CASE MANAGEMENT STATEMENT

**10.     Related Cases**

There are no related cases that either party is aware of pending before another judge of this Court, or before another court or administrative agency.

**11.     Relief**

In his First Amended Complaint, Plaintiff seeks the following relief:

- Declaratory relief, under the U.S. Constitution, based on (a) detaining Plaintiff and seizing his person and property without probable cause to believe that he had committed a crime, and (b) searching his residence without probable cause and without a search warrant, (c) withholding evidence favorable to the defense, and (d) attempting to mislead a judge;
- Compensatory damages of $22,999;
- General business damages of $9,945,751.60;
- Special business damages of $100,000,000;
- Presumed damages based on harm to Plaintiff's reputation, other businesses, his position with non-profits, emotional health, pain and suffering, and personal life;
- Punitive damages;
- Interest, costs, and attorneys' fees.
- As to defendant Christina Burnett (the victim who claims she was stopped by what appeared to be an undercover police car), Plaintiff only seeks an apology from her at this time.

**12.     Settlement and ADR**

The parties request to be assigned to the Court's Early Neutral Evaluation program in approximately 90 days, or other time sufficient to permit the Court to resolve the pending dispositive motions.

**13.     Consent to Magistrate Judge For All Purposes**

The parties respectfully decline to have a magistrate judge conduct all further proceedings.

**14.    Other References**

The parties do not believe this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

To the extent claims survive the pending motions to dismiss, Defendants intend to file motions for summary judgment to narrow or eliminate issues and claims.

**16.    Expedited Schedule**

At this time, the parties do not believe that an expedited schedule is appropriate.

**17.    Scheduling**

The parties agree that it is premature to propose a schedule at this time based on the pending motions to dismiss filed by Defendants that could be dispositive with respect to all or certain claims contained within Plaintiff's First Amended Complaint.  The parties request this Court schedule another case management conference for a date after the Court issues its orders on the pending motions to dismiss.

**18.    Trial**

The Plaintiff has requested a jury trial. The parties expect that a jury trial in this case will last approximately 7 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

The parties have filed or will file prior to the Case Management Conference their Certification of Interested Entities or Persons required by Civil Local Rule 3–16.

Plaintiff's certification will state as follows:  "Pursuant to Civil Local Rule 3–16, the undersigned certifies that as of this date, other than the named party, there is no such interest to report."

///
///
///
///
///

Defendants' certifications shall state that, "pursuant to Civil Local Rule 3–16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

                                      Respectfully submitted,

Dated: July 28, 2011                          BERTRAND, FOX & ELLIOT

                                      By: /s/ *Richard W. Osman*
                                           Richard W. Osman
                                           Attorney for Sonoma Defendants

Dated: July 28, 2011                          MEYERS, NAVE, RIBACK, SILVER & WILSON

                                      By: /s/ *Kimberly M. Drake*
                                           Kimberly M. Drake
                                           Attorney for City Defendants

Dated: July 28, 2011                          BENJAMIN PHILIP CANNON

                                      By: /s/ *Benjamin Philip Cannon*
                                           Plaintiff in pro per

ELECTRONIC CASE FILING ATTESTATION

I, Richard W. Osman, am the ECF user whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT on behalf of Plaintiff, the City Defendants and Sonoma Defendants pursuant to Civil Local Rule 7-11. In compliance with General Order No. 45(X)(B), I hereby attest that the concurrence in the filing of this document has been obtained from its signatories.

Dated: July 28, 2011                         By:   /s/ *Richard W. Osman*
                                                    Richard W. Osman
                                                    Attorney for Sonoma Defendants

## CERTIFICATE OF SERVICE

I, John O'Rourke, declare that:

1. I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

2. I am readily familiar with the practice of Bertrand, Fox & Elliot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3. On **July 28, 2011**, I served the following document in said cause,

**JOINT CASE MANAGEMENT STATEMENT**

on the following interested parties:

Benjamin Philip Cannon
1083 Vine Street #215
Healdsburg, CA 95448

4. Said service was performed in the following manner:

✓ **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

Executed **July 28, 2011**, at San Francisco, California.

/s/ *John O'Rourke*
John O'Rourke

---

CERTIFICATE OF SERVICE
*Cannon v. City of Petaluma, et al.*
U.S.D.C. Northern District of CA Case No. CV 11-0651 PJH