UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PHILIP CANNON,

    Plaintiff,

    v.

CITY OF PETALUMA, et al.,

    Defendants.
_____/

No. C 11-0651 PJH

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

    Plaintiff Benjamin Philip Cannon filed this action on February 11, 2011, alleging constitutional claims under 42 U.S.C. § 1983, and a state law claim of defamation per se, against 17 defendants, including public entities and individuals, in connection with his arrest in February 2010 for impersonating a police officer.

    On April 15, 2011, plaintiff filed a first amended complaint ("FAC"), alleging constitutional claims under § 1983, and state law claims of malicious prosecution, defamation per se, and false light invasion of privacy, against 16 of the previously-named defendants, and eight additional individual defendants.

    Plaintiff filed proofs of service of the summons and complaint on a number of the defendants, and also filed requests for entry of default against certain defendants. With one exception, all defaults were declined by the clerk. Default was entered as to defendant Sonoma Valley Sun (sued as "Sonoma Sun") on June 29, 2011. On July 26, 2011, plaintiff

filed a motion for default judgment as to the Sonoma Valley Sun.

After entry of default, a court may grant default judgment on the merits of the case. See Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Court should consider the following factors in determining whether to enter default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). For the reasons discussed below, the court finds that these factors do not support default judgment in this case.

The crucial factors are the second and third – the merits of plaintiff's substantive claims and the sufficiency of the evidence. As an initial matter, a party seeking a default judgment must state a claim upon which it may recover. PepsiCo Inc. v. Cal. Sec. Cans, 238 F.Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)). When reviewing a motion for default judgment, the court must accept the well-pleaded allegations of the complaint relating to liability as true. TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Nevertheless, federal pleading rules require a complaint to contain facts showing a plausible entitlement to relief. See Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007). Thus, necessary facts that are not contained in the pleadings, and claims that are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning, 572 F.2d at 1388).

In addition, if the plaintiff is seeking money damages, he must "prove-up" his

damages. Amini Innovation Corp. v. KTY Int'l Marketing, 768 F.Supp. 2d 1049, 1053-54 (C.D. Cal. 2011); Schwarzer, Tashima, and Wagstaffe, Federal Civil Procedure Before Trial § 6:80 (2010 ed.); Federal R. Civ. Proc. 55(b). That is, the plaintiff is required to provide evidence of his damages, and the damages sought must not be different in kind or amount from those set forth in the complaint. Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003). In order to "prove up" damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations. Schwarzer, et al., § 6:94, et seq.; see id. at § 6:94.1 (citing Stephenson v. El–Batrawi, 524 F.3d 907, 917 (8th Cir. 2008)).

The court finds that neither the first nor the third Eitel factor warrants granting plaintiff's motion for default judgment. First, plaintiff cannot state a claim under 42 U.S.C. § 1983 against the Sonoma Valley Sun as there is no allegation that this defendant was acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (section 1983 plaintiff bears burden of pleading and proving conduct that deprived plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States; and that the alleged deprivation was committed by a person acting under the color of state law).

As for the three state law claims, the FAC generally alleges the claims against all "defendants," rather than against any specific defendant. The only allegation against the Sonoma Valley Sun is that it published a press release that had been issued by the Sonoma County Sheriff's Department on February 13, 2010. However, plaintiff has not pled the essential elements of any of the three state law causes of action, much less connected the conduct of the Sonoma Valley Sun to any of those claims.

Under California law, the basic elements of the tort of malicious prosecution of a civil matter are (1) the initiation of a prior proceeding, (2) without a reasonable belief in the possibility of the suit being successful, (3) termination of that proceeding in favor of the present plaintiff, and (4) malice. Drummond v. Desmarais, 176 Cal. App. 4th 439, 449 (2009); Cantu v. Resolution Trust Corp., 4 Cal. App. 4th 857, 881 (1992) ("The termination must demonstrate the innocence of the accused.").

1    Cases dealing with actions for malicious prosecution against private persons require
2 that the defendant has sought out the police or prosecutorial authorities and falsely
3 reported facts to them indicating that plaintiff has committed a crime. Sullivan v. County of
4 Los Angeles, 12 Cal. 3d 710, 720 (1974). Falsity of reporting is a significant factor. See
5 Rupp v. Summerfield, 161 Cal. App. 2d 657, 665 (1958) (defendant initiated the action by
6 making a false report to law enforcement officer and intentionally and knowingly testified
7 falsely at the preliminary hearing); accord William v. Hartford Ins. Co., 147 Cal. App. 3d
8 893, 898 (1983) (defendant caused its employees to make false statement to law
9 enforcement personnel and caused them to testify falsely before the grand jury).

10    Here, in the fifth cause of action for malicious prosecution, plaintiff alleges that
11 "defendants" withheld evidence favorable to the defense, conspired to withhold evidence,
12 deliberately prosecuted plaintiff with the knowledge that he was innocent, opposed
13 plaintiff's motion for factual finding of innocence, acted without probable cause, and
14 violated his constitutional rights. The facts alleged do not state a plausible claim against
15 the Sonoma Valley Sun for malicious prosecution. In particular, given that the FAC alleges
16 that the press release was originally released by the Sonoma County Sheriff's Department
17 on February 13, 2010, but that plaintiff was arrested on February 11, 2010, it is difficult to
18 see how the Sonoma Valley Sun could have "initiated" a prior action

19    Defamation is any publication which would "tend to injure [the] person in his or her
20 business or profession, or otherwise cause actual damage." Rothman v. Jackson, 49 Cal.
21 App. 4th 1134, 1140 (1996). To state a claim of defamation, a plaintiff must plead facts
22 showing the intentional publication of a statement of fact that is false, unprivileged, and has
23 a natural tendency to injure or which causes special damage. Smith v. Maldonado, 72 Cal.
24 App. 4th 637, 645 (1999).

25    Here, plaintiff alleges that "[o]n or about February 13, 2010, . . . in a clear attempt to
26 destroy [plaintiff's] reputation, personal life, and business, Defendant Chris Spallino [of the
27 Sonoma County Sheriff's Department] published a press release . . . engineered to express
28 and imply [plaintiff's] guilt, including publishing his home address. Over 50 press agencies

4

picked up the story. Defendant Sonoma Sun published it as factual . . . and failed to publish a retraction even after [plaintiff's counsel] notified them in email of the factual innocence." FAC ¶ 61.

The press release, on which the <u>Sonoma Valley Sun</u> allegedly based its report, accurately reported that plaintiff had been arrested for impersonating a police officer. The FAC alleges no facts showing that the <u>Sonoma Valley Sun</u> intentionally published a statement of fact that was false and that was also unprivileged. Accordingly, the facts alleged in the FAC do not state a plausible claim against the <u>Sonoma Valley Sun</u> for defamation per se.

The elements of the tort of false light invasion of privacy are (1) the defendant caused to be generated publicity of the plaintiff that was false or misleading, (2) the publicity was offensive to a reasonable person, and (3) the defendant acted with actual malice. <u>Fellows v. National Enquirer, Inc.</u>, 42 Cal. 3d 234, 238-39 (1986); <u>Reader's Digest Assn. v. Superior Court of Marin County</u>, 37 Cal. 3d 244, 265 (1984); <u>see also</u> 5 Witkin, Summary of Cal. Law (10th ed. 2009), Torts, § 673.

"[A] false light action is in substance equivalent to a defamation suit." <u>Johnson v. Harcourt, Brace, Jovanovich, Inc.</u>, 43 Cal. App. 3d 880, 893 (1974). While it is not necessary that the plaintiff be defamed, publicity placing a person in a highly offensive false light "will in most cases be defamatory as well." <u>Fellows</u>, 42 Cal. 3d at 239. Where a false-light invasion of privacy claim is in substance equivalent to an accompanying defamation claim, the false-light claim should be dismissed as superfluous. <u>Kapellas v. Kofman</u>, 1 Cal. 3d 20, 35 n.16 (1969). Thus, for the reasons set forth above with regard to the defamation claim, the court finds that the facts alleged in the FAC do not state a plausible claim against the Sonoma Valley Sun for false light invasion of privacy.

In addition, the court finds that plaintiff has failed to prove up his damages. In the "Affidavit of Damages" included as part of his motion, plaintiff asserts that he "has been damaged in an amount totaling $110,288,750.60 as a direct result of and caused proximately by Defendants' actions . . . "

Plaintiff calculates the damages as follows: (a) compensatory damages in the amount of $22,999.00 (loss of $9,999.00 plasma TV during the February 11-12, 2010 "raid on his residence" by the Sonoma County Sheriff's Department; $1,000.00 in bail expenses; $12,000.00 in legal fees; $500.00 in gasoline); (b) general business damages in the amount of $9,945,751.60 (loss of 46,710 customers valued at $212.92 per customer "based on nearest competitors' market cap divided by number of customers"); (c) special business damages in the amount of $100,000,000.00 (stemming from "loss of his personal reputation and that of his company based on a drafted offering of $10,000,000 of private stock at a $100,000,000 million valuation").

Apart from this "Affidavit" containing conclusory allegations of loss of large sums of money, plaintiff has provided no evidence in support of his damage calculations. Were this the only defect in the motion, the court would allow plaintiff an opportunity to supplement his motion by providing evidence to support the asserted damages. However, given his failure to allege a plausible claim against the Sonoma Valley Sun, any such effort at supplementation would be pointless.

Finally, the court finds that a majority of the remaining Eitel factors favor denying default judgment. The first factor favors plaintiff, as he would be prejudiced if default judgment were not granted, in that he would be denied the right to judicial resolution of his claims and would likely be without other recourse for recovery. See PepsiCo, 238 F.Supp. 2d at 1177. However, he fourth factor – the sum of money at stake in the action – does not favor plaintiff, as $110,288,750.60 is wildly disproportionate to the harm allegedly inflicted by the Sonoma Valley Sun (publishing a press release issued by the Sheriff's Department). The fifth factor – the possibility of a dispute concerning material facts – also does not favor plaintiff, based on the lack of fit between the facts alleged and the elements of the claims asserted. The sixth factor is neutral, as there is no indication whether the default was due to excusable neglect. Finally, the seventh factor – the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits – generally never favors granting a motion for default judgment.

Accordingly, in light of the foregoing, the court finds that plaintiff's motion for default judgment as to defendant Sonoma Valley Sun must be DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge