Benjamin P Cannon
1083 Vine St #215
Healdsburg, CA 95448
discovery@42usc1983.net
(650) 276-5466 fax

FILED
JUL 28 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PHILIP CANNON, an individual,<br><br>Plaintiff,<br>vs.<br><br>CITY OF PETALUMA, et al.<br><br>Defendants. | Case No: CV11 0651 PJH<br><br>**OPPOSITION TO SONOMA DEFENDANTS MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT.** |

**FACTUAL CONTENTIONS LACKING EVIDENTIARY SUPPORT.**

1. Sonoma Defendants filed a Motion to Dismiss / or Motion for More Definite Statement. ("MTD") This motion contains factual representations that are incorrect. It is apparent from phone calls to that Sonoma Defendants' counsel have not communicated adequately with their clients before filing this motion.

2. FRCP 11(b) reads: "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

3. Sonoma Defendants obtained Cell Phone Location data, which includes the GPS location of a cell phone at key times such as a call or text message, from AT&T under sealed court order. This information proves Plaintiff was elsewhere at time of the alleged crime. They then concealed this evidence, only admitting it's existence when Plaintiff discovered the order from AT&T. Defendants dismissed their criminal case after they were caught in the *Brady* violation.

4. Sonoma Defendants claim in their motion that they delivered the cell records "Sometime after March 10, 2011" (MTD, Page 5). <u>In-fact, Sonoma Defendants never turned over the Cell Phone Location records.</u>

5. Failure to tender this information substantially prejudices Plaintiff, it is akin to hiding a picture of a suspect taken in London moments before a murder occurs in New York.

6. It is Plaintiff's belief, based upon Naugle's cavalier attitude and other 3rd party accounts, that Sonoma Defendants have a deeply rooted policy of obtaining Cell Phone Location data directly from the Cellular Phone Carriers under Sealed Court Order, and then concealing it's existence during prosecution and trial.

### Motion to Strike references to Brady violations.

7. Defendants Sonoma County District Attorney's office attempts to strike a Conviction by it's own staff attorney for attempting to mislead a judge. Defendant cites this matter as 'impertinent'. It is hard to imagine a more pertinent matter than a conviction for withholding *Brady* evidence, by a member of an office presently being sued for withholding *Brady* evidence.

### Evidence of opposition to Factual Finding of innocence should be admitted

8. The Motion to strike references to the filing of factual innocence should not be granted. It is only the verdict that is excluded from civil and other proceedings. Plaintiff includes the Factual Finding for the purpose of introducing into evidence the Sonoma Defendants' Opposition. Plaintiff argues that in filing this Opposition after being found withholding

evidence, that Sonoma Defendants knowingly impugned an innocent man in not an isolated incident, but in what has become a common practice. As respondents to the FFI action, they are not entitled to prosecutorial absolute immunity in the first place. Insomuch as any immunity may remain, it evaporates again under *Connick v. Thompson ( No. 09-571 ) 578 F. 3d 293.)* because a pattern can be shown.

9. City and Sonoma Defendants reference the Petition and Opposition for finding of factual innocence in their own pleadings. If the FFI Order itself must be stricken from the pleading, Plaintiff asserts that the remaining allegations, including allegations that he was damaged by losing his business contracts, should remain, as they are not based on the FFI Order, but rather on the entirety of the actions commenced against him.

## Motion to Dismiss.

10. On a motion to dismiss, the sole issue is whether under the facts alleged in the plaintiff's complaint it appears to a certainty that the plaintiff is entitled to no relief. *Holmes v. Silver Cross Hospital of Joliet, Illinois, 340 F.Supp. 125 (N.D.Ill.1972).* A complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *U.S. Steel Corp. v. Multistate Tax Commission, 367 F.Supp. 107 (S.D.N.Y.1973).* Furthermore, it is well settled that for purposes of a motion to dismiss, the well pleaded material allegations of the complaint are taken as true. *2A Moore's Federal Practice 2267,* ❷ *12.08 n. 3.*

## ARGUMENT

### Claims have been adequately stated

11. All claims in the FAC have been adequately plead against all defendants. Should it please the court, Plaintiff will request leave to amend to more fully set forth his claims by explicitly identifying the respective defendants.

### Applicability of Tort Law against City Defendants

12. At the core here, is the fact that Sonoma Defendants were acting in concert with other Defendants, including Defendant Ardeleanu, a competitor to Plaintiff, to destroy his reputation and business.

13. Sonoma Defendants contend they simply acted in good faith as investigating officers. There are several problems with this theory. (1) Sonoma Defendants admitted to knowingly concealing *Brady* evidence before a Judge. (2) Defendant Ardeleanu and Defendant Sherrif Naugle were in email communication with one another. (3) Defendant Ardeleanu proposed exactly the scenario of the alleged crime <u>4 days prior</u> to the date it was allegedly committed. (4) Sonoma Defendants Opposed the FFI, and continued to publish a defamatory press release after charges were dismissed. (5) Even after the FFI was granted, Defendant Naugle told Ardeleanu in email "The victim was solid" and that the DA dropped it "Since the case was a misdomenor". (both charges were Felony.) This speaks volumes to intent.

14. California Government code Sections 815 protects only acts arising in the course and scope of their employment. Plaintiff argues that the memo painting him in not an alleged, but a factual and false light as a "POLICE IMPERSONATOR" and the subsequent publishing of it outside law enforcement channels to his Facebook and email friends was not an official act, but rather an act that under California Government Code Section 815.2 "would have given rise to a cause of action against that employee or his personal representative." Plaintiff further argues that the continued publication of the press release on the Sherriff's website after charges were dismissed and the FFI Petition was granted is not an act to which was not an official act, but rather an act that under California Government Code Section 815.2 "would have given rise to a cause of action against that employee or his personal representative."

### Sonoma Defendants summary of facts has errors.

15. Sonoma Defendants summary of facts is in error or conspicuously omits critical points as

follows:

(a) Nothing alleged at the scene (old police car with a primer/dark hood, single cheap faded red light, police badge) was ever found on Plaintiff or plaintiff's property at any time ($90,000 all-silver BMW 7-series, $4k worth of required, legal, YELLOW contractor strobe lights, licensed HAM radio, etc.)

(b) On Page 3, Sonoma Defendant's motion contends that Plaintiff's BMW had "Paper Plates". The vehicle did not have "paper plates." The vehicle had valid and displayed State of California 1984 Olympic commemorative license plates.

(c) On Page 3, Sonoma Defendant's motion contends that Defendant Burnett described a vehicle 'similar to plaintiff's'. Defendant Burnett did not describe a vehicle similar to Plaintiff's. The vehicle Burnett described had a "dark" hood and was a "police type car". Plaintiff's vehicle had a uniform light silver hood and body, furthermore Defendants were in possession of photographs of Plaintiff's BMW, which very clearly is all OEM BMW silver.

(d) On Page 3, Sonoma Defendant's motion contends that Plaintiff's FAC did not indicate the time at which service of the warrant occurred. This is not true, at Paragraph 34 the FAC alleges the warrant was served on the residence sometime after 11PM on Feb 11, 2010, after Plaintiff was arrested.

(e) On Page 5, Sonoma Defendant's motion contends that cell records were turned over to Plaintiff sometime after March 10, 2010. In-fact, these records that clearly exonerate Plaintiff were never turned over despite repeated demands to both the DA's office and to the Sherriff's office. This exculpatory evidence remains concealed to this day.

(f) The entirety of the statements in the FFI Opposition are not being presented by Plaintiff as facts, rather they are presented as testimonial in nature, the meat of the issue is their lacking evidentiary support to this day. (for instance, we have never seen the alleged witness interview, video lineup, police report. The identification could have been coerced or fabricated entirely. County Counsel even expressed reason to believe that the complainant "Christine Burnett" may be a fabricated identity.

16. Sonoma defendants assert defense under Government Code Section 820.2, the section covering abuse of discretion. Plaintiff argues that the activities in preparing and distributing the memo and news article, and communicating and encouraging those who published it or caused it to be published, are not acts to which a law enforcement officer is entitled discretion in the first place. This is not a case of abuse of power or discretion, this is a case of police officers acting entirely outside the bounds of their discretion, as such tort liability is sustained.

17. Simply put, presenting a mere suspicion as a criminal conviction is not a discretionary act. Nor is issuing a defamatory press release an element of an investigation or judicial act. Certainly, lying about the credibility of a witnesses' statements after being caught

18. In Elder v. Anderson (1962) 205 Cal.App.2d 326, 331 [23 Cal.Rptr. 48], the court defined discretionary acts as "those wherein there is no hard and fast rule as to the course of conduct that one must or must not take and, if there is a clearly defined rule, such would eliminate discretion." There is a bright line rule as to the course of conduct of presentation of alleged criminal activity. The well known case of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) establishes the strongest test for defamation - that a statement must be made with knowledge of it's falsity is presumed to be made with actual malice. Sonoma Defendants continued to circulate a press release, issued with the sole purpose of poisoning Plaintiff's business and personal reputations, even after charges were dismissed and he was found innocent during a separate FFI proceeding.

### Malicious Prosecution

19. Government Code section 821.6 and 815.2(b) are superseded by the Supreme Court. Even the absolute immunity ordinarily afforded prosecutors is no longer available if a pattern of misconduct can be shown *(Connick v. Thompson ( No. 09-571 ) 578 F. 3d 293.)* Plaintiff has already shown a pattern of seizures without probable cause, knowingly opposing FFI petitions brought by the innocent, and withholding of *Brady* evidence perpetrated by Sonoma

1  Defendants, and with Discovery, will show more. Sonoma Defendants invocation of *Van De Kamp* and *Buckheit v. Dennis*, in their motion, ignores *Connick v. Thompson* to it's peril.
20. Indeed, Plaintiff's motion fails to address *Connick v. Thompson* at all.

### Defamation per se

21. Plaintiff argues that the communications made by Defendant Naugle and other Sonoma Defendants were not made in a legislative, judicial, officially authorized, or malice-free manner to an interested person. Thus protection under California Civil Code 47 evaporates.

### Eighth Amendment

22. Plaintiff has dismissed his Eighth Amendment claims.

### Eleventh amendment

23. Sonoma Defendants make the straw-man Eleventh Amendment argument, while failing to establish grounds to consider themselves state actors. In their Motion, they concede that 9th circuit precedent (binding upon this court) considers the issue of whether a Sherriff is a state or local actor to be a Federal one. In Federal court, the Sherriff is a county actor. *Brewster v. Shasta County* (9th. Cir. 2001) 275 F.3d 803, 807-808, 811-812 ["the Shasta County Sheriff acts for the County, not the state, when investigating crime in the county." (*Id.* at pp. 807-808, see also pp. 811-812; *Smith v. County of Los Angeles* (2008) 535 F.Supp.2d 1033, 1037-1038 (*Smith*) [the *Smith* court rejected *Venegas, supra,* 32 Cal.4th 820 and held that the sheriff acts for the county when performing his functions of promulgating and applying policies regarding inmate medical care].)]

24. See further *Pruitt v. County of Sacramento, Dist. Court, ED California 2010* "On questions of federal law, this court is bound by the decisions of the Ninth Circuit. The Ninth Circuit has not departed from its analysis in *Brewster* since *Venegas* was decided. District courts in this Circuit have uniformly since Venegas continued to follow **Brewster**. See Garcia v. City of Merced, 637 F. Supp. 2d 731, 759-60 (E.D. Cal. 2008); Brockmeier v. Solano **County**

Sheriff's Dept., No. CIV-S-05-2090 MCE EFB PS, 2006 WL 3760276, at *10 (E.D. Cal. Dec. 18, 2006); Faulkner v. **County** of Kern, No. 1:04-CV-05964 OWWTAG, 2006 WL 1795107, at *16 (E.D. Cal. June 28, 2006); Brown v. **County** of Kern, No. 1:06-CV-00121-OWW-TAG, 2008 WL 544565, at *12 (E.D. Cal. Feb. 26, 2008); Vega v. **County** of Yolo, No. 2:09-CF-00574-MCE-KJM, 2009 WL 1992532, at *4 (E.D. Cal. July 8, 2009); Miller v. Butte **County**, No. 2:06-CV-0489 JAM KJM, 2008 WL 4287665, at *4 (E.D. Cal. Sept. 17, 2008); Byrd v. Teater, No. 1:06-cv-00900 OWW WMW, 2008 WL 495757, at *18-*21 (E.D. Cal. Feb. 21, 2008), rev'd on reconsideration on other grounds at 2008 WL 958194 (E.D. Cal. Apr. 8, 2008); Newman v. **County** of Ventura, No. CV 09-4160-JVS (RC), 2010 WL 1266719, at *5-*6 (C.D. Cal. Mar. 8, 2010), adopted by 2010 WL 1266725 (C.D. Cal. Mar. 26, 2010)."

25. Qualified Immunity.

26. The physical description, given with 80% certainty, does not rise to probable cause to arrest. Witness statements are notoriously unreliable, and in this case, have been withheld and may have been fabricated.

27. The vehicle description did not match. It was concealed from Defense counsel. When detective Naugle incorrectly claimed it did, Plaintiff's defense counsel contended that if it did then it would have to have been fabricated since he was no where near the incident.

28. Plaintiff in no way contends that professions of innocence alone warrant a lack of prosecution, rather that they merely serve to put investigators on notice that they should exercise their duty to investigate. A duty Defendants breached by withholding Brady evidence, which was never released to Plaintiff. (see page 15, Sonoma Defendants motion to dismiss.)

**Failure to state a claim.**

29. Sonoma Defendants generally allege a failure to state a claim, but provide no factual basis. Plaintiff believes he has adequately stated actionable claims under law against Sonoma Defendants, however should it please the court he will amend his FAC to more accurately set them forth.

### Count 1.

30. Plaintiff has adequately based his claims with the exception of the 8th amendment claim, which he has dismissed. Defendants violated his 1st amendment rights when they targeted him for his vehicle choice, personal political viewpoints concerning firearm ownership, and business practices concerning firearm ownership. His 14th amendment claims are adequately based upon lack of due process concerning the probable cause statement, affidavit, and warrant issued under false pretense, arrest, prosecution, the withholding of Brady evidence, and subsequent continued prosecution and opposition to his FFI.

31. The FAC adequately states that the warrant was served sometime after 11pm, after Plaintiff's arrest. It is necessary to weigh the facts to determine if the late-serving of the warrant violated Plaintiff's constitutional rights. With discovery, Plaintiff will show a pattern of late-served and otherwise defective warrants by Sonoma Defendants to satisfy requirements under *Monell*.

### Count 2

Plaintiffs contend they had probable cause to make an arrest without a warrant. They also need exigent circumstances. In this case, with Plaintiff's whereabouts unknown, they should have obtained a warrant and then arrested based upon that warrant. However, they likely knew that a judge would not find probable cause to issue a warrant, so they proceeded to make an arrest that also lacked probable cause.

The basis that Sonoma Defendants use to establish probable cause is contested, or deliberately mis-stated in their motion to dismiss at Page 19.

1) The victim did not positively identify plaintiff in a video lineup, at best may have claimed

to think so with 20% uncertainty.

2) Plaintiff's BMW did NOT match the description the victim allegedly gave.

3) Plaintiff did not have 'law enforcement style' equipment in his vehicle, he had legal HAM radios and contractor equipment. One would expect a law enforcement officer who regularly interacts with true police equipment to reasonably know the difference.

4) Defendants had in their possession, prior to the arrest, everything they needed to obtain Plaintiff's cell location records. Their claim they came into this information post-arrest is false.

It is a practice of the Sonoma Defendants to falsify evidence, withhold exculpatory evidence, commit perjury, and knowingly prosecute the innocent, in order to obtain a conviction. Plaintiff will show this in discovery.

### Count 3.

Specific acts of commission or omission exist constituting a policy by Sonoma Defendants, notably but not limited to, Defendants Sherriff Bill Cogbill and Detective Naugle of withhold exculpatory evidence, namely obtaining cell records under sealed court order, and burying them if they exonerate the defendant. Plaintiff will show this in discovery.

Count 4.

Quite simply, it is not the protestations of innocence, but the fact that Sonoma Defendants literally held in their hands exculpatory Cell Phone evidence proving Defendant was 100+ miles away at the time of the alleged crime, that warrants not only his release, but his uninterrupted freedom.

That they concealed this in the first place by obtaining it under sealed court order, then concealed it at trial, and ultimately from not one but 2 judges, is reprehensible.

Sonoma Defendants weakly attempt to rely upon discovery rules to attempt to justify their withholding of evidence, this defense is lacking insofar as it does not address the concealing of the *existence* of the exculpatory evidence, as opposed to the turnover itself.

Plaintiff has emails detailing the conspiracy and contact between Defendants Naugle, Ardeleanu, Sonoma County Sheriffs Department, County of Sonoma, and City of Petaluma. With discovery, he will be able to show the entire picture.

Plaintiff does not believe that simply because he was later found innocent that his rights were violated, however it is the nature of the prosecution and investigation itself, and it's initiation with bad faith, fraud, oppression and malice by his competitors to crush his business, that clearly ring the bell of misdeeds.

## STATE LAW CLAIMS.

### Statute of limitations

Plaintiff submitted a Government Claim to the County board of Supervisors on June 4th, 2011. No response was received by Plaintiff from the County. If written notice is not given in accordance with Section 913 then the SOL to file an action is 2 years. Cal.Gov't Code § 945.6(a)(2). Plaintiff filed his action Feb 11, 2011. Well within the 2-year time limit.

In any event, Sonoma Defendants motion to strike state law claims under SOL, if successful, would only strike the state law claims against the County of Sonoma, seeking dismissal against all defendants is inappropriate and unwarranted under the facts and law presented.

Defendants citation of *Thomas v. Steele*, 2004 U.S. Dist. LEXIS 18312 (N.D. Cal. 2004) is unpersuasive in that it was an uncontested matter in the District Court. The court had no ability to make findings of law or fact in an uncontested matter.

### Immunity

Sonoma defendants are not immune under Government Code section 821.6 because their actions insofar as they relate to running a news wire service are not acts that fall under the umbrella of

"instituting or prosecuting any judicial or administrative proceeding".

### Punitive Damages

32. Punitive damages become a discretionary matter for the jury in a section 1983 action when "the defendants conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

### CONCLUSION

33. For all the forgoing reasons, Plaintiff requests that the court Deny the Sonoma Defendants' motion to dismiss, motion for more definite statement, and request to strike the prayer for punitive damages. Plaintiff requests that, should it please the court, he be granted leave to file a Second Amended Complaint which will more accurately set forth facts to sustain his claims in absence of discovery.

34. This declaration is made from my own personal knowledge, and if called as a witness, I would be competent to testify to those facts contained herein. I declare under penalty of perjury the forgoing is true and correct.

Date: July 26, 2011            By:      /s/Benjamin P Cannon
                                        Benjamin P Cannon

**CERTIFICATE OF SERVICE**

The undersigned certifies that the forgoing was filed with the Clerk of the Court and served on all parties as indicated below.

    Electronically to:

1. The "Sonoma Defendants" (The County of Sonoma (including the Sonoma County Sheriff's Office); the City of Sonoma (including the Sonoma Police Department); former Sonoma County Sheriff-Coroner William Cogbill; Sonoma County Sheriff's Deputies James Naugle, Christopher Spallino, Eric Haufler, Jesse Hanshew, Shawn Murphy, and Perry Sparkman; former Sonoma County District Attorney Stephan Passalacqua; and Sonoma County Deputy District Attorneys James Casey and Robert Waner.
(Via their counsel of record, Anne Keck AKECK@sonoma-county.org and rosman@bfesf.com)

2. Defendants City of Petaluma, Petaluma Police Department, Dan Fish, John Silva, Bert Walker, Jason Jucitan (Via their counsel of record Kimberly Drake kdrake@meyersnave.com and Kim Colwell kcolwell@meyersnave.com)
Via US MAIL to:
555 12th Street, Suite 1500
Oakland, CA 94607

3. Defendant Sorinne Ardeleanu -
(Via sorinne@yahoo.com)

Date: July 26, 2011

                                           By: /S/Benjamin P Cannon
                                                 Benjamin P Cannon

**CERTIFICATE OF SERVICE**

The undersigned certifies that the forgoing was filed with the Clerk of the Court and served on all parties as indicated below.

Electronically to:

1. The "Sonoma Defendants" (The County of Sonoma (including the Sonoma County Sheriff's Office); the City of Sonoma (including the Sonoma Police Department); former Sonoma County Sheriff-Coroner William Cogbill; Sonoma County Sheriff's Deputies James Naugle, Christopher Spallino, Eric Haufler, Jesse Hanshew, Shawn Murphy, and Perry Sparkman; former Sonoma County District Attorney Stephan Passalacqua; and Sonoma County Deputy District Attorneys James Casey and Robert Waner.
(Via their counsel of record, Anne Keck AKECK@sonoma-county.org and rosman@bfesf.com)

2. Defendants City of Petaluma, Petaluma Police Department, Dan Fish, John Silva, Bert Walker, Jason Jucitan (Via their counsel of record Kimberly Drake kdrake@meyersnave.com and Kim Colwell kcolwell@meyersnave.com)
Via US MAIL to:
555 12th Street, Suite 1500
Oakland, CA 94607

3. Defendant Sorinne Ardeleanu -
(Via sorinne@yahoo.com)

Date: July 22, 2011

By: /S/Benjamin P Cannon
Benjamin P Cannon

*City Defendants'*

Opposition to MOT to dismiss & more def statement. - Page 6 of 6  [C 11-0651 PJH]