**LAW OFFICES OF STEVEN WHITWORTH**
**STEVEN A. WHITWORTH [SBN: 249111]**
28 Boardman Place
San Francisco, CA 94103
(415) 252-5900
(415) 252-5903
steve@stevenwhitworth.com

Specially Appearing On Behalf Of:
SORINNE ARDELEANU

## UNTIED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN PHILLIP CANNON, | Case No.: CV 110651 PJH (JCS) |
| Plaintiff, | **DEFENDANT ARDELEANU'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA AND MOTION FOR SANCTIONS** |
| vs. | |
| CITY OF PETALUMA ET AL, | DATE: September 9, 2011 |
| Defendant | TIME: 9:30 a.m. |
| | PLACE: San Francisco Division Courtroom G |
| | JUDGE: Honorable Joseph C. Spero |

Defendant, SORINNE ARDELEANU, hereby respectfully submits her reply to Plaintiff's Opposition to Motion to Quash Subpoena to AT&T and Motion for Sanctions.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On February 2, 2011, Plaintiff, BENJAMIN PHILLIP CANNON served a subpoena upon AT&T wireless commanding the production of SORINNE ARDELEANU's cellular subscriber information and records without first personally serving Defendant ARDELEANU. CANNON was aware that ARDELEANU had not been served and issued the subpoena anyway, which is an abuse of the subpoena power. CANNON also failed to meet the pleading standard of Rule 8 which entitles him to discovery.

## II. ARGUMENT

### A. THERE IS NO DEFAULT JUDGMENT AGAINST DEFENDANT ARDELEANU

Fed. R. Civ. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed with the court, the action must be dismissed without prejudice. If the plaintiff shows good cause the Court may extend time. A default will not be entered against a defendant who has not been properly served or waived service. The plaintiff bears the burden of proving the existence of jurisdiction by showing facts establishing valid service within the statutory period. (*School District of Okaloosa County v. Superior Court* (1997) 58 Cal.App.4th 1126, 1131)

Defendant ARDELEANU has not been served within the 120 day period and CANNON has not proven facts establishing valid service. On August 5, 2011, the District Court Judge granted CANNON an extension of time and ordered him to file valid proof of service by August 19, 2011. Mr. CANNON submitted proof of service on a person who denies being her employer. This is not proper service. The fact that Mr. CANNON believes that the defendant is evading service or wishes to avoid wasting time is irrelevant to establishing proper service.

In the absence of personal jurisdiction over a defendant, the court has no authority to render a valid judgment against that party or to act in any other respect against that party. (*Schwenke v. J & P Scott inc.* (1998) 205 Cal.App.3rd 71, 76) Since no valid proof of service has been filed by August 19, 2011, and there is no valid default judgment on file against the defendant, ARDELEANU must be dismissed. Therefore there is no bar to filing this motion to quash the subpoena.

### B. ARDELEANU HAS NOT BEEN PERSONALLY SERVED.

A subpoena must be personally served, substitute service is insufficient. (*In re Abrams* (1980) Cal.App.3d 685, 687–695)

Mr. CANNON did not personally serve ARDELEANU prior to issuing the AT&T subpoena. CANNON erroneously believes that the courtesy notice AT&T sent to ARDELEANU is sufficient to satisfy the notice requirement. However, this is not personal service and there is no record of personal service on file and ARDELEANU did not waive service. Since the service requirement is not met, the subpoena must be quashed.

### C. KNOWLEDGE OF THE CASE NUMBER IS NOT DISPOSITIVE OF PROPER NOTICE

Knowledge of an action does not dispense with statutory requirements for service of summons. (*Kappel v. Bartlett* (1998) 200 Cal.App.4th 1457, 1466 – 1467; *Ruttenburg v. Ruttenburg* (1997) 53 Cal.App.4th 801, 808)  Furthermore, a defendant's knowledge of an action raises no estoppel to contest the validity of service. (*Honda Motor Co. v. Superior Court* (1992) 10 Cal.App.4th 1043, 1049)

Mr. CANNON asserts that ARDELEANU's knowledge of the case number is proof that she has received actual notice. However the statutory requirement for a subpoena is personal service.  The mere fact that ARDELEANU was notified by AT&T of the case number when she received the courtesy notice has no bearing on whether or not she received personal service prior to issuance of the subpoena. Since, the statutory requirement is not met, the subpoena must be quashed.

### D. THE MOTION TO QUASH IS TIMELY FILED

Fed. R. Civ. 45(c)(2)(B) provides that objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

The letter that AT&T sent to ARDELEANU notifying her of the subpoena for records is dated Saturday July 16th. Assuming that it was mailed the next business day, Monday the 17th, the earliest that she could have received it, from Texas, is Wednesday the 20th.  This would be the first notice that she had of the Subpoena. Since the motion to quash was filed on August 2, the timing is satisfied.

Nevertheless, ARDELEANU was not personally served and thus she had no notice. Therefore, as discussed supra, this point is moot on these facts.

### E. THE MOTION IS NOT DEFECTIVE FOR PAPER FILING AND LEAVING THE DATE AND TIME BLANK

GO(45)(VII)(A) allows for manual paper filing in certain instances. In the present case, there was a technical problem and after conferring with the clerk, we agreed to file manually. All parties were properly served and copies were later sent electronically to the appropriate parties. Notice of the motion and the motion were sent to Mr. CANNON by US Certified Mail. (See Exhibit A for certificate of certified delivery)

A motion to quash subpoena is typically filed with the date and time blank. The clerk fills in this information and notifies the parties. All parties were notified by the Court on August 12, 2011.

Therefore the motion is not defective.

### F. PLAINTIFF HAS NOT SATISFIED THE PLEADING REQUIREMENTS OF RULE 8 ENTITLING HIM TO DISCOVERY

In *Ashcroft v. Iqbal*, The Supreme Court confirmed that a plaintiff must satisfy the pleading requirements of Rule 8 before being entitled to discovery, as "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." (*Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1950)

Mr. CANNON is claiming that the documents sought and information therein is vital to establishing legal causes of action. Thus, he is arguing that the factual support for his claims for relief will be found in the discovery. This is not the standard required of Rule 8. Rule 8 requires that the plaintiff first state a claim that is plausible on its face—naked assertions that are unsupported by plausible facts or applicable case law are not sufficient to open the door to discovery. Furthermore, since the Defendant ARDELEANU was not even properly served with the complaint, the rule is not satisfied and the subpoena must be quashed because there is no basis to support it.

### G. PLAINTIFF UNLAWFULLY ABUSED HIS SUBPOENA POWER BECAUSE HE SUBPOENAED DEFENDANT'S RECORDS FROM AT&T WITH THE KNOWLEDGE THAT DEFENDANT HAD NOT BEEN SERVED.

The court may "impose appropriate sanctions for misuse of subpoenas—which may include *lost earnings* and *reasonable attorney's fees*". (FRCP 45(c)(1) (emphasis added); see *Mattel Inc. v. Walking Mountain Productions* (9th Cir. 2003) 353 F3d 792, 814)

Mr. CANNON subpoenaed Ms. ARDELEANU's personal records from AT&T without first serving her as required by law. Mr. CANNON stated in a letter to the court that he believed Ms. ARDELEANU was evading service and suggested that the court issue a default judgment to avoid wasting the court's time. The court denied his request for a default judgment. Thus, he knew that there was no default and that ARDELEANU was not served. Nevertheless, he proceeded regardless of the fact the requirements were not met. Thus, Mr. CANNON unlawfully abused his subpoena power.

### H. DECLARATION OF STEVE WHITWORTH IS PROPER

Civil L.R. 7-5(b) provides in pertinent part any factual statement made upon information or belief is proper if the basis for the statement is stated. Furthermore, evidence may be in the form of declarations. (*Sammons Enterprises, Inc. v. Superior Court* (1998) 205 Cal.App.3d. 1427, 1430) and a verified pleading may suffice. (*Lungren v. Superior Court* (1980) 111 Cal.App.3d. 477, 48) Declarations on a motion to quash may also, in many instances, be based on hearsay. (*Kroopf v Guffey* (1986) 183 Cal.App.3d. 1351, 1358)

The declaration of Whitworth is based on his belief and understanding after personally reviewing the facts of the case and is so stated. Thus it is proper. Although the declaration is *not* hearsay, even if the court so deems, it is likely admissible anyway.

### I. SANCTIONS AGAINST DEFENDANT AND DEFENDANT'S ATTORNEY ARE INAPPROPRIATE

There is no rule that prohibits a person from defending themselves in a civil action. A Defendant is entitled to Due Process and the requirement of personal service and other court rules is not frivolous as the Plaintiff so alleges.

### IV. CONCLUSION

Based upon the foregoing, Movants respectfully request that the motion to quash the subpoena be granted and they further request the Court to grant such other and further relief as the Court deems just and proper.

Dated this 26th day of August, 2011    Respectfully submitted,

/s/ Steven Whitworth
Steven Allen Whitworth
Attorney for Sorinne Ardeleanu

**EXHIBIT A**





**PROOF OF SERVICE**

I, STEVEN WHITWORTH, the undersigned, do hereby declare:

I am over eighteen years of age and not a party to the above action. My business address is 28 Boardman Place, San Francisco, CA 94103.

On August 26, 2011, I personally served a true copy of:
**DEFENDANT ARDELEANU'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA AND MOTION FOR SANCTIONS**

on the interested parties named below, addressed as follows:

By Email To:
Benjamin Phillip Cannon
Attorney in Propia Persona
1083 Vine St. #215
Healdsburg, CA 95448
Ben@geovario.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2011 at San Francisco, California.

/s/ Steven Whitworth
Steven Allen Whitworth
Attorney for Sorinne Ardeleanu