UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PHILIP CANNON,

    Plaintiff,

    v.

CITY OF PETALUMA, et al.,

    Defendants.

_____/

No. C 11-0651 PJH

**ORDER RE MOTIONS TO DISMISS OR FOR MORE DEFINITE STATEMENT; ORDER RE MOTIONS TO STRIKE**

    Defendants' motions to dismiss the first amended complaint, or for a more definite statement, and motions to strike certain allegations in the complaint came on for hearing on September 14, 2011.

    Plaintiff Benjamin Philip Cannon appeared in propria persona. Defendants County of Sonoma; Sonoma County Sheriff's Department; former Sonoma County Sheriff William Cogbill; Sheriff's Officers James Naugle, Christopher Spallino, Eric Haufler, Jesse Hanshew, Shawn Murphy, and Perry Sparkman; Sonoma County District Attorney's Office; former Sonoma County District Attorney Stephen Passalacqua; Sonoma County Deputy District Attorneys James Casey and Robert Waner; City of Sonoma; and Sonoma Police Department ("Sonoma defendants") appeared by their counsel Anne Keck. Defendants City of Petaluma; Petaluma Police Department; Petaluma Chief of Police Dan Fish; and Petaluma Police Officers John Silva, Bert Walker, and Jason Jucutan ("Petaluma defendants") appeared by their counsel Kimberley M. Drake.

    Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions to dismiss, DENIES the motions for more definite statement, GRANTS the Sonoma defendants' motion to strike, and DENIES the Petaluma defendants' motion to strike, as follows and for the reasons stated at the hearing.

1.       The motion to dismiss the § 1983 claims against defendants Sonoma County District Attorney's Office, former Sonoma County District Attorney Passalacqua, and Sonoma County Deputy District Attorneys Casey and Waner based on prosecutorial immunity for actions in their individual capacity, and based on Eleventh Amendment immunity for actions in their official capacity, is GRANTED.  The dismissal is with prejudice.

2.       The motion to dismiss the § 1983 claims against defendants Sonoma County Sheriff's Department, former Sonoma County Sheriff Cogbill, and Sonoma County Sheriff's Officers Naugle, Spallino, Haufler, Hanshew, Murphy, and Sparkman based on Eleventh Amendment immunity for actions in their official capacity is GRANTED.  The dismissal of these claims is with prejudice.  The amended complaint may allege § 1983 claims against the Sheriff or the Sheriff's Officer defendants in their individual capacities.

3.       The motions to dismiss the § 1983 claims for failure to state a claim are GRANTED.  The first amended complaint is largely incomprehensible.  While purporting to allege First, Fourth, and Fourteenth Amendment claims[1] against both the Sonoma defendants and the Petaluma defendants – relating to the search of plaintiff's home, the arrest(s) of plaintiff, and the asserted failure to train and supervise – it fails to plead facts connecting any particular defendant with any particular constitutional violation, or alleging the necessary elements of each such claim.  The dismissal is with leave to amend (except as to the Sonoma County District Attorney defendants, and as to the Sonoma County Sheriff defendants in their official capacities), to plead facts sufficient to show which particular defendant is alleged to have committed which particular action, and which particular constitutional right was violated by such action and such defendant.

4.       The motions for qualified immunity are DENIED as premature.

5.       The § 1983 claims against the County of Sonoma, the City of Sonoma, and the City of Petaluma are DISMISSED for the additional reason that the complaint fails to allege facts showing municipal liability as required under Monell v. Dep't of Social Services,

---

[1] The court notes that plaintiff previously filed a notice of dismissal of the Eighth Amendment claims alleged in both the original and first amended complaints.

2

1  436 U.S. 658, 691 (1978).  The dismissal is with leave to amend.

2      6.    Any claim based on or purporting to allege a <u>Brady</u> violation, whether
3  asserted under federal or state law, is DISMISSED with prejudice.

4      7.    The motions to dismiss the state law claims asserted against the Sonoma
5  defendants and the Petaluma defendants as time-barred are GRANTED.  <u>See</u> Cal. Gov't
6  Code §§ 911.2, 945.4, 945.6.  The dismissal is with prejudice.  These claims are also
7  subject to dismissal based on governmental immunities that apply.  <u>See</u> <u>id.</u> §§ 815, 815.2,
8  820.2, 821.6.

9      8.    The Sonoma defendants' motion to strike references to the order re factual
10  finding of innocence, and references to the misconduct and State Bar discipline of a former
11  Sonoma County Assistant District Attorney, is GRANTED.  The Petaluma defendants'
12  motion to strike the prayer for punitive damages is DENIED, although the court notes that
13  plaintiff indicated at the hearing that he was withdrawing the demand for punitive damages
14  against the public entities.

15      9.    The motions for a more definite statement are DENIED in view of the court's
16  ruling on the motions to dismiss.

17      10.    The second amended complaint shall be filed no later than October 5, 2011,
18  and shall supercede the first amended complaint.  <u>See</u> <u>Forsyth v. Humana, Inc.</u>, 114 F.3d
19  1467, 1474 (9th Cir. 1997).  The second amended complaint may not name any new
20  defendants, and may not allege any new claims or re-allege any claims that have been
21  dismissed herein with prejudice.  Any answer or motion to dismiss shall be filed no later
22  than October 26, 2011.  The court will decide any future motion to dismiss on the papers.

**IT IS SO ORDERED.**

Dated:  September 15, 2011

                                                                  
PHYLLIS J. HAMILTON
United States District Judge

3