United States District Court

For the Northern District of California

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    NORTHERN DISTRICT OF CALIFORNIA
8
9
10
11
12   BENJAMIN PHILIP CANNON,
13              Plaintiff,                     No. C 11-0651 PJH
14        v.                                   **ORDER DENYING MOTIONS FOR**
                                               **LEAVE TO FILE MOTIONS FOR**
15   CITY OF PETALUMA, et al.,                 **RECONSIDERATION**
16              Defendants.
     _____/
17
18        Plaintiff Benjamin Philip Cannon seeks leave to file motions for reconsideration of
19   three orders issued by the court – the order dismissing the claims asserted against
20   defendant Sorinne Ardeleanu; the order denying plaintiff's motion for default judgment
21   against defendant Sonoma Valley Sun; and the order dismissing the claim of unlawful
22   search asserted against the Sonoma County defendants.
23        Under Civil Local Rule 7-9, a party seeking leave to file a motion for reconsideration
24   must specifically show
25        (1) That at the time of the motion for leave, a material difference in fact or law
          exists from that which was presented to the Court before entry of the
26        interlocutory order for which reconsideration is sought. The party also must
          show that in the exercise of reasonable diligence the party applying for
27        reconsideration did not know such fact or law at the time of the interlocutory
          order; or
28
          (2) The emergence of new material facts or a change of law occurring after

the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

The court has reviewed plaintiff's motions and finds that they must be DENIED because they do not meet the requirements of Rule 7-9(b).  In addition, each of the motions is based to a considerable extent on plaintiff's mischaracterization of other orders issued by the court, and it therefore appears to the court that this entire exercise could have been avoided had plaintiff simply taken a little more time to read the orders.

1.    Motion re dismissal of Sorinne Ardeleanu

Plaintiff seeks leave to file a motion for reconsideration of what he claims was an order issued on April 6, 2012 dismissing defendant Sorinne Ardeleanu with prejudice, for failure to effect timely service.  The April 6, 2012 order dismissed certain claims asserted against the Sonoma defendants and the Petaluma defendants.  In that order, the court also noted that the second amended complaint purported to assert claims against Ardeleanu, but that Ardeleanu was no longer a defendant in the case because she had previously been dismissed for failure to effectuate service.

The order dismissing Ardeleanu was filed on August 29, 2011.  On August 5, 2011, the court issued an order noting that Ardeleanu had apparently not been served with the summons and complaint, and that the 120 days allowed under Federal Rule of Civil Procedure 4(m) for service of the summons and complaint had expired on June 13, 2011. Plaintiff had previously filed a proof of service showing that service had been attempted by leaving copies of the summons and complaint at what plaintiff believed was Ardeleanu's place of business on April 29, 2011.  However, Harry K. Jeung, CPA, the owner of that place of business subsequently returned the documents to the court, with a note stating that "[t]he intended recipient is not located at this office."  Mr. Jeung's note was efiled by the court on June 23, 2011.

In the August 5, 2011 order, the court granted plaintiff an additional two weeks to

United States District Court

For the Northern District of California

1   accomplish service on Ardeleanu and to file a proof of service, and directed that if no proof

2   of service was filed by August 19, 2011, showing service of the summons and complaint,

3   Ardeleanu would be dismissed from the case.  On August 29, 2011, plaintiff having failed to

4   file a proof of service showing service on Ardeleanu, the court issued an order dismissing

5   Ardeleanu pursuant to Rule 4(m).

6       Notwithstanding this order, when plaintiff filed the second amended complaint

7   ("SAC") on October 12, 2011, he again named Ardeleanu as a defendant.  Thus, the

8   statement in the April 6, 2012 order to the effect that Ardeleanu was not a defendant was

9   not an order of dismissal; it was simply a reference to the fact that Ardeleanu had

10  previously been dismissed from the case.  Accordingly, there is nothing in the April 6, 2012

11  order to reconsider, and the motion is DENIED on that basis.

12      In addition, the court did not say that the dismissal was with prejudice.  Dismissals

13  under Rule 4(m) are without prejudice to refiling the claim against that defendant.

14  Following the August 29, 2011 dismissal, plaintiff was free to file another lawsuit against

15  Ardeleanu.

16          2.      Motion re denial of default judgment against <u>Sonoma Valley Sun</u>.

17      Following defendant <u>Sonoma Valley Sun</u>'s failure to respond to the complaint,

18  plaintiff requested entry of default.  Default was entered on June 29, 2011.  On July 26,

19  2011, plaintiff filed a motion for default judgment.  In an order filed July 29, 2011, the court

20  denied the motion, on two grounds, based on the standard set forth by the Ninth Circuit in

21  <u>Eitel v. McCool</u>, 782 F.2d 1470 (9th Cir. 1986).  First, the court found that the allegations in

22  the complaint failed to state a claim against the <u>Sonoma Valley Sun</u>.  Second, the court

23  found that plaintiff had failed to prove up his damages in connection with the motion for

24  default judgment.  The court explained the deficiencies in some considerable detail.

25      However, rather than seeking to remedy those deficiencies, plaintiff filed a request

26  on August 18, 2011, for leave to file a motion for reconsideration, based on alleged

27  emergence of "new material facts."  On August 22, 2011, the court denied the motion,

28  finding that plaintiff had not established that reconsideration was warranted under Civil

3

United States District Court
For the Northern District of California

1   Local Rule 7-9.

2       Plaintiff has now filed a second motion for reconsideration, again arguing that new

3   facts have come to light regarding his claims.  It appears to the court, however, that plaintiff

4   is attempting to allege a new theory.  In the first amended complaint ("FAC"), he asserted a

5   claim of defamation against the <u>Sonoma Valley Sun</u> based on the publication of a press

6   release that had previously been issued by the Sonoma County Sheriff's Department.  The

7   FAC alleged that the Sheriff's Department "published a press release . . . engineered to

8   express and imply Cannon's guilt, including publishing his home address.  Over 50 press

9   agencies picked up the story.  Defendant Sonoma Sun published it as factual . . . and failed

10  to publish a retraction even after [plaintiff's attorney] notified them in email of his factual

11  innocence."  FAC ¶ 61.

12      In the present motion, plaintiff contends that "[t]he spirit of the FAC was to allege

13  that the Sonoma Sun did not simply publish an existing press release, but rather re-wrote

14  it," and that the "re-writing . . . substantially altered the meaning of the initial publication,

15  inserting defamatory language."  That is certainly not what is alleged in the FAC, and the

16  court finds nothing to reconsider based on plaintiff's argument.  However, if plaintiff

17  believes he can state a claim against the <u>Sonoma Valley Sun</u>, he is free to attempt to do so

18  in the third amended complaint, which is due on May 7, 2012 (per the April 6, 2012 order).

19  Nevertheless, the motion for leave to file a motion for reconsideration is DENIED.

20      3.      Motion re dismissal of constitutional claim regarding service of search warrant

21      In the SAC, plaintiff alleged a Fourth Amendment claim of unlawful search, based on

22  the allegation that the warrant for the search of his home did not authorize a night search,

23  but that the search had in fact been conducted at night, in violation of state law.  In the April

24  6, 2012 order, the court denied the motion to dismiss the claim that the search warrant was

25  issued without probable cause, but did dismiss the claim regarding the alleged night

26  search, on the basis that a claim for a violation of a state law does not provide a basis for a

27  claim under 42 U.S.C. § 1983.

28      Although plaintiff's motion is not entirely clear, as he appears to have copied a

4

portion of the motion regarding the motion for default judgment against the <u>Sonoma Valley</u> <u>Sun</u> into this motion regarding the claim alleging that the service of the search warrant was unlawful, the court nonetheless finds nothing in the motion showing that reconsideration is warranted.  Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  April 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge