1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                              NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11    BENJAMIN P. CANNON,

12              Plaintiff,                           No. C 11-0651 PJH

13        v.                                         **ORDER RE PLAINTIFF'S MOTION**
                                                     **TO AMEND COMPLAINT**
14    CITY OF PETALUMA, et al.,

15              Defendants.
      _____/

16

17        Before the court is plaintiff's motion for leave to file a third amended complaint.

18    Having read the parties' papers and carefully considered their arguments, and good cause

19    appearing, the court hereby GRANTS the motion in part, and DENIES it in part, as set forth

20    below.

21                                        **BACKGROUND**

22        Plaintiff Benjamin P. Cannon filed the original complaint in this action on February

23    11, 2011, and filed a first amended complaint ("FAC") on April 15, 2011, asserting claims of

24    constitutional violations under 42 U.S.C. § 1983, against numerous defendants.

25    Defendants County of Sonoma and other Sonoma County defendants moved to dismiss, as

26    did defendant City of Petaluma and other Petaluma defendants.  On September 15, 2011,

27    the court granted the motion, dismissing some defendants and claims with prejudice, and

28    granting leave to amend as to certain claims only.

United States District Court

For the Northern District of California

1    Specifically, the court dismissed, with prejudice, the claims against Sonoma County

2    District Attorney Passalacqua and Deputy District Attorneys Casey and Waner, based on

3    prosecutorial immunity; the official-capacity claims against Sonoma County Sheriff Cogbill,

4    and Deputy Sheriff's Officers Naugle, Spallino, Haufler, Hanshew, Murphy, and Sparkman,

5    based on Eleventh Amendment immunity; and any claim purporting to allege a due process

6    violation under Brady v. Maryland, 373 U.S. 83 (1963), for failure to release exculpatory

7    evidence.  The court also granted the motion to strike allegations regarding factual finding

8    of innocence and regarding State Bar discipline of a former Sonoma County Deputy District

9    Attorney.  The remaining claims were dismissed for failure to state a claim, with leave to

10   amend.

11   Plaintiff filed the second amended complaint ("SAC") on October 12, 2011, and

12   defendants again filed motions to dismiss.  On April 6, 2012, the court granted the

13   Petaluma defendants' motion, and granted the Sonoma defendants' motion in part and

14   denied it in part.  Specifically, the court denied the motion to dismiss the Fourth

15   Amendment claim relating to the February 11, 2010 arrest and the claim that the search

16   was unlawful because the search warrant was invalid.  The court dismissed, with prejudice,

17   the claims against the City of Sonoma and the Sonoma Police Department; the claims

18   against the Petaluma defendants relating to the January 27, 2010 traffic stop, arrest, and

19   search; the individual capacity claims against Sheriff Cogbill and Deputies Spallino and

20   Haufler; all due process and equal protection claims and claims of unlawful taking without

21   just compensation; and the claim that the night-time search of plaintiff's residence violated

22   his constitutional rights in that the search warrant was served after the time allowed under

23   California Penal Code § 1533.

24   The court granted leave to amend as to certain claims.  Specifically, the court

25   granted leave to amend the claims of supervisory liability against Sheriff Cogbill and Deputy

26   Naugle, and the Monell claims against the County of Sonoma.  The court also dismissed

27   the claims against the Petaluma defendants relating to the February 8, 2010 traffic stop,

28   with leave to amend to allege facts supporting a Fourth Amendment violation, and a

United States District Court
For the Northern District of California

2

United States District Court

For the Northern District of California

Monell claim and/or supervisory liability claim relating to Fourth Amendment violations only. The court noted that the claim of failure to provide exculpatory evidence and the claims against defendant Sorinne Ardeleanu had previously been dismissed, and that allegations relating to such claims should not appear in any further amended complaint.

On May 4, 2012, the Sonoma defendants filed a motion for clarification or for leave to file a motion for reconsideration, arguing that the Monell claims against the County should also have been dismissed with prejudice, in light of the dismissal of the official-capacity claims against the Sheriff and Sheriff's Deputies based on Eleventh Amendment immunity. On October 4, 2012, concurrently with the filing of this order, the court granted reconsideration, and amended the April 6, 2012 order to dismiss the claims against the County of Sonoma with prejudice.

On May 5, 2012, plaintiff filed a motion for leave to file a third amended complaint ("TAC"). The court denied the motion because plaintiff had not attached a copy of the proposed amended complaint. On May 16, 2012, plaintiff filed a "second motion" for leave to file a TAC. In the motion, he asserted that he was seeking leave to amend the complaint to add allegations regarding the claims against the Petaluma defendants in connection with the February 8, 2010 traffic stop. However, the allegations in the proposed TAC differ little from those in the SAC.

Both the Sonoma defendants and the Petaluma defendants filed oppositions to the motion for leave to amend. The basis of both the Sonoma defendants' and the Petaluma defendants' opposition is that the proposed TAC includes claims that were previously dismissed with prejudice. In addition, the Petaluma defendants contend that the allegations in the proposed TAC regarding the February 8, 2010 traffic stop – as to which the court did give leave to amend – repeat the allegations from the SAC almost verbatim; and that plaintiff has not met the standard for amending complaints under Federal Rule of Civil Procedure 15.

On May 29, 2012, plaintiff filed a reply to the Sonoma defendants' opposition to the motion for leave to amend, which he also designated as a "motion to strike" the opposition.

United States District Court

For the Northern District of California

1    Also on May 29, 2012, plaintiff filed a reply to the Petaluma defendants' opposition, and a

2    separate motion for leave to file a motion for reconsideration of the order dismissing the

3    § 1983 claim that service of the search warrant after 10:00 p.m. violated Penal Code

4    § 1533 and therefore provided a basis for a constitutional claim.

5         On June 19, 2012, the Sonoma defendants filed a "response" to plaintiff's "motion to

6    strike."  On June 26, 2012, plaintiff filed a "reply" to the Sonoma defendants' "response" to

7    the motion to strike.  Also on June 26, 2012, plaintiff filed a "third motion" for leave to file a

8    TAC, explaining that he wanted to correct an error in the "second motion" – specifically, that

9    he had included a previously dismissed claim in the proposed TAC.

10                                    **DISCUSSION**

11   A.    Legal Standard

12        Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of

13   the defendant or leave of court to amend its complaint once the defendant has answered,

14   but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also,

15   e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend

16   granted with "extreme liberality").  Leave to amend is thus ordinarily granted unless the

17   amendment is futile, would cause undue prejudice to the defendants, or is sought by

18   plaintiffs in bad faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962);

19   Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).  However,

20   when a district court has already granted a plaintiff leave to amend, its discretion is

21   deciding subsequent motions to amend is "particularly broad."  Chodos, 292 F.3d at 1003

22   (citation omitted).  In addition, amendments seeking to add claims are to be granted more

23   freely than amendments adding parties.  Union Pacific R. Co. v. Nevada Power Co., 950

24   F.2d 1429, 1432 (9th Cir. 1991).

25   B.    Plaintiff's Motion

26        As detailed above, in ruling on the prior motions to dismiss the FAC and the SAC,

27   the court dismissed certain defendants and claims with prejudice, and dismissed other

28   claims with leave to amend.  In the proposed TAC, plaintiff has repeated many of the

United States District Court

For the Northern District of California

1    allegations relating to claims that were previously dismissed without leave to amend.  In the

2    present motion, plaintiff asserts that he seeks leave to amend to add allegations more fully

3    supporting his claims regarding the February 8, 2010 traffic stop.

4           Both the Sonoma defendants and the Petaluma defendants oppose the motion on

5    the grounds that the proposed TAC includes allegations relating to claims and defendants

6    that were previously dismissed with prejudice.  In addition, the Petaluma defendants assert

7    that the proposed TAC does not add any substantive allegations regarding the February 8,

8    2010 traffic stop, and argue that leave to amend is not warranted because plaintiff unduly

9    delayed in filing the motion; because the proposed amendment regarding the February 8,

10   2010 traffic stop adds no new facts that amendment would therefore be futile; because

11   defendants would be unduly prejudiced if leave to amend were granted; and because

12   plaintiff has been given several opportunities to amend and has thus far been unsuccessful

13   in doing so.

14          The court agrees that the proposed TAC submitted by plaintiff includes numerous

15   allegations relating to claims that have been dismissed with prejudice, and which therefore

16   have no place in a further version of the complaint.  As for the allegations regarding the

17   February 8, 2010 traffic stop (which plaintiff refers to as the "February 8, 2011" traffic stop),

18   the court previously dismissed these claims from the SAC because plaintiff had not sought

19   leave of court to add claims regarding this incident to the complaint (in contravention of the

20   order in the FAC that no new claims could be asserted without leave of court).  Thus, while

21   it is true that the allegations in the proposed TAC are exactly the same as the allegations in

22   the SAC, it was plaintiff's prerogative to reallege the same facts in the proposed TAC, and

23   that does not provide a basis for denying the motion.

24          As for the Petaluma defendants' other arguments, the court does not agree that

25   leave to amend should be denied on the basis of undue delay, or prejudice.  As for futility, it

26   is not clear at this stage that the claims relating to the February 8, 2010 traffic stop would

27   be futile, and the Petaluma defendants may file a motion to dismiss the claims once a

28   proposed TAC has been accepted for filing by the court.  As for the fact that the court

United States District Court
For the Northern District of California

1    previously granted leave to amend, that factor is not dispositive.

2        The motion for leave to file a TAC is GRANTED, to the extent that amendment will

3    be permitted, but is DENIED to the extent that plaintiff wishes to file the proposed TAC

4    attached to his motion.  Plaintiff must resubmit a proposed TAC, for approval by the court.

5        The re-formatted TAC **shall not** include any allegations regarding (1) the January

6    27, 2010 traffic stop; (2) plaintiff's dispute with Sorinne Ardeleanu; (3) the alleged obtaining

7    and/or withholding of "exculpatory" cell phone records; (4) the fact of, and circumstances

8    relating to, the factual finding of innocence; (5) the claim that the alleged "night-time"

9    execution of the search warrant and search of plaintiff's residence violated Penal Code

10   § 1533; or any other claim (or defendant) that has been dismissed with prejudice.

11       As to the "night-time" search, however, the court will allow plaintiff leave to amend

12   the existing Fourth Amendment claims to allege facts showing that the search violated the

13   Fourth Amendment because of the time of execution of the warrant,[1] although any such

14   amendment shall not be based on an alleged violation of Penal Code § 1533.

15       In addition, as the court has, in its separate order issued October 4, 2012, amended

16   the April 6, 2012 order and dismissed the claims against the County of Sonoma, the

17   proposed TAC **shall not** include any claims against the County, and the amendment of any

18   other claims shall be in accordance with the discussion in the April 6, 2012 order, as

19   amended.

20       Finally, as reflected in plaintiff's "motion to strike" the Sonoma defendants'

21   opposition, and in the Sonoma defendants' "response" to plaintiff's "motion to strike,"

22   plaintiff and counsel for the Sonoma defendants have been engaging in a somewhat

23   vituperative back-and-forth regarding plaintiff's pleading of his causes of action.  If a moving

24   party, such as plaintiff here, wishes to respond to an opposition to his motion, the proper

25   vehicle is a reply to the opposition, not a motion to strike.  Motions to strike are limited to

26   _____

27       [1] For the reasons stated in the July 31, 2012 order denying plaintiff's motions for leave
to file motions for reconsideration as to four orders issued by the court, the allegations in the
28   SAC do not adequately state a Fourth Amendment claim as to the time the warrant was
executed.  See July 31, 2012 Order at 10-12.

requests to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Since an opposition to a motion is not a "pleading," a motion to strike is not an appropriate response, and on that basis, the motion to strike is DENIED.

In addition, the court notes that a motion for leave to amend a complaint should be limited to explaining why leave to amend should be granted, and the opposition to such a motion should be limited to explaining why leave should not be granted. Declarations from counsel or from pro se litigants regarding conversations between them on the subject of amending the complaint are entirely out of place in a motion such as the one presently under consideration.

A revised proposed third amended complaint shall be submitted to the court no later than November 5, 2012. The court will approve the filing of the revised proposed third amended complaint – but only if the amended complaint complies with this order. No additional claims or parties may be added.

Plaintiff's "third motion" for leave to amend the complaint, which was filed prior to resolution of the present "second motion" for leave to amend the complaint, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: October 4, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California