UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN P. CANNON,

    Plaintiff,

    v.

CITY OF PETALUMA, et al.,

    Defendants.

_____/

No. C 11-0651 PJH

**ORDER RE PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Before the court is plaintiff's motion for leave to file a third amended complaint. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion in part, and DENIES it in part, as set forth below.

**BACKGROUND**

Plaintiff Benjamin P. Cannon filed the original complaint in this action on February 11, 2011, and filed a first amended complaint ("FAC") on April 15, 2011, asserting claims of constitutional violations under 42 U.S.C. § 1983, against numerous defendants. Defendants County of Sonoma and other Sonoma County defendants moved to dismiss, as did defendant City of Petaluma and other Petaluma defendants. On September 15, 2011, the court granted the motion, dismissing some defendants and claims with prejudice, and granting leave to amend as to certain claims only.

Specifically, the court dismissed, with prejudice, the claims against Sonoma County District Attorney Passalacqua and Deputy District Attorneys Casey and Waner, based on prosecutorial immunity; the official-capacity claims against Sonoma County Sheriff Cogbill, and Deputy Sheriff's Officers Naugle, Spallino, Haufler, Hanshew, Murphy, and Sparkman, based on Eleventh Amendment immunity; and any claim purporting to allege a due process violation under Brady v. Maryland, 373 U.S. 83 (1963), for failure to release exculpatory evidence. The court also granted the motion to strike allegations regarding factual finding of innocence and regarding State Bar discipline of a former Sonoma County Deputy District Attorney. The remaining claims were dismissed for failure to state a claim, with leave to amend.

Plaintiff filed the second amended complaint ("SAC") on October 12, 2011, and defendants again filed motions to dismiss. On April 6, 2012, the court granted the Petaluma defendants' motion, and granted the Sonoma defendants' motion in part and denied it in part. Specifically, the court denied the motion to dismiss the Fourth Amendment claim relating to the February 11, 2010 arrest and the claim that the search was unlawful because the search warrant was invalid. The court dismissed, with prejudice, the claims against the City of Sonoma and the Sonoma Police Department; the claims against the Petaluma defendants relating to the January 27, 2010 traffic stop, arrest, and search; the individual capacity claims against Sheriff Cogbill and Deputies Spallino and Haufler; all due process and equal protection claims and claims of unlawful taking without just compensation; and the claim that the night-time search of plaintiff's residence violated his constitutional rights in that the search warrant was served after the time allowed under California Penal Code § 1533.

The court granted leave to amend as to certain claims. Specifically, the court granted leave to amend the claims of supervisory liability against Sheriff Cogbill and Deputy Naugle, and the Monell claims against the County of Sonoma. The court also dismissed the claims against the Petaluma defendants relating to the February 8, 2010 traffic stop, with leave to amend to allege facts supporting a Fourth Amendment violation, and a

1  Monell claim and/or supervisory liability claim relating to Fourth Amendment violations only.
2  The court noted that the claim of failure to provide exculpatory evidence and the claims
3  against defendant Sorinne Ardeleanu had previously been dismissed, and that allegations
4  relating to such claims should not appear in any further amended complaint.

5        On May 4, 2012, the Sonoma defendants filed a motion for clarification or for leave
6  to file a motion for reconsideration, arguing that the Monell claims against the County
7  should also have been dismissed with prejudice, in light of the dismissal of the official-
8  capacity claims against the Sheriff and Sheriff's Deputies based on Eleventh Amendment
9  immunity.  On October 4, 2012, concurrently with the filing of this order, the court granted
10 reconsideration, and amended the April 6, 2012 order to dismiss the claims against the
11 County of Sonoma with prejudice.

12       On May 5, 2012, plaintiff filed a motion for leave to file a third amended complaint
13 ("TAC").  The court denied the motion because plaintiff had not attached a copy of the
14 proposed amended complaint.  On May 16, 2012, plaintiff filed a "second motion" for leave
15 to file a TAC.  In the motion, he asserted that he was seeking leave to amend the complaint
16 to add allegations regarding the claims against the Petaluma defendants in connection with
17 the February 8, 2010 traffic stop.  However, the allegations in the proposed TAC differ little
18 from those in the SAC.

19       Both the Sonoma defendants and the Petaluma defendants filed oppositions to the
20 motion for leave to amend.  The basis of both the Sonoma defendants' and the Petaluma
21 defendants' opposition is that the proposed TAC includes claims that were previously
22 dismissed with prejudice.  In addition, the Petaluma defendants contend that the allegations
23 in the proposed TAC regarding the February 8, 2010 traffic stop – as to which the court did
24 give leave to amend – repeat the allegations from the SAC almost verbatim; and that
25 plaintiff has not met the standard for amending complaints under Federal Rule of Civil
26 Procedure 15.

27       On May 29, 2012, plaintiff filed a reply to the Sonoma defendants' opposition to the
28 motion for leave to amend, which he also designated as a "motion to strike" the opposition.

1  Also on May 29, 2012, plaintiff filed a reply to the Petaluma defendants' opposition, and a
2  separate motion for leave to file a motion for reconsideration of the order dismissing the
3  § 1983 claim that service of the search warrant after 10:00 p.m. violated Penal Code
4  § 1533 and therefore provided a basis for a constitutional claim.

5  On June 19, 2012, the Sonoma defendants filed a "response" to plaintiff's "motion to
6  strike." On June 26, 2012, plaintiff filed a "reply" to the Sonoma defendants' "response" to
7  the motion to strike. Also on June 26, 2012, plaintiff filed a "third motion" for leave to file a
8  TAC, explaining that he wanted to correct an error in the "second motion" – specifically, that
9  he had included a previously dismissed claim in the proposed TAC.

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). However, when a district court has already granted a plaintiff leave to amend, its discretion is deciding subsequent motions to amend is "particularly broad." Chodos, 292 F.3d at 1003 (citation omitted). In addition, amendments seeking to add claims are to be granted more freely than amendments adding parties. Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

### B. Plaintiff's Motion

As detailed above, in ruling on the prior motions to dismiss the FAC and the SAC, the court dismissed certain defendants and claims with prejudice, and dismissed other claims with leave to amend. In the proposed TAC, plaintiff has repeated many of the

4

allegations relating to claims that were previously dismissed without leave to amend. In the present motion, plaintiff asserts that he seeks leave to amend to add allegations more fully supporting his claims regarding the February 8, 2010 traffic stop.

Both the Sonoma defendants and the Petaluma defendants oppose the motion on the grounds that the proposed TAC includes allegations relating to claims and defendants that were previously dismissed with prejudice. In addition, the Petaluma defendants assert that the proposed TAC does not add any substantive allegations regarding the February 8, 2010 traffic stop, and argue that leave to amend is not warranted because plaintiff unduly delayed in filing the motion; because the proposed amendment regarding the February 8, 2010 traffic stop adds no new facts that amendment would therefore be futile; because defendants would be unduly prejudiced if leave to amend were granted; and because plaintiff has been given several opportunities to amend and has thus far been unsuccessful in doing so.

The court agrees that the proposed TAC submitted by plaintiff includes numerous allegations relating to claims that have been dismissed with prejudice, and which therefore have no place in a further version of the complaint. As for the allegations regarding the February 8, 2010 traffic stop (which plaintiff refers to as the "February 8, 2011" traffic stop), the court previously dismissed these claims from the SAC because plaintiff had not sought leave of court to add claims regarding this incident to the complaint (in contravention of the order in the FAC that no new claims could be asserted without leave of court). Thus, while it is true that the allegations in the proposed TAC are exactly the same as the allegations in the SAC, it was plaintiff's prerogative to reallege the same facts in the proposed TAC, and that does not provide a basis for denying the motion.

As for the Petaluma defendants' other arguments, the court does not agree that leave to amend should be denied on the basis of undue delay, or prejudice. As for futility, it is not clear at this stage that the claims relating to the February 8, 2010 traffic stop would be futile, and the Petaluma defendants may file a motion to dismiss the claims once a proposed TAC has been accepted for filing by the court. As for the fact that the court

previously granted leave to amend, that factor is not dispositive.

The motion for leave to file a TAC is GRANTED, to the extent that amendment will be permitted, but is DENIED to the extent that plaintiff wishes to file the proposed TAC attached to his motion. Plaintiff must resubmit a proposed TAC, for approval by the court.

The re-formatted TAC **shall not** include any allegations regarding (1) the January 27, 2010 traffic stop; (2) plaintiff's dispute with Sorinne Ardeleanu; (3) the alleged obtaining and/or withholding of "exculpatory" cell phone records; (4) the fact of, and circumstances relating to, the factual finding of innocence; (5) the claim that the alleged "night-time" execution of the search warrant and search of plaintiff's residence violated Penal Code § 1533; or any other claim (or defendant) that has been dismissed with prejudice.

As to the "night-time" search, however, the court will allow plaintiff leave to amend the existing Fourth Amendment claims to allege facts showing that the search violated the Fourth Amendment because of the time of execution of the warrant,[1] although any such amendment shall not be based on an alleged violation of Penal Code § 1533.

In addition, as the court has, in its separate order issued October 4, 2012, amended the April 6, 2012 order and dismissed the claims against the County of Sonoma, the proposed TAC **shall not** include any claims against the County, and the amendment of any other claims shall be in accordance with the discussion in the April 6, 2012 order, as amended.

Finally, as reflected in plaintiff's "motion to strike" the Sonoma defendants' opposition, and in the Sonoma defendants' "response" to plaintiff's "motion to strike," plaintiff and counsel for the Sonoma defendants have been engaging in a somewhat vituperative back-and-forth regarding plaintiff's pleading of his causes of action. If a moving party, such as plaintiff here, wishes to respond to an opposition to his motion, the proper vehicle is a reply to the opposition, not a motion to strike. Motions to strike are limited to

---

[1] For the reasons stated in the July 31, 2012 order denying plaintiff's motions for leave to file motions for reconsideration as to four orders issued by the court, the allegations in the SAC do not adequately state a Fourth Amendment claim as to the time the warrant was executed. See July 31, 2012 Order at 10-12.

requests to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Since an opposition to a motion is not a "pleading," a motion to strike is not an appropriate response, and on that basis, the motion to strike is DENIED.

In addition, the court notes that a motion for leave to amend a complaint should be limited to explaining why leave to amend should be granted, and the opposition to such a motion should be limited to explaining why leave should not be granted. Declarations from counsel or from pro se litigants regarding conversations between them on the subject of amending the complaint are entirely out of place in a motion such as the one presently under consideration.

A revised proposed third amended complaint shall be submitted to the court no later than November 5, 2012. The court will approve the filing of the revised proposed third amended complaint – but only if the amended complaint complies with this order. No additional claims or parties may be added.

Plaintiff's "third motion" for leave to amend the complaint, which was filed prior to resolution of the present "second motion" for leave to amend the complaint, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: October 4, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge