UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN PHILIP CANNON,

    Plaintiff,

    v.

CITY OF PETALUMA, et al.,

    Defendants.

_____/

No. C 11-0651 PJH

**ORDER RE PROPOSED THIRD AMENDED COMPLAINT**

    This case was originally filed on February 11, 2011, and has gone through several rounds of briefing on motions to dismiss.

    On October 4, 2012, the court granted plaintiff's motion for leave to file a third amended complaint ("TAC"), but ordered that plaintiff submit a revised proposed TAC because the version he had submitted with his motion was not acceptable for filing in this case, for a number of reasons. The Order included specific instructions regarding particular claims and/or allegations that would not be permitted.

    On November 7, 2012, plaintiff submitted a revised proposed TAC, asserting five causes of action – (1) a § 1983 claim alleging unlawful search and seizure based on a February 8, 2011 traffic stop, against the City of Petaluma, the Chief of the Petaluma Police Department, and three Petaluma police officers; (2) a § 1983 claim alleging failure to train and supervise, based on a February 8, 2011 traffic stop, against the City of Petaluma and the Chief of the Petaluma Police Department; (3) a § 1983 claim of arrest without probable cause and unreasonable search and seizure, based on the February 11, 2010 arrest and the search of his residence, against Sonoma County Sheriff's Deputies Naugle, Hanshew, Murphy, Sparkman, and Haufler; (4) a § 1983 claim of failure to train and supervise, based

on the February 11, 2010 arrest and search of his residence, against Sonoma County Sheriff Cogbill, and Deputy Naugle; and (5) a state law claim of defamation and false light invasion of privacy, against the Sonoma Sun (against which default was entered on June 29, 2011, and against which plaintiff previously sought a default judgment, but failed to prove up his damages).

The court finds that the revised proposed TAC still does not comply with the court's prior orders, in particular, the October 4, 2012 order, which stated in part that

> [t]he re-formatted TAC shall not include any allegations regarding (1) the January 27, 2010 traffic stop; (2) plaintiff's dispute with Sorinne Ardeleanu; (3) the alleged obtaining and/or withholding of "exculpatory" cell phone records; (4) the fact of, and circumstances relating to, the factual finding of innocence; (5) the claim that the alleged "night-time" execution of the search warrant and search of plaintiff's residence violated Penal Code § 1533; or any other claim (or defendant) that has been dismissed with prejudice.

Order at 6.

The revised proposed TAC violates the October 4, 2012 order in several respects. First, plaintiff still lists Sorinne Ardeleanu as a defendant, notwithstanding that she was dismissed pursuant to Rule 4(m) on August 29, 2011, and also includes numerous factual allegations regarding Ardeleanu in the introductory section. See Proposed TAC at pages 3, 5-7.[1]

While plaintiff does not list Ardeleanu as a defendant in any of the separate causes of action, he does allege in the third cause of action that "Ardeleanu's conduct in communicating and collaborating with the Police Officer [d]efendants in this count is actionable" because "an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights" (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1981)).

Second, plaintiff names Deputies Spallino and Haufler as defendants, see Proposed TAC at pages 2-3, although the claims against them arising from the February 11, 2010

---

[1] The paragraphs in the proposed TAC are not consecutively numbered – they run from ¶ 1 to ¶ 32, then start over on page 6 with ¶ 1 – and thus the court cannot refer to specific paragraphs.

arrest of plaintiff and search of his residence were previously dismissed from the case, with prejudice, and they are not mentioned in any other cause of action. In addition, while there are no factual allegations against Spallino in the Proposed TAC, plaintiff has re-pled the claim that arises from the February 11, 2010 incident, and has alleged that Hauffler was present at the scene. See Proposed TAC at 9.

Third, plaintiff has included extensive factual allegations regarding the alleged "exculpatory" cell phone evidence and also some mention of the "factual finding of innocence" – both of which the court has previously ruled are no longer part of the case and cannot be realleged. See Proposed TAC at 11-13, 19, 21, 22.

In addition, a separate issue involves the claims alleged against the Petaluma defendants in connection with the February 8, 2011 incident. Plaintiff did not assert this claim in the original complaint or in the first amended complaint ("FAC"). In the second amended complaint ("SAC"), which was filed on October 12, 2011, he added a new claim about a stop on February 8, 2011, by the Petaluma Police Department. In the order dismissing the SAC, the court advised that if plaintiff wanted to add this claim he needed to seek leave to amend.

It is not entirely clear to the court whether this incident occurred on February 8, 2010 or on February 8, 2011. The court previously assumed (based on other allegations in the SAC, and also based on references by the parties) that the correct date was February 8, 2010. The court previously advised plaintiff, in the order dismissing the SAC, that he could seek leave to amend to add this claim. However, if in fact the incident occurred in 2011 and not in 2010, then it cannot be considered part of the same transaction and occurrence as the other events alleged – particularly given that the other claims against the Petaluma defendants (involving the January 27, 2010 traffic stop) have been dismissed with prejudice.

"Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any

3

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Accordingly, plaintiff must clarify whether the incident occurred in 2010 or 2011. If it occurred in 2011, plaintiff may not include any claim related to such incident in the second revised proposed TAC because any such claim would be improperly joined.

No later than February 8, 2013, plaintiff shall submit a second revised proposed TAC for review by the court. All paragraphs in the second revised proposed TAC shall be consecutively numbered, and all allegations and claims shall comport with the October 4, 2012 Order. In addition, if plaintiff alleges a claim or claims based on the February 8 traffic stop by the Petaluma defendants, he must clarify that this incident occurred in 2010.

**IT IS SO ORDERED.**

Dated: January 7, 2013

PHYLLIS J. HAMILTON
United States District Judge