1
2
3              UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5
6
7    BENJAMIN PHILIP CANNON,

8              Plaintiff,                    No. C 11-0651 PJH

9         v.                                **ORDER RE PROPOSED THIRD
                                            AMENDED COMPLAINT**
10   CITY OF PETALUMA, et al.,

11            Defendants.
     _____/
12

13        This case was originally filed on February 11, 2011, and has gone through several

14   rounds of briefing on motions to dismiss.

15        On October 4, 2012, the court granted plaintiff's motion for leave to file a third

16   amended complaint ("TAC"), but ordered that plaintiff submit a revised proposed TAC

17   because the version he had submitted with his motion was not acceptable for filing in this

18   case, for a number of reasons.  The Order included specific instructions regarding

19   particular claims and/or allegations that would not be permitted.

20        On November 7, 2012, plaintiff submitted a revised proposed TAC, asserting five

21   causes of action – (1) a § 1983 claim alleging unlawful search and seizure based on a

22   February 8, 2011 traffic stop, against the City of Petaluma, the Chief of the Petaluma Police

23   Department, and three Petaluma police officers; (2) a § 1983 claim alleging failure to train

24   and supervise, based on a February 8, 2011 traffic stop, against the City of Petaluma and

25   the Chief of the Petaluma Police Department; (3) a § 1983 claim of arrest without probable

26   cause and unreasonable search and seizure, based on the February 11, 2010 arrest and

27   the search of his residence, against Sonoma County Sheriff's Deputies Naugle, Hanshew,

28   Murphy, Sparkman, and Haufler; (4) a § 1983 claim of failure to train and supervise, based

United States District Court

For the Northern District of California

1   on the February 11, 2010 arrest and search of his residence, against Sonoma County

2   Sheriff Cogbill, and Deputy Naugle; and (5) a state law claim of defamation and false light

3   invasion of privacy, against the Sonoma Sun (against which default was entered on June

4   29, 2011, and against which plaintiff previously sought a default judgment, but failed to

5   prove up his damages).

6        The court finds that the revised proposed TAC still does not comply with the court's

7   prior orders, in particular, the October 4, 2012 order, which stated in part that

8        [t]he re-formatted TAC shall not include any allegations regarding (1) the
    January 27, 2010 traffic stop; (2) plaintiff's dispute with Sorinne Ardeleanu; (3)

9        the alleged obtaining and/or withholding of "exculpatory" cell phone records;
    (4) the fact of, and circumstances relating to, the factual finding of innocence;

10       (5) the claim that the alleged "night-time" execution of the search warrant and
    search of plaintiff's residence violated Penal Code § 1533; or any other claim

11       (or defendant) that has been dismissed with prejudice.

12  Order at 6.

13       The revised proposed TAC violates the October 4, 2012 order in several respects.

14  First, plaintiff still lists Sorinne Ardeleanu as a defendant, notwithstanding that she was

15  dismissed pursuant to Rule 4(m) on August 29, 2011, and also includes numerous factual

16  allegations regarding Ardeleanu in the introductory section. See Proposed TAC at pages 3,

17  5-7.[1]

18       While plaintiff does not list Ardeleanu as a defendant in any of the separate causes

19  of action, he does allege in the third cause of action that "Ardeleanu's conduct in

20  communicating and collaborating with the Police Officer [d]efendants in this count is

21  actionable" because "an otherwise private person acts 'under color of' state law when

22  engaged in a conspiracy with state officials to deprive another of federal rights" (citing

23  Dennis v. Sparks, 449 U.S. 24, 27-28 (1981)).

24       Second, plaintiff names Deputies Spallino and Haufler as defendants, see Proposed

25  TAC at pages 2-3, although the claims against them arising from the February 11, 2010

26

27       [1] The paragraphs in the proposed TAC are not consecutively numbered – they run from

28  ¶ 1 to ¶ 32, then start over on page 6 with ¶ 1 – and thus the court cannot refer to specific
    paragraphs.

United States District Court

For the Northern District of California

1  arrest of plaintiff and search of his residence were previously dismissed from the case, with

2  prejudice, and they are not mentioned in any other cause of action.  In addition, while there

3  are no factual allegations against Spallino in the Proposed TAC, plaintiff has re-pled the

4  claim that arises from the February 11, 2010 incident, and has alleged that Hauffler was

5  present at the scene.  See Proposed TAC at 9.

6  Third, plaintiff has included extensive factual allegations regarding the alleged

7  "exculpatory" cell phone evidence and also some mention of the "factual finding of

8  innocence" – both of which the court has previously ruled are no longer part of the case

9  and cannot be realleged.  See Proposed TAC at 11-13, 19, 21, 22.

10  In addition, a separate issue involves the claims alleged against the Petaluma

11  defendants in connection with the February 8, 2011 incident.  Plaintiff did not assert this

12  claim in the original complaint or in the first amended complaint ("FAC").  In the second

13  amended complaint ("SAC"), which was filed on October 12, 2011, he added a new claim

14  about a stop on February 8, 2011, by the Petaluma Police Department.  In the order

15  dismissing the SAC, the court advised that if plaintiff wanted to add this claim he needed to

16  seek leave to amend.

17  It is not entirely clear to the court whether this incident occurred on February 8, 2010

18  or on February 8, 2011.  The court previously assumed (based on other allegations in the

19  SAC, and also based on references by the parties) that the correct date was February 8,

20  2010.  The court previously advised plaintiff, in the order dismissing the SAC, that he could

21  seek leave to amend to add this claim.  However, if in fact the incident occurred in 2011

22  and not in 2010, then it cannot be considered part of the same transaction and occurrence

23  as the other events alleged – particularly given that the other claims against the Petaluma

24  defendants (involving the January 27, 2010 traffic stop) have been dismissed with

25  prejudice.

26  "Persons . . . may be joined in one action as defendants if . . . any right to relief is

27  asserted against them jointly, severally, or in the alternative with respect to or arising out of

28  the same transaction, occurrence, or series of transactions or occurrences" and "any

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Accordingly, plaintiff must clarify whether the incident occurred in 2010 or 2011. If it occurred in 2011, plaintiff may not include any claim related to such incident in the second revised proposed TAC because any such claim would be improperly joined.

No later than February 8, 2013, plaintiff shall submit a second revised proposed TAC for review by the court.  All paragraphs in the second revised proposed TAC shall be consecutively numbered, and all allegations and claims shall comport with the October 4, 2012 Order.  In addition, if plaintiff alleges a claim or claims based on the February 8 traffic stop by the Petaluma defendants, he must clarify that this incident occurred in 2010.

**IT IS SO ORDERED.**

Dated:  January 7, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California